**KAPLAN HECKER & FINK LLP**

**MEMO ENDORSED**

350 Fifth Avenue
Suite 7110
New York, NY 10118
(212) 763-0883
www.kaplanhecker.com

**Direct Dial: (212) 763-0884**
**Direct Email: rkaplan@kaplanhecker.com**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/15/2019

May 15, 2019

**VIA ECF**

The Honorable Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Feibleman* v. *The Trustees of Columbia University in the City of New York*,
          No. 1:19-cv-04327 (VEC) (S.D.N.Y.)

Dear Judge Caproni:

      We represent Defendant The Trustees of Columbia University in the City of New York ("Columbia") in the above-captioned matter. I write to request that the letter filed today by Plaintiff in the above-captioned action ("Letter," ECF 7), which once again includes the name of the sexual-assault victim involved in this matter, be sealed.

      Yesterday, Your Honor issued an Order "temporarily deactivat[ing] the hyperlink to the Complaint" in the above-captioned action "pending the Court's resolution of what, if any, redactions, are appropriate to make to the Complaint." (ECF 6 at 1.) This was in response to Columbia's request that it be permitted to file a motion "to redact the Complaint on the ground that the Complaint contains the name of the alleged sexual-assault victim, photographs, and other personal information." *Id.* The Order further states that "[i]f Plaintiff objects to the hyperlink to the Complaint remaining deactivated pending the resolution of Defendant's motion, Plaintiff may submit a letter on ECF explaining the basis for his objection." *Id.* at 2.

      Plaintiff has now electronically filed such a letter (ECF 7), but in doing so, has defeated the Court's Order by once again including the name of the sexual-assault victim. Plaintiff's somewhat inexplicable justification for this is that the Court did not explicitly say in its Order that any such letter had to be filed under seal or with the victim's name redacted. *See* attached Exhibit A.

      Accordingly, as directed by Your Honor's chambers, Columbia is submitting this letter to request that the Letter be immediately sealed. We have spoken with the sexual-assault victim's newly-retained counsel, who has informed us that the victim joins in this request.

KAPLAN HECKER & FINK LLP

We thank you in advance for your attention to this matter and apologize again for contacting the Court again on an emergency basis.

Respectfully submitted,

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan

cc: Counsel of Record
Iliana Konidaris, Esq.

---

The name of the alleged sexual-assault victim in this case shall be redacted from all public filings pending the Court's resolution of Defendant's forthcoming motion for redactions.

The Clerk of Court is directed to DEACTIVATE the hyperlink at Dkt. 7 (but the Clerk shall not remove the docket entry).  No later than **May 17, 2019**, Plaintiff must refile his letter with the alleged victim's name redacted.

Additionally, no later than **May 17, 2019**, Defendant must submit a letter, of no more than three pages, explaining whether and why the Complaint should remain sealed pending resolution of the motion for redactions.  The parties are strongly urged to reach agreement on a redacted Complaint that may be filed -- at least as a temporary measure -- while the Court adjudicates Defendant's motion for redactions.  Both parties are also expected to work together more collegially and cooperatively in the future.

All further communications with the Court must be made by ECF absent extraordinary circumstances.  As stated in the Court's May 14, 2019 order, the deactivation of the Complaint's hyperlink is, at this time, a temporary measure; the Court has made no determination of the merits *vel non* of Defendant's motion for redactions (or of this case in general).

SO ORDERED.

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE
5/15/2019