

WARSHAW BURSTEIN, LLP
555 Fifth Avenue
New York, NY 10017
Tel: 212-984-7700
www.wbny.com

KIMBERLY C. LAU, ESQ.
PARTNER
ATTORNEY DIRECT DIAL: 212-984-7709
EMAIL: klau@wbny.com

May 15, 2019

**VIA ECF**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Feibleman v. The Trustees of Columbia University*, 19-CV-4327 (VEC)

Dear Judge Caproni:

We represent Plaintiff Ben Feibleman in the referenced matter and write in response to Your Honor's Order dated May 14, 2019. Plaintiff objects to the Court's deactivation of the hyperlink to the Complaint pending the resolution of Columbia's yet-to-be-filed Motion to Redact the Complaint. There is no basis for limiting public access to the Complaint. At the moment, the restriction of the Complaint is based solely upon opposing counsel's unsupported, *ex parte* communications with Your Honor's law clerk.

Roberta Kaplan, counsel for Columbia who has notably not yet appeared in this action, failed to make a meaningful attempt to contact my office before discussing this matter with the Court *ex parte*. Ms. Kaplan called me on May 14, 2019 at 4:26 P.M. and left a voicemail advising that she would be calling Your Honor's chambers at 4:35 P.M. regarding her objections to the Complaint. Unfortunately, I was engaged on a call for another matter when Ms. Kaplan called. Ms. Kaplan made no effort to contact James Figliozzi, an associate at my office who is also counsel of record for Plaintiff, to discuss her objections before contacting chambers. When I attempted to call Ms. Kaplan back at 5:07 P.M. after my other call ended, I was informed that Ms. Kaplan was "unavailable." Presumably she was still engaged in an *ex parte* discussion with Your Honor's law clerk. At 5:22 P.M., I sent Ms. Kaplan an email detailing the actions of the previous hour and reminding her that it was improper for her to engage in an *ex parte* communication with the Court considering her lack of appearance, her knowledge of my firm's representation of Plaintiff, and my absence from the communication. Ms. Kaplan then called me to discuss her concerns regarding the Complaint and provided an oral recounting of her conversation with Your Honor's law clerk. Ms. Kaplan indicated that she was directed to memorialize the *ex parte* communication in writing. Thus far, she has failed to follow this directive.

# Warshaw Burstein, LLP

Columbia's objection to the identification of ███████████ and other former Columbia students in the Complaint is based upon the confidentiality provision of Columbia's Gender-Based Misconduct Policy, Section 6448 of the New York Education Law, Ms. ███████'s alleged status as a victim of sexual assault, case law involving the use of pseudonyms by parties to an action, and Ms. █████████'s alleged privacy rights. None of these are sufficient reasons to restrict public access to the Complaint in this case.

As noted in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016), complaints "are judicial records subject to a presumption of public access." *Bernstein*, 814 F.3d at 140. Moreover, "[p]ublic access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern." *Id.* at 141. "[P]ublic access to the complaint and other pleadings has a significant positive role in the functioning of the judicial process." *Id.* (internal quotations and citations omitted). Further, "[c]omplaints have historically been publicly accessible by default, *even when they contain arguably sensitive information.*" *Id.* (emphasis added).

Plaintiff is no longer a student at Columbia and is therefore no longer subject to Columbia's policies. Ms. █████████ and the other individuals identified by name in the Complaint are similarly no longer students at Columbia. Moreover, Columbia's policies do not control this Court's determination regarding the restriction of public access to the Complaint. Put simply, Columbia's policies are irrelevant.

Section 6448 of the New York Education Law only provides a presumption of confidentiality in a "proceeding brought against an institution which seeks to vacate or modify a finding that a student was responsible for" sexual misconduct. N.Y. Educ. Law § 6448. Plaintiff does not seek to vacate or modify Columbia's findings. As a result, the student names and biographical information contained in the Complaint are not presumptively confidential. *See Id.*

It has not been established that Ms. █████████ is a victim of sexual assault. The Complaint clearly alleges that Ms. █████████ had the capacity to give consent and did indeed give consent at all times during her encounters with Plaintiff. Photographic, video, and audio evidence supports these allegations. Certain photographic evidence is included in the Complaint, as are portions of the transcript of the audio evidence. Moreover, the Complaint alleges that Ms. █████████ sexually assaulted Plaintiff, who has decided to pursue this action without the benefit of a pseudonym. If the Court continues to restrict access to the Complaint based on Ms. Kaplan's *ex parte* communication and unsupported assertions, it will effectively destroy the required presumption of truth granted to the factual allegations contained in the Complaint.

Ms. ███████ is not a party to this action. As a result, any case law regarding the use of pseudonyms by parties is inapposite. Furthermore, Ms. █████████ is not a student at Columbia, nor is she represented by Columbia's counsel. Regardless, Ms. █████████'s words and actions

show that Columbia's claim that restricting access to the Complaint is necessary to protect her privacy rights is misguided.

Just moments after Columbia found Plaintiff "responsible," Ms. ███████ announced the outcome to her friends, publicly posted about her "victory" on social media, and invited people out drinking to celebrate. She clearly has no reservations about discussing this matter publicly.

Additionally as long as Ms. ███████'s identity and the facts related to her sexual misconduct remain out of the public view, she will use her anonymity to harm Plaintiff. As noted in the Complaint, Ms. ███████ indicated in January 2019 that she "has eyes on [Plaintiff]'s social media," and that, "as soon as she sees [Plaintiff] working somewhere" she's going to "put all this out in front of people." One of Ms. ███████'s friends informed Plaintiff, "Whatever you're doing, she plans on bringing this up in your life," adding that ███ said that she is "waiting to pounce." Thus, as long as the Complaint remains restricted from public view, Ms. ███████ will use her anonymity as a sword rather than a shield. We urge the Court not to permit such a state of events.

For the reasons stated above, Plaintiff respectfully requests that the Court re-activate the hyperlink to the Complaint pending the outcome of Columbia's yet-to-be-filed Motion to Redact the Complaint.

Respectfully submitted,

Kimberly C. Lau

cc: Roberta A. Kaplan (*via* email)