**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BEN FEIBLEMAN,

                *Plaintiff*,

v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,

                *Defendant*.

No. 1:19-cv-4327 (VEC) (KHP)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT
THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK TO
REDACT THE COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 3

ARGUMENT .............................................................................................................................. 5

I. THE APPLICABLE STANDARD ................................................................................ 5

II. THE IDENTITIES OF THE COLUMBIA STUDENTS SHOULD BE
PROTECTED. ................................................................................................................ 8

    A. This Litigation Involves Highly Sensitive Matters of a Personal Nature. ............... 8

    B. The Public Interest Strongly Favors Maintaining the Columbia Students'
Anonymity. ................................................................................................................ 9

    C. There Is a Risk of Harm to the Columbia Students. ............................................. 13

    D. Plaintiff Will Suffer No Prejudice. ........................................................................ 14

    E. The Remaining Applicable *Sealed Plaintiff* Factors Support
Anonymization. ...................................................................................................... 14

CONCLUSION ........................................................................................................................ 15

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*B.B.* v. *The New School*,
    No. 1:17-cv-8347 (S.D.N.Y.) ........................................................................................... 3, 8

*Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*,
    No. 1:14-cv-6867, 2016 WL 1071107 (S.D.N.Y. Mar. 18, 2016),
    *aff'd* 814 F.3d 132 (2d Cir. 2016) ......................................................................................... 7

*Chevron Corp.* v. *Donziger*,
    No. 1:11-cv-691, 2013 WL 646399 (S.D.N.Y. Feb. 21, 2013) ........................................... 5–6

*Doe No. 2* v. *Kolko*,
    242 F.R.D. 193 (E.D.N.Y. 2006) ................................................................................ 8, 10, 14

*Doe* v. *Alger*,
    317 F.R.D. 37 (W.D. Va. 2016) ........................................................................................... 12

*Doe* v. *Blackburn Coll.*,
    No. 3:06-cv-3205 (C.D. Ill.) .................................................................................................. 3

*Doe* v. *Blue Cross & Blue Shield United of Wis.*,
    112 F.3d 869 (7th Cir. 1997) ................................................................................................. 6

*Doe* v. *Colgate Univ.*,
    No. 5:15-cv-1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) ............................... 2–3, 8, 13

*Doe* v. *Columbia Univ.*,
    No. 1:14-cv-3573 (S.D.N.Y.), Order (June 9, 2014) (ECF 3) ........................................... 3, 8

*Doe* v. *Cummins*,
    No. 1:15-cv-681 (S.D. Ohio), Order (Dec. 22, 2015) (ECF 13) ........................................... 3

*Doe* v. *Evans*,
    202 F.R.D. 173 (E.D. Pa. 2001) .......................................................................................... 10

*Doe* v. *Meisels*,
    No. 1:14-cv-5725 (E.D.N.Y.), Order (Nov. 6, 2014) (ECF 5) ........................................... 3, 8

*Doe* v. *Rutgers*,
    No. 2:18-cv-12952, 2019 WL 1967021 (D.N.J. Apr. 30, 2019) ......................................... 10

*Doe* v. *The Rector & Visitors of George Mason Univ.*,
179 F. Supp. 3d 583 (E.D. Va. 2016) ..................................................................................12

*Doe* v. *Trustees of Dartmouth Coll.*,
No. 1:18-cv-040, 2018 WL 2048385 (D.N.H. May 2, 2018) ..................................................9

*Doe* v. *Univ. of Conn.*,
No. 3:09-cv-1071, 2013 WL 4504299 (D. Conn. Aug. 22, 2013)...........................................8

*Doe* v. *Univ. of Mass.-Amherst*,
No. 3:14-cv-30143 (D. Mass.)................................................................................................3

*Doe* v. *Univ. of Miss.*,
No. 3:18-cv-138, 2018 WL 1703013 (S.D. Miss. Apr. 6, 2018)............................................9

*Doe* v. *Univ. of the S.*,
687 F. Supp. 2d 744 (E.D. Tenn. 2009).................................................................................3

*Doe* v. *Weill Cornell Med. Coll. of Cornell Univ.*,
No. 1:16-cv-3531 (S.D.N.Y.), Order (May 12, 2016) (ECF 12) .......................................3, 8

*EW* v. *N.Y. Blood Ctr.*,
213 F.R.D. 108 (E.D.N.Y. 2003)..........................................................................................14

*Ferguson* v. *Ferrante*,
No. 1:13-cv-4468, 2015 WL 3404140 (S.D.N.Y. May 27, 2015).....................................6, 7

