

WARSHAW BURSTEIN, LLP
555 Fifth Avenue
New York, NY 10017
Tel: 212-984-7700
www.wbny.com

JAMES E. FIGLIOZZI, ESQ.
ASSOCIATE
ATTORNEY DIRECT DIAL: 212-984-7792
EMAIL: jfigliozzi@wbny.com

June 20, 2019

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007-1312

    Re:    *Feibleman v. The Trustees of Columbia University in the City of New York*, **No. 1:19-cv-04327 (VEC) (S.D.N.Y.)**

Dear Judge Caproni:

Pursuant to Your Honor's June 11, 2019 Order and Rule 3A of Your Honor's Individual Practices in Civil Cases, Plaintiff Ben Feibleman ("Plaintiff" or "Ben") submits on behalf of himself and Defendant The Trustees of Columbia University in the City of New York ("Columbia") this joint letter and enclosed Civil Case Management Plan in advance of the Initial Pretrial Conference scheduled for **June 28, 2019, at 10:00 a.m.**

**1.**     **Brief Description of the Case, Including Factual and Legal Bases for Claims and Defenses**

    **a.**     **Plaintiff's Description of the Case**

One of Ben's female classmates falsely accused him of sexual misconduct after he refused her requests for sexual intercourse. Columbia engaged in a biased investigation of the female student's untrue allegations and enforced its own polices in a one-sided fashion that favored the female student. Despite being provided with hundreds of pieces of photographic, video, and audio evidence proving that the female student's claims were demonstrably false, Columbia found Ben responsible for four charges of sexual misconduct and expelled him. Even though Ben provided evidence showing that the female student actually performed multiple acts of sexual misconduct against him, Columbia downgraded his claims into a single charge of sexual harassment for which they found the female student not responsible. Columbia continues to withhold Ben's degree even though he completed all of the coursework necessary for graduation and paid all of the required tuition.

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
June 20, 2019
Page 2 of 5

Ben asserts seven (7) causes of action against Columbia:

I.  Violation of Title IX of the Education Amendments of 1972 – Erroneous Outcome

Columbia engaged in a biased disciplinary process rife with evidentiary and procedural errors at the investigation, hearing, and appeal levels. Columbia's egregious mishandling of the disciplinary process was in violation of Title IX and led to an erroneous outcome. Columbia ignored the relevant, objective, and uncontroverted evidence proving Ben's innocence in order to wrongly find him responsible for sexual misconduct. Gender bias was a motivating factor behind Columbia's actions. Prior to the facts giving rise to this litigation, Columbia adopted a policy of bias favoring female students over male students in order to avoid liability and bad publicity.

II.  Violation of Title IX of the Education Amendments of 1972 – Selective Enforcement

Ben and his female accuser were similarly situated students – both were graduate students at the same school, under the same student policies, who were reported to have committed sexual misconduct violations against each other. Yet, Columbia treated the female student more favorably than Ben at all stages of the disciplinary process. Two (of many) examples: (1) Columbia refused to enforce its confidentiality policy against the female student while enforcing it against Ben; (2) Columbia withheld Ben's diploma at graduation because the misconduct charges against him were still pending yet awarded the female student's diploma even though Ben's charges against her also remained unresolved.

III.  Breach of Contract – Gender-Based Misconduct Policy

The Gender-Based Misconduct Policy creates a contractual relationship by guaranteeing a fair and impartial disciplinary process for accused students who are enrolled at the school. Columbia breached its contract with Ben by failing to conduct a fair and impartial process. Ben sustained damages as a direct and proximate result of Columbia's actions.

IV.  Breach of Contract – Failure to Award Diploma

A contract between Ben and Columbia was formed when Ben accepted Columbia's offer of admission. Ben completed all of the necessary requirements to obtain his master's degree and paid all required tuition while he was enrolled at Columbia. In exchange, Columbia was required to award Ben his master's degree. To date, Columbia has refused to award Ben his degree. Ben sustained damages as a direct and proximate result of Columbia's actions.

V. Promissory Estoppel – Gender-Based Misconduct Policy

In the alternative to his breach of contract cause of action, Ben asserts that the Gender-Based Misconduct Policy constitutes unambiguous representations and promises that Columbia should have reasonably expected to induce action or forbearance on the part of Ben. Columbia expected or should have expected Ben to accept its offer of admission and choose not to attend other universities based on the express and implied promises detailed in the Complaint, including, but not limited to, the promise that any claims brought against him under the Gender-Based Misconduct Policy would be resolved impartially and promptly. Ben reasonably and foreseeably relied on these express and implied promises and representations made by Columbia to his detriment, as further described in the Complaint.

VI. Promissory Estoppel – Failure to Award Diploma

In the alternative to his breach of contract cause of action, Ben asserts that Columbia expected or should have expected Ben to accept its offer of admission and choose not to attend other universities based on its express and implied promises that if he completed all of the coursework required and paid the required tuition that he would be granted his master's degree. Ben reasonably and foreseeably relied on these express and implied promises and representations made by Columbia to his detriment, as he completed all of the required coursework and paid all of the required tuition but has still not been granted his degree.

VII. Violation of New York City Human Rights Law

Columbia impermissibly discriminated against Ben based on his gender in violation of the New York City Human Rights Law (N.Y. City Administrative Code §§ 8-101, et seq.). Columbia's discriminatory actions impacted Ben's major life activities and have caused him physical and psychological harm.

b. **Defendant's Description of the Case**

Columbia contends that Plaintiff was correctly found responsible for violating Columbia's Gender-Based Misconduct Policy and Procedures for Students ("GBM Policy") and that neither the commencement of those disciplinary proceedings, the conduct of those proceedings, the findings of those proceedings, nor the sanction imposed as a result of those proceedings were in any way motivated by gender bias or the product of selective enforcement and, thus, that Columbia did not violate Title IX. *See B.B.* v. *The New Sch.*, No. 17-cv-8347, 2018 WL 2316342, at *4-5 (S.D.N.Y. Apr. 30, 2018). Columbia further contends that it did not breach its GBM Policy or any other applicable Columbia rule, procedure, or promise on which Plaintiff reasonably relied. *See Nungesser* v. *Columbia Univ.*, 169 F. Supp. 3d 353, 369-70, 374 (S.D.N.Y. 2016). Columbia further contends that it did not treat Plaintiff "less well" than other students because of his gender and, thus, did not violate the New York City Human Rights Law. *Novio* v. *N.Y. Acad. of Art*, 286

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
June 20, 2019
Page 4 of 5

F. Supp. 3d 566, 583 (S.D.N.Y. 2017). Should Plaintiff's claims survive any motion to dismiss that Columbia may submit, Columbia reserves the right to assert additional defenses.

**2.  Basis for Subject Matter Jurisdiction**

This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the claims herein arise under federal law and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the U.S. Constitution. Defendant does not dispute these bases for subject matter jurisdiction.

**3.  Contemplated Motions**

**a.  Plaintiff**

At this time, Plaintiff is not contemplating any motions. However, at the completion of discovery, Plaintiff may wish to file a Motion for Summary Judgment.

**b.  Defendant**

Columbia intends to file a motion to dismiss the First, Third, Fourth, Fifth, and Sixth Causes of Action of the Complaint. With respect to the First Cause of Action for Erroneous Outcome in Violation of Title IX, Defendant intends to move to dismiss on the basis that Plaintiff has failed to state a claim because, *inter alia*, the audio recording upon which Plaintiff relies for numerous allegations in the Complaint (*see, e.g.*, Compl. ¶¶ 305-345) and which is therefore "render[ed] . . . integral to the [C]omplaint," *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation and internal quotation marks omitted), dramatically contradicts Plaintiff's erroneous outcome allegations in the Complaint such that he fails to state a claim that the outcome of the disciplinary proceeding was inaccurate, *see B.B.*, 2018 WL 2316342, at *5 ("Although Plaintiff does include some allegations that arguably cast doubt on the fairness or accuracy of the disciplinary process, they are rebutted by the exhibits Plaintiff has attached or quoted in his complaint."). Columbia also intends to move to dismiss Plaintiff's Third, Fourth, Fifth, and Sixth Causes of Action under New York common law for breach of contract and promissory estoppel because Plaintiff has not sufficiently alleged that Columbia breached its GBM Policy or any other applicable Columbia rule, procedure, or promise on which Plaintiff reasonably relied. *See supra*. Columbia also intends to move to dismiss the promissory estoppel claims as duplicative of Plaintiff's breach of contract claims. *Nungesser*, 169 F. Supp. 3d at 374 (dismissing Plaintiff's promissory estoppel claim as "redundant" because the policies that he relied on to support his claim for promissory estoppel "are the exact same policies at issue in Nungesser's breach of contract claim").

Columbia also intends to file a motion to stay discovery, at least in part, pending the outcome of Columbia's partial motion to dismiss. If Columbia's partial motion were granted on

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
June 20, 2019
Page 5 of 5

the basis that Plaintiff cannot state a claim that the outcome of the disciplinary proceeding was inaccurate or that Columbia breached the GBM Policy, that would substantially reduce the scope of discovery by eliminating the need for discovery on the underlying instances of sexual misconduct and Columbia's compliance with the GBM Policy. Only the issues of selective enforcement and gender-motivated treatment would remain under the Second and Seventh Causes of Action. Defendant may file discovery motion(s) and motion(s) for summary judgment with respect to Plaintiff's remaining claims at the appropriate time.

4.   **Prospect for Settlement**

   a.   **Plaintiff**

Defendant brought up the topic of settlement today, but Plaintiff is not in a position to provide a response prior to the filing of this letter.

   b.   **Defendant**

On June 20, 2019, Defendant spoke with counsel for Plaintiff about the prospect of settlement. Defendant said it was open to having settlement discussions at this time. In order to facilitate, Defendant offered to engage in private mediation, mediation before the assigned Magistrate Judge in this case, or use another alternative dispute resolution mechanism. Counsel for Plaintiff said that they would speak to their client and would get back to Defendant.

5.   **Other Considerations – Civil Case Management Plan and Scheduling Order**

Defendant's response to the Complaint is not due until July 15, 2019. To reflect this delay, Plaintiff requests that the Court permit additional time to complete Items 2, 3, 5.a., and 5.b. as follows: Item 2 – 47 days; Item 3 – 31 days; Item 5.a. – October 14, 2019; Item 5.b. – November 27, 2019. Defendant does not object to this request, as long as the Court is amenable to it.

Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

Kimberly C. Lau
James E. Figliozzi

*Counsel for Plaintiff*

Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
          :
          :
BEN FEIBLEMAN                                         :       19  -CV- 4327   (VEC)
                                                      :
_____                   :
                                                      :       CIVIL CASE
                            Plaintiff(s),             :       MANAGEMENT PLAN
          -v-                                         :       AND SCHEDULING
                                                      :       ORDER
                                                      :
                                                      :
THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK :
                                                      :
_____                   :
                                                      :
                            Defendant(s).             :
-------------------------------------------------------------------X

        This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.      All parties [consent _____ / do not consent __X__ ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge, within three days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2.      Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

3.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

4.      [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than July 26, 2019 _____.

5. Discovery

   a. All fact discovery shall be completed no later than September 26, 2019, or if Defendant's Motion to Dismiss is denied, 90 days after the decision denying the motion is entered, with respect to the issues addressed in that motion. [*date not more than 90 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   b. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than November 11, 2019, or if Defendant's motion to dismiss is denied, 135 days after the decision denying that motion is entered with respect to the issues addressed in that motion. [*Absent exceptional circumstances, a date not more than 5(a) (i.e., the completion of all fact discovery).*]

   c. Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

   d. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

6. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

   _____ Immediate referral to the District's Mediation Program

   _____ Immediate referral to a Magistrate Judge

   _____ Referral to the District's Mediation Program after the close of fact discovery

   _____ Referral to a Magistrate Judge after the close of fact discovery

   _____ Other

7. This case [is  X    / is not _____] to be tried to a jury.

8. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
   Defendant's Partial Motion to Dismiss
   Defendant's Partial Motion to Stay Discovery
   Extended dates for Items 2, 3, 5.a., and 5.b. as noted in the Joint Letter dated June 20, 2019

2

9. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10. The next pretrial conference is scheduled for September 27, 2019 at 10 a.m. in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. [*Unless otherwise ordered, 10:00 a.m. on the first Friday after the deadline for completion of all fact discovery as set forth in paragraph 5(a).*]

By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:
a. a statement of all existing deadlines, due dates, and/or cut-off dates;

b. a brief description of any outstanding motions;

c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

g. any other issue that the parties would like to address at the pretrial conference; and

h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

_____          _____
Kimberly Lau                                              Roberta A. Kaplan

**SO ORDERED.**

Date: _____          _____
New York, New York                                **VALERIE CAPRONI**
                                                               **United States District Judge**

3