

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
Tel: 212-984-7700
www.wbny.com

KIMBERLY C. LAU, ESQ.
PARTNER
ATTORNEY DIRECT DIAL: 212-984-7709
EMAIL: klau@wbny.com

September 9, 2019

<u>**VIA ECF**</u>

The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007-1312

      Re:    *Feibleman v. The Trustees of Columbia University in the City of New York*, No. 1:19-cv-04327 (VEC)

Dear Judge Caproni:

      We represent Plaintiff Ben Feibleman in the referenced action. We are writing in response to the letter sent by Iliana Konidaris, counsel for Complainant, to Your Honor on September 6, 2019. Ms. Konidaris' letter is highly inappropriate, as she is not counsel of record for any party in this action. Despite the fact that she has not entered an appearance in this case, her letter requests extraordinary relief amounting to prior restraint by an adversary that will have a severe, negative impact on Plaintiff's ability to effectively prosecute this case. Given the impropriety of her request, Ms. Konidaris' *de facto* letter motion should be wholly rejected by the Court.

      Even more troublingly, Ms. Konidaris provides a misleading and incomplete narrative of the Orders that were issued by this Court and presents impermissible argument in support of Columbia's Motion to Dismiss. When Plaintiff originally filed his Complaint on May 13, 2019, there was no order in place that prevented him from naming Complainant. Additionally, on May 15, 2019 when Plaintiff filed his letter in response to Columbia's *ex parte* application to the Court to strike the Complaint, there was no Order in place preventing Plaintiff from using Complainant's name in the letter, and Columbia had not yet filed its Motion to Redact.

      The two instances where Complainant's name was partially revealed after the relevant May 15, 2019 Order (ECF 13) were not done with any ulterior motive. They were unfortunate oversights that would not have identified Complainant to anyone who is not already familiar with the allegations contained in the Complaint.

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
September 9, 2019
Page 2 of 3

    Complainant's full name has not appeared unredacted in any document filed after the Court's May 15, 2019 Order. In the first instance, only Complainant's extremely common first name was left unredacted in a single paragraph of the otherwise-redacted Complaint. This error was resolved in less than an hour. In the second instance, her relatively common last name was left unredacted in the index of a transcript. This error was resolved in mere minutes. Additionally, the index provides a page and line citation when the page of the transcript that the index refers to has no line markings. It is highly questionable that anyone without intimate knowledge of this case who reviewed the transcript in the few minutes it was available would have been able to effectively interpret the reference to Complainant's last name in the index.

    Complainant's financial costs are of no concern in this litigation. No one forced her to retain Ms. Konidaris, and Columbia has essentially been representing Complainant's interests on a *pro bono* basis since the filing of the Complaint. To the extent that Ms. Konidaris asserts that Plaintiff is somehow responsible for Complainant's legal fees, she has not provided any evidence to support her baseless assertion. The only evidence provided by Ms. Konidaris that anyone besides the Court, the parties, or herself has had access to unredacted documents sufficient to identify Complainant is the appearance of the original unredacted Complaint on third-party websites. Plaintiff did not cause the Complaint filed on May 13, 2019 to exist on the Internet Archive, CourtListener.com, and an individual blog, nor did he provide Complainant's name to any individuals who commented on a news story. Moreover, as noted above, there were no restrictions on using Complainant's name when the Complaint was originally filed on May 13, 2019, and the two limited instances where Complainant's name was left partially unredacted would be useless to anyone without in-depth knowledge of this case.

    Ms. Konidaris attempts to provide additional argument in support of Columbia's Motion to Dismiss by branding the audio recording as "evidence in and of itself of sexually exploitative behavior" that is violative of Columbia's Gender-Based Misconduct Policy. This is wildly inappropriate and should be ignored by the Court. Additionally, such a suggestion is clearly countered by the allegations in Plaintiff's Complaint. Ms. Konidaris also attempts to smear Plaintiff in the Court's eyes by assigning a sinister motive to his actions. As noted in the Complaint, Plaintiff began recording his interaction with Complainant because he felt trapped as a result of her behavior. Additionally, New York is a one-party consent recording state. Thus, Plaintiff was wholly within his rights to record his interaction with Complainant when it became clear that his rejection of her repeated advances was becoming problematic. Additionally, as there is no Order barring him from doing so, Plaintiff was within his rights to file the transcript on the docket. Ms. Konidaris' belief on what the public has a right to access is baseless and should not be considered by the Court. Openness is a hallmark of the federal judiciary that cannot be subverted by misguided, uninformed interlopers such as Ms. Konidaris.

    Contrary to her and Columbia's beliefs, Ms. Konidaris, Columbia, and Columbia's Gender-Based Misconduct Policy do not dictate Plaintiff's actions or filings in this matter. While there are certainly times where it is appropriate for the parties to meet and confer prior to filing documents, the mechanism suggested by Ms. Konidaris is unfairly onerous to Plaintiff and

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
September 9, 2019
Page 3 of 3

contradictory to standard litigation operating procedures.  Additionally, her thinly-veiled request that the Court seal the transcript is not supported by any previous Order of this Court or relevant caselaw.  Plaintiff requests that the Court deny her improper requests for relief and bar Ms. Konidaris from further inappropriate participation in this matter.  Her attempt to interfere with Plaintiff's case is unacceptable and should not be licensed by the Court.

Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

Kimberly C. Lau

cc: Counsel for Defendant (*via* ECF)
Iliana Konidaris (*via* email)