*Gumbel* v. *Pitkin*,
124 U.S. 131 (1888)................................................................................................................5

*Heineke* v. *Santa Clara Univ.*,
No. 5:17-cv-05285, 2017 WL 6026248 (N.D. Cal. Dec. 5, 2017) ......................................10

*Int'l Prod. Corp.* v. *Koons*,
325 F.2d 403 (2d Cir. 1963) ..................................................................................................5

*Kavanagh* v. *Zwilling*,
997 F. Supp. 2d 241 (S.D.N.Y. 2014), *aff'd* 578 F. App'x 24 (2d Cir. 2014).....................6, 8

*Lugosch* v. *Pyramid Co. of Onondaga*,
435 F.3d 110 (2d Cir. 2006) ..................................................................................................6

*Painter* v. *Doe*,
No. 3:15-cv-369, 2016 WL 3766466 (W.D.N.C. July 13, 2016) ..........................................8

*Roe v. St. Louis Univ.*,
  746 F.3d 874 (8th Cir. 2014) ................................................................................................3

*Sealed Plaintiff v. Sealed Defendant*,
  537 F.3d 185 (2d Cir. 2008) ........................................................................... 7, 9–10, 14, 15

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995) ....................................................................................................6

*United States v. Erie Cty., N.Y.*,
  763 F.3d 235 (2d Cir. 2014) ....................................................................................................6

*United States v. Silver*,
  No. 1:15-cr-93, 2016 WL 1572993 (S.D.N.Y. Apr. 14, 2016) ................................................6

**Statutes & Rules**

20 U.S.C. § 1232 .......................................................................................................................... 11

Fed. R. Civ. P. 5.2 ................................................................................................................1, 5, 15

N.Y. C.P.L.R. § 3016 ................................................................................................................... 11

N.Y. Civ. Rights L. § 50-b ........................................................................................................... 10

N.Y. Educ. L. § 6448 ................................................................................................................... 11

**Other Authorities**

Andrew Denney, *Expelled Columbia Journalism Student Accused of Rape Is Victim Of 'Anti-Male' Bias: Lawsuit*, THE NEW YORK POST (May 14, 2019), https://nypost.com/2019/05/14/expelled-columbia-journalism-student-accused-of-rape-is-victim-of-anti-male-bias-lawsuit/ ..................................................................................................5

Beverly Engel, *Why Don't Victims of Sexual Harassment Come Forward Sooner*, PSYCHOLOGY TODAY (Nov. 16 2017), https://www.psychologytoday.com/us/blog/the-compassion-chronicles/201711/why-dont-victims-sexual-harassment-come-forward-sooner ......................................................................................................................... 12

Nat'l Inst. of Justice, *U.S. Dep't of Justice, Reporting of Sexual Violence Incidents*, https://www.nij.gov/topics/crime/rape-sexual-violence/Pages/rape-notification.aspx (last modified Oct. 26, 2010) ......................................................................................................... 12

Defendant The Trustees of Columbia University in the City of New York ("Columbia" or the "University") respectfully submits this memorandum of law in support of its motion (the "Motion") for an order pursuant to Rule 5.2 of the Federal Rules of Civil Procedure sealing the Complaint (ECF 1)[1] and permitting the Redacted Complaint (ECF 23)[2] to remain on the docket.

**PRELIMINARY STATEMENT**

Plaintiff's 98-page Complaint describes in excruciating detail his version of the sexual misconduct that Columbia found he engaged in with a fellow Columbia student—an incident that led Columbia to find Plaintiff responsible for violating Columbia's Gender-Based Misconduct Policy. In total disregard of the well-accepted norm that alleged victims of sexual assault should not be exposed unnecessarily to publicity, Plaintiff filed his Complaint with the name of the female student (referred to herein as "Jane Doe") repeated over 700 times and with 51 photographs of her appearing in the Complaint. The Complaint also includes the names and photographs of 11 other Columbia students, almost all of whom participated as witnesses in the University's Title IX process concerning Jane Doe's allegations against Plaintiff. Neither Jane Doe nor any of these other students is a party to this litigation.

Plaintiff, a journalist himself, has packed his Complaint full of salacious allegations on a topic of intense public debate. He alleges that Jane Doe "begged" Plaintiff for sex and that, when he refused her, she chose to fabricate accusations of sexual assault against him and to pursue those allegations through Columbia's Title IX process. (¶¶ 3, 367, 388–89.) Given the allegations, it is inevitable that the case will attract media attention. But Plaintiff does not need to expose Jane Doe and the other students named in the Complaint to such scrutiny to effectively litigate his case

---

[1] References to "¶ __" are to paragraphs of the Complaint (ECF 1).

[2] In light of Plaintiff's explanation as to its purpose (*see* ECF 22), Columbia does not object to the color-coding of the redactions in the Redacted Complaint.

against Columbia. Indeed, as detailed in the declarations attached to the declaration of Jane Doe's attorney, during the Title IX proceeding at Columbia, Plaintiff's prior attorney "warned [Jane] Doe that her name would be 'dragged through the mud' . . . if she did not drop her Title IX complaint" against Plaintiff. (*See* Ex. A[3] at Ex. 2 (Decl. of Alexi Meyers, May 23, 2019), ¶ 2, and Ex. 3.)

Columbia is therefore seeking to have the names, photographs, and other identifying information of Jane Doe and the other students redacted from the Complaint that remains publicly available on the Court's docket (ECF 23, the "Redacted Complaint").[4] Columbia seeks to maintain the confidentiality of these students' identities for a simple reason: to avoid deterring other complainants of, or respondents and witnesses to, gender-based misconduct on Columbia's campus from reporting or participating in the investigation of any such alleged misconduct. Critically, Columbia does not seek to prevent Plaintiff from telling his story, from criticizing Columbia, or even from naming Columbia faculty members or employees connected to the University's journalism school or its Title IX program who are discussed in Plaintiff's Complaint. Rather, Columbia seeks to secure the confidentiality that its policies and procedures currently provide to all Columbia students.

Courts "across the country" have widely recognized the public interest in protecting confidentiality in cases such as this one involving gender-based misconduct by routinely allowing parties—and third parties such as Jane Doe and the other Columbia students—to be referred to by pseudonym. *Doe v. Colgate Univ.*, No. 5:15-cv-1069, 2016 WL 1448829 at *3 (N.D.N.Y. Apr.

---

[3] References to "Ex. A" and "Ex. B" are to the exhibits to the Declaration of Gabrielle E. Tenzer in Support of the Motion of Defendant The Trustees of Columbia University in the City of New York to Redact the Complaint, dated May 24, 2019.

[4] Columbia does not seek to redact the names of the Columbia students who filed lawsuits against Columbia using their own names, such as *Roskin-Frazee v. Columbia University*, No. 1:17-cv-2032 (S.D.N.Y.), or *Nungesser v. Columbia University*, No. 1:15-cv-3216 (S.D.N.Y.).

2

12, 2016); *see also, e.g., B.B.* v. *The New School*, No. 1:17-cv-8347 (S.D.N.Y.); *Doe* v. *Weill Cornell Med. Coll. of Cornell Univ.*, No. 1:16-cv-3531 (S.D.N.Y.), Order (May 12, 2016) (ECF 12); *Doe* v. *Meisels*, 1:14-cv-5725 (E.D.N.Y.), Order (Nov. 6, 2014) (ECF 5); *Doe* v. *Columbia Univ.*, No. 1:14-cv-3573 (S.D.N.Y.), Order (June 9, 2014) (ECF 3).[5]

This public interest is also reflected in New York law, which includes provisions to maintain the anonymity in court proceedings of "any victim of a sex offense" as well as students involved in the reporting and investigation of gender-based misconduct on university campuses. Consistent with these principles, Columbia's proposed redactions are necessary to prevent exposing Jane Doe and the other students to unwanted media attention and retaliation. Moreover, the proposed redactions will cause no prejudice to Plaintiff.

For these reasons, as more fully set forth below, Columbia's Motion should be granted.

## FACTUAL BACKGROUND

On May 13, 2019, Plaintiff, a former student of Columbia's Graduate School of Journalism, filed the Complaint. (ECF 1.) In his Complaint, Plaintiff alleges claims under Title IX and state law arising from Plaintiff's expulsion from Columbia after he was found responsible for sexually assaulting a fellow student, Jane Doe. (¶¶ 2–3.) On its very first page, the Complaint includes Jane Doe's full name. (¶ 4.) And Plaintiff proceeds to repeat Jane Doe's name no fewer than 708 times throughout the 98 pages and 965 paragraphs of the Complaint. The Complaint also includes the full names of 11 other former Columbia students (*see, e.g.*, ¶¶ 49, 242, 466, 473), almost all of whom participated as witnesses in Columbia's gender-based misconduct proceedings concerning

---

[5] *See also, e.g., Roe* v. *St. Louis Univ.*, 746 F.3d 874 (8th Cir. 2014); *Doe* v. *Cummins*, No. 1:15-cv-681 (S.D. Ohio), Order (Dec. 22, 2015) (ECF 13); *Doe* v. *Univ. of Mass.-Amherst*, No. 3:14-cv-30143 (D. Mass.); *Doe* v. *Univ. of the S.*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe* v. *Blackburn Coll.*, No. 3:06-cv-3205 (C.D. Ill.).

3

Plaintiff,[6] as well as numerous photographs clearly showing the likenesses of Jane Doe and several of the other Columbia student witnesses (*see, e.g.*, ¶¶ 66, 68, 176, 184, 244). Additionally, the Complaint includes the full names of 18 Columbia faculty members and other employees, among several other individuals who are named in the Complaint. (As noted above, Columbia is not seeking redaction of those individuals' names.)

At the heart of the Complaint is Plaintiff's excruciatingly detailed recitation of his version of the alleged sexual encounter with Jane Doe, including explicit allegations about their physical contact and conversations. (*See, e.g.*, ¶¶ 270–87, 307–22.) The Complaint also contains voluminous allegations concerning the other Columbia students who witnessed the interactions between Plaintiff and Jane Doe in the several hours leading up to the incident, including allegations concerning Jane Doe's roommate at the time, who was in the apartment during the alleged incident between Plaintiff and Jane Doe. (*See, e.g.*, ¶¶ 80–268.)

On May 14, 2019, the day after the Complaint was filed, Columbia received a copy of the Complaint from a reporter at *The New York Post* in connection with a press inquiry. Recognizing immediately that the Complaint contained the names and other identifying information of Jane Doe and numerous other Columbia students, and after attempting to reach Plaintiff's counsel, Columbia's counsel contacted the Court to request that the Complaint be removed from the public docket while Columbia moved the Court to have the Complaint redacted. (*See* ECF 6.) That same day, the Court "deactivated the hyperlink to the Complaint on ECF, pending the Court's resolution of what, if any, redactions are appropriate" and set forth a briefing schedule for the present Motion. (*Id.*)

On May 15, 2019, following the Court's Order temporarily sealing the Complaint (ECF 6),

---

[6] Of the 11 students named in the Complaint, eight participated in the University's gender-based misconduct proceedings.

4

Plaintiff filed a letter using Jane Doe's full name (*see* ECF 7). The Court ordered that the "name of the alleged sexual-assault victim in this case" be redacted from all public filings pending the Court's resolution of this Motion, and directed the parties to try to agree on an interim redacted Complaint. (ECF 13.) The parties then agreed on an interim redacted Complaint that would not include the names or identifying information of the Columbia students (*see* ECF 17), which the Court ordered to be filed (ECF 22, 23). It remains Plaintiff's position, however, that any redactions to the Complaint, including those in the Redacted Complaint, are "unnecessary and inappropriate" going forward.

Significantly, even before any request for redaction had been made to the Court, a reporter for *The Chronicle of Higher Education* declined to share a link to the Complaint because it included Jane Doe's name and photograph. (*See* Ex. B.) And the reporter for *The New York Post* ultimately published a story covering the lawsuit, but omitting any mention of the names of Jane Doe or any of the other students.[7]

## ARGUMENT

### I. THE APPLICABLE STANDARD

Federal Rule of Civil Procedure 5.2(d) provides that a "court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Pursuant to this rule, district courts have the discretion to order records sealed or material redacted in accordance with the court's "inherent 'equitable powers . . . over their own process, to prevent abuses, oppression and injustices.'" *Int'l Prod. Corp.* v. *Koons*, 325 F.2d 403, 407–08 (2d Cir. 1963) (quoting *Gumbel* v. *Pitkin*, 124 U.S. 131, 144 (1888)); *see also Chevron Corp.* v. *Donziger*, No. 1:11-cv-691, 2013

---

[7] *See* Andrew Denney, *Expelled Columbia Journalism Student Accused of Rape Is Victim Of 'Anti-Male' Bias: Lawsuit*, THE NEW YORK POST (May 14, 2019), https://nypost.com/2019/05/14/expelled-columbia-journalism-student-accused-of-rape-is-victim-of-anti-male-bias-lawsuit/.

5

WL 646399, at *4 (S.D.N.Y. Feb. 21, 2013).

Of course, any such sealing and redaction is only available against the backdrop of the presumption of open access to judicial records, which is grounded in fundamental First Amendment values, *see United States* v. *Erie Cty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014)—values that Columbia shares. But the presumption of open access is not absolute—it may yield when a court finds "that higher values necessitate a narrowly tailored sealing." *Id.* at 243 (quoting *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)); *see also United States* v. *Silver*, No. 1:15-cr-93, 2016 WL 1572993, at *3 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) (same). In such instances, "[t]he Court's task is to balance competing considerations—including but not limited to . . . the privacy interests of those resisting disclosure—against the presumption in favor of public access." *Kavanagh* v. *Zwilling*, 997 F. Supp. 2d 241, 256 (S.D.N.Y. 2014) (citations and internal quotation marks omitted), *aff'd*, 578 F. App'x 24 (2d Cir. 2014). When some sealing is appropriate, the court will consider whether "partial redaction of the private material is 'a viable remedy.'" *Ferguson* v. *Ferrante*, No. 1:13-cv-4468, 2015 WL 3404140, at *1 (S.D.N.Y. May 27, 2015) (Caproni, J.) (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1053 (2d Cir. 1995)). It has long been the general practice of the federal courts that "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe* v. *Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.).

Here, Columbia is asking the Court to permit the redaction (or pseudonymization) of the names and other identifying information of students who were involved in disciplinary proceedings regarding allegations of sexual assault. In exercising the discretion to allow a party— or, as is the case here, a third party—to be referred to by a pseudonym, courts in this Circuit

"balance [the] interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice" to the other party. *Sealed Plaintiff* v. *Sealed Defendant*, 537 F.3d 185, 186 (2d Cir. 2008). Thus, in deciding the Motion, this Court should consider the following ten factors:

> (1) "whether the litigation involves matters that are highly sensitive and [of a] personal nature";
>
> (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties";
>
> (3) "whether identification presents other harms and the likely severity of those harms";
>
> (4) "whether [a party or non-party] is particularly vulnerable to the possible harms of disclosure";
>
> (5) "whether the [law]suit is challeng[ing] the actions of the government or that of private parties";
>
> (6) whether there would be any prejudice to a party by proceeding with the case anonymously;
>
> (7) whether the parties' identities have been kept confidential;
>
> (8) "whether the public's interest in the litigation is furthered by requiring" the identification of the parties or non-parties;
>
> (9) "whether . . . there is an atypically weak public interest in knowing the litigants' identities"; and
>
> (10) "whether there are any alternative mechanisms for protecting the confidentiality of the [parties or non-parties]."

*Sealed Plaintiff*, 537 F.3d at 190 (citations and internal quotation marks omitted).[8] As set forth below, consideration of each of the relevant factors weighs strongly in favor of granting the Motion here.

---

[8] While the *Sealed Plaintiff* factors are usually applied in deciding whether parties can litigate under a pseudonym, the factors are equally relevant to evaluating the "higher values" and "competing considerations" that necessitate sealing and/or redaction. *See, e.g., Ferguson*, 2015 WL 3404140, at *1; *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, No. 1:14-cv-6867, 2016 WL 1071107, at *4 (S.D.N.Y. Mar. 18, 2016) (Caproni, J.), *aff'd*, 814 F.3d 132 (2d Cir. 2016).

## II. THE IDENTITIES OF THE COLUMBIA STUDENTS SHOULD BE PROTECTED.

### A. This Litigation Involves Highly Sensitive Matters of a Personal Nature.

Not surprisingly, the courts have not hesitated to grant anonymity to protect against the disclosure of the material Columbia seeks to redact here, namely "matters of the utmost intimacy, including sexual assault." *Doe No. 2* v. *Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (collecting cases); *see also Kavanagh*, 997 F. Supp. 2d at 256 (recognizing that sealing is appropriate to protect the privacy of third parties, especially "sensitive and personal" information about sexual matters); *Doe* v. *Univ. of Conn.*, No. 3:09-cv-1071, 2013 WL 4504299, at *28 (D. Conn. Aug. 22, 2013) (allowing plaintiff to proceed pseudonymously where complaint involved allegations of sexual harassment, stating "it is difficult to conceive of allegations that can be more sensitive or personal"); *Painter* v. *Doe*, No. 3:15-cv-369, 2016 WL 3766466, at *6 (W.D.N.C. July 13, 2016) ("Sexual misconduct is a subject matter sufficiently sensitive and personal to . . . favor[] anonymity . . . .").

In fact, courts in this Circuit routinely permit parties to proceed pseudonymously in Title IX cases such as this one involving allegations of gender-based misconduct. *See, e.g.*, *Doe* v. *Colgate Univ.*, 2016 WL 1448829, at *4 (finding that "in the context of investigating allegations of sexual assault on college campuses, it is imperative that the rights of all parties involved be thoroughly protected" and allowing plaintiff to proceed pseudonymously); *see also, e.g.*, *B.B.* v. *The New School*, No. 1:17-cv-8347 (S.D.N.Y.); *Doe* v. *Weill Cornell Med. Coll. of Cornell Univ.*, No. 1:16-cv-3531 (S.D.N.Y.), Order (May 12, 2016) (ECF 12); *Doe* v. *Meisels*, 1:14-cv-5725 (E.D.N.Y.), Order (Nov. 6, 2014) (ECF 5); *Doe* v. *Columbia Univ.*, No. 1:14-cv-3573 (S.D.N.Y.), Order (June 9, 2014) (ECF 3); *supra* n. 5.

Insofar as courts permit *parties* to proceed pseudonymously in these circumstances, it

8

makes even more sense to allow those who are not litigants—such as the third-party Columbia students, including Jane Doe, who Plaintiff has chosen to name in his Complaint—to remain anonymous. As one court has aptly explained with respect to a third-party in the same position as Jane Doe here, "[t]hough [Doe] is not a party to this litigation, it will focus upon, and has already described in detail, extraordinarily intimate details of a sexual encounter. Her right to privacy with regard to the events described within the complaint outweighs the public's right to know her identity." *Doe v. Univ. of Miss.*, No. 3:18-cv-138, 2018 WL 1703013, at *2 (S.D. Miss. Apr. 6, 2018); *see also Doe v. Trustees of Dartmouth Coll.*, No. 1:18-cv-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (ordering that victim be referred to by the pseudonym "Sally," because "[s]hould plaintiff be publicly identified, Sally would likely be identified as well, *and Sally has a stronger case for anonymity*. Unlike a litigant, who in using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials, . . . [Sally] is a nonparty." (emphasis added, citation and internal quotation marks omitted)).

While this factor plainly supports maintaining Jane Doe's anonymity, the same is obviously true for the other Columbia students Plaintiff has named in the Complaint. Based on the Complaint's allegations, each of the students identified was involved in the highly personal and sensitive matters at the heart of the Complaint. (*See* ¶¶ 49–227, 269–360.) Moreover, because these other students are alleged to be friends with or to otherwise know Jane Doe, if their identities are not redacted or anonymized, it could easily lead to the identification in the press and on social media of Jane Doe herself.

### B. The Public Interest Strongly Favors Maintaining the Columbia Students' Anonymity.

The public interest similarly weighs strongly in favor of maintaining the anonymity of Jane Doe and the other Columbia students named in the Complaint. *See Sealed Plaintiff*, 537 F.3d at

9

190. As one court has explained, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195. Indeed, courts have held that "[t]here is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs." *Doe v. Rutgers*, No. 2:18-cv-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019); *see also, e.g., Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) ("the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights"); *Heineke v. Santa Clara Univ.*, No. 5:17-cv-05285, 2017 WL 6026248, at *22 (N.D. Cal. Dec. 5, 2017) ("[C]ourts in the Ninth Circuit have found that allowing victims to proceed anonymously serves a strong public interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." (citation and internal quotation marks omitted)).

New York statutes specifically recognize the public interest in avoiding the chilling effect that identification would have on the reporting and investigation of sexual assault, particularly on campus. For example, Section 50-b of the New York Civil Rights Law provides that the "identity of any victim of a sex offense . . . shall be confidential" and prevents any "court file . . . which identifies such a victim" from being "made available for public inspection."[9] N.Y. Civ. Rights L. § 50-b(1). Similarly, Section 6448 of the New York Education Law provides that "the name and identifying biographical information of *any student* shall be presumptively confidential and shall not be included in the pleadings and other papers" in a proceeding seeking to vacate a university's

---

[9] Plaintiff's letter to the Court dated May 15, 2019 states that "[i]t has not been established that [Jane Doe] is a victim of sexual assault." (ECF 15 at 2.) While Columbia accepts that well-pled allegations in the Complaint must be taken as true for the purposes of a motion to dismiss, the policy behind Section 50-b of the New York Civil Rights Law still applies, especially because redacting Jane Doe's name in no way "destroys the required presumption of truth" of any allegations in the Complaint. (*Id.*)

finding of responsibility for gender-based misconduct (among other violations). N.Y. Educ. L. § 6448 (emphasis added). New York Civil Practice Law and Rule 3016(i), in turn, provides that "[i]n any proceeding brought against a college or university . . . which proceeding seeks to vacate or modify a finding that a student was responsible for a violation of college or university rules . . . the name and identifying biographical information of any student shall be presumptively confidential and shall not be included in the pleadings and other papers . . . ."[10] *See also* Federal Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (restricting universities, like Columbia, from disclosing personal details regarding its students in public filings or elsewhere).

Columbia's own policies and procedures governing the gender-based misconduct proceeding at issue in this case reflect these principles as well. During the Title IX process, it is Columbia's practice to keep the identities of complainants, respondents, and witnesses confidential so that complainants can come forward and respondents and witnesses can participate in the process without fear of retaliation or public scrutiny of these sensitive matters. *See, e.g.*, Columbia, *Gender-Based Misconduct Policy and Procedures for Students*, at 15.[11] Accordingly, the University has a strong interest in ensuring that the privacy interests of Jane Doe and the other students, all of whom are *not* parties to this proceeding and who voluntarily participated in the University's internal disciplinary procedures with the reasonable expectation of confidentiality from the University, remain protected in this proceeding. As one court has explained:

> It makes little sense to lift the veil of pseudonymity that—for good reason—would otherwise cover these proceedings . . . . In fact, to do so may well discourage aggrieved students from seeking recourse when they fall victim to defective

---

[10] Plaintiff may argue that Education Law Section 6448 and CPLR 3016(i) do not apply because he is not technically seeking to "vacate" Columbia's finding of responsibility. (*See* Pl.'s Letter to the Court, May 15, 2019 (ECF 15) at 2.) But Plaintiff seeks an injunction compelling Columbia to award him his diploma (Compl. at p. 98, ¶ (iv) & (vi)), which is tantamount to vacating the underlying disciplinary finding.

[11] Available at http://www.columbia.edu/cu/studentconduct/documents/GBMPolicyandProceduresforStudents.pdf.

university disciplinary procedures or may discourage victims from reporting sexual misconduct in the first instance.

*Doe* v. *The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016); *see also Doe* v. *Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016) (prohibiting use in federal litigation of "real names" of sexual assault victim, as decided by the university's hearing board, and "other students involved in the disciplinary proceedings").

Indeed, if a student like Jane Doe who complains of violations of the University's gender-based misconduct policies has to worry that a respondent, like Plaintiff, who is unhappy with the University's ultimate disciplinary determination, can then make the entirety of the matter public by filing a case in federal court, the chilling effect on the willingness of students to come forward would be incalculable. In fact, studies have shown that women who have been sexually assaulted fear reporting what happened to them precisely because of the issues raised by this Motion and this case—shame, embarrassment, fear their stories will not be believed, and fear they may be accused of participating in the crime. *See, e.g.*, Beverly Engel, *Why Don't Victims of Sexual Harassment Come Forward Sooner*, PSYCHOLOGY TODAY (Nov. 16, 2017), https://www.psychologytoday.com/us/blog/the-compassion-chronicles/201711/why-dont-victims-sexual-harassment-come-forward-sooner; Nat'l Inst. of Justice, U.S. Dep't of Justice, *Reporting of Sexual Violence Incidents*, https://www.nij.gov/topics/crime/rape-sexual-violence/Pages/rape-notification.aspx (last modified Oct. 26, 2010). The same is true for the student witnesses, whose testimony is invaluable to the process and whom Columbia relies upon to ensure that the University's Title IX process is fair, rigorous, and accurate.

Although we expect Plaintiff to argue that he and the other students mentioned are no longer students at Columbia, the fact that the students named in the Complaint have graduated is irrelevant. (*Cf.* Pl.'s Letter to the Court, May 15, 2019 (ECF 15) at 2.) Any assurance of

confidentiality to student participants in Columbia's Title IX process would be empty if it only applied for so long as participants remained students at the University, especially since most students are at Columbia no more than four years and the journalism program at issue lasts only one year. Indeed, there can be no legitimate dispute that if the names of the students mentioned in the Complaint are not redacted, current Columbia undergraduate and graduate students will take notice of that in the press coverage and social media activity that will ensue.

### C. There Is a Risk of Harm to the Columbia Students.

The Complaint alleges that Jane Doe fabricated allegations that Plaintiff sexually assaulted her and pursued those false allegations against him through Columbia's Title IX investigative and disciplinary process. Given the degree of interest currently being paid to allegations of sexual misconduct on university campuses, the responses of universities to such allegations, and ongoing public policy debates about both issues, there is a very real risk that Jane Doe and the other students identified in the Complaint would be exposed to significant media attention and potential retaliation should their identities become public. *See, e.g., Doe* v. *Colgate Univ.*, 2016 WL 1448829, at *2 ("Recently, cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers."). According to her Declaration, "several threatening comments have already been made about [Jane Doe] on news stories published about this case, and a reporter has been able to find [her] at [her] home." (Ex. A at Ex. 1 (Decl. of Jane Doe, May 24, 2019 ("Doe Decl.")), ¶ 5.) Indeed, in her Declaration, Jane Doe states as follows:

> I am worried for my safety and for my wellbeing. For over two years, I have been undergoing treatment relating to anxiety and post-traumatic stress disorder in connection with being sexually assaulted in October 2016. The media pressure of this case alone will have a devastating impact on my mental health, particularly if I am identified by name in these proceedings.

(Doe Decl. ¶ 4.)

### D. Plaintiff Will Suffer No Prejudice.

Redacting or pseudonymizing the Complaint will cause Plaintiff no prejudice at this stage of the litigation. *See, e.g., Kolko*, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose [the students'] identit[ies], [Plaintiff] will not be hampered or inconvenienced merely by [their] anonymity in court papers."). *Cf. EW* v. *N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (assessing prejudice to one party of allowing the other party to proceed pseudonymously). The relief Columbia is seeking will in no way prevent Plaintiff from telling his story, criticizing Columbia, or even naming and criticizing Columbia faculty members or employees connected to the University's journalism school or Title IX program. Accordingly, Plaintiff cannot possibly claim any legitimate litigation disadvantage from having the names and photographs of Jane Doe and the other Columbia students protected from public disclosure at this time. Certainly, not having the ability to "drag" Jane Doe's name "through the mud," as his prior counsel threatened, does not constitute legitimate prejudice to Plaintiff.

### E. The Remaining Applicable *Sealed Plaintiff* Factors Support Anonymization.

The issue of whether the parties' identities have been kept confidential is relevant under *Sealed Plaintiff* to ensure that pseudonymity would not be rendered moot by prior publicity. *See Sealed Plaintiff*, 537 F.3d at 190. Here, due to the Court's temporary sealing of Plaintiff's filings, the names of Jane Doe and the other students have not been published in the media, so there is no relevant prior publicity. Moreover, as stated in her Declaration, Jane Doe maintained her privacy and the confidentiality of the University proceedings and of Plaintiff's identity. While several female friends and fellow students served as witnesses to the events surrounding the sexual assault,

Doe was careful not to speak openly about the proceedings with others. (*See* Doe Decl. ¶¶ 8–9.)[12]

Finally, there are no alternative mechanisms for protecting the students' confidentiality. *See Sealed Plaintiff*, 537 F.3d at 190. As shown by the Redacted Complaint, Columbia's proposed approach is narrowly tailored to redacting or anonymizing only information that would tend to identify the third-party students named in the Complaint. To the extent there is any need for any portions of the redacted material to be made public in the future, that issue can be addressed at the appropriate time. *See, e.g.*, Fed. R. Civ. P. 5.2(d).[13]

## CONCLUSION

For the foregoing reasons, Columbia respectfully requests that the Court grant the Motion and order that the Complaint (ECF 1) remain sealed and the Redacted Complaint (ECF 23) remain on the docket.

Dated: May 24, 2019

Respectfully submitted,

By: _____

Roberta A. Kaplan
Gabrielle E. Tenzer
Thomas A. Rawlinson
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
trawlinson@kaplanhecker.com

*Attorneys for Defendant The Trustees of Columbia University in the City of New York*

---

[12] As for Plaintiff's anticipated argument that Jane Doe's identity should be revealed because she posted on social media (*see* ECF 15 at 3), as explained in her Declaration, Jane Doe's post made no mention of Plaintiff, sexual assault, Title IX, or anything related to the proceedings. (*See* Doe Decl. ¶ 10.)

[13] The remaining *Sealed Plaintiff* factors, including "whether the suit is challenging the actions of the government or that of private parties" and "whether . . . there is an atypically weak public interest in knowing the litigants' identities," *Sealed Plaintiff*, 537 F.3d at 190, are inapplicable here. The parties have both been named in the Complaint and Columbia is not seeking to have either party's name redacted or pseudonymized.

15