

**WARSHAW BURSTEIN, LLP**
575 Lexington Avenue
New York, NY 10022
Tel: 212-984-7700
www.wbny.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/11/2019

KIMBERLY C. LAU, ESQ.
PARTNER
ATTORNEY DIRECT DIAL: 212-984-7709
EMAIL: klau@wbny.com

September 9, 2019

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007-1312



Re:   *Feibleman v. The Trustees of Columbia University in the City of New York*,
      No. 1:19-cv-04327 (VEC)

Dear Judge Caproni:

We represent Plaintiff Ben Feibleman in the referenced action. We are writing in response to the letter sent by Iliana Konidaris, counsel for Complainant, to Your Honor on September 6, 2019. Ms. Konidaris' letter is highly inappropriate, as she is not counsel of record for any party in this action. Despite the fact that she has not entered an appearance in this case, her letter requests extraordinary relief amounting to prior restraint by an adversary that will have a severe, negative impact on Plaintiff's ability to effectively prosecute this case. Given the impropriety of her request, Ms. Konidaris' *de facto* letter motion should be wholly rejected by the Court.

Even more troublingly, Ms. Konidaris provides a misleading and incomplete narrative of the Orders that were issued by this Court and presents impermissible argument in support of Columbia's Motion to Dismiss. When Plaintiff originally filed his Complaint on May 13, 2019, there was no order in place that prevented him from naming Complainant. Additionally, on May 15, 2019 when Plaintiff filed his letter in response to Columbia's *ex parte* application to the Court to strike the Complaint, there was no Order in place preventing Plaintiff from using Complainant's name in the letter, and Columbia had not yet filed its Motion to Redact.

The two instances where Complainant's name was partially revealed after the relevant May 15, 2019 Order (ECF 13) were not done with any ulterior motive. They were unfortunate oversights that would not have identified Complainant to anyone who is not already familiar with the allegations contained in the Complaint.

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
September 9, 2019
Page 2 of 3

      Complainant's full name has not appeared unredacted in any document filed after the Court's May 15, 2019 Order. In the first instance, only Complainant's extremely common first name was left unredacted in a single paragraph of the otherwise-redacted Complaint. This error was resolved in less than an hour. In the second instance, her relatively common last name was left unredacted in the index of a transcript. This error was resolved in mere minutes. Additionally, the index provides a page and line citation when the page of the transcript that the index refers to has no line markings. It is highly questionable that anyone without intimate knowledge of this case who reviewed the transcript in the few minutes it was available would have been able to effectively interpret the reference to Complainant's last name in the index.

      Complainant's financial costs are of no concern in this litigation. No one forced her to retain Ms. Konidaris, and Columbia has essentially been representing Complainant's interests on a *pro bono* basis since the filing of the Complaint. To the extent that Ms. Konidaris asserts that Plaintiff is somehow responsible for Complainant's legal fees, she has not provided any evidence to support her baseless assertion. The only evidence provided by Ms. Konidaris that anyone besides the Court, the parties, or herself has had access to unredacted documents sufficient to identify Complainant is the appearance of the original unredacted Complaint on third-party websites. Plaintiff did not cause the Complaint filed on May 13, 2019 to exist on the Internet Archive, CourtListener.com, and an individual blog, nor did he provide Complainant's name to any individuals who commented on a news story. Moreover, as noted above, there were no restrictions on using Complainant's name when the Complaint was originally filed on May 13, 2019, and the two limited instances where Complainant's name was left partially unredacted would be useless to anyone without in-depth knowledge of this case.

      Ms. Konidaris attempts to provide additional argument in support of Columbia's Motion to Dismiss by branding the audio recording as "evidence in and of itself of sexually exploitative behavior" that is violative of Columbia's Gender-Based Misconduct Policy. This is wildly inappropriate and should be ignored by the Court. Additionally, such a suggestion is clearly countered by the allegations in Plaintiff's Complaint. Ms. Konidaris also attempts to smear Plaintiff in the Court's eyes by assigning a sinister motive to his actions. As noted in the Complaint, Plaintiff began recording his interaction with Complainant because he felt trapped as a result of her behavior. Additionally, New York is a one-party consent recording state. Thus, Plaintiff was wholly within his rights to record his interaction with Complainant when it became clear that his rejection of her repeated advances was becoming problematic. Additionally, as there is no Order barring him from doing so, Plaintiff was within his rights to file the transcript on the docket. Ms. Konidaris' belief on what the public has a right to access is baseless and should not be considered by the Court. Openness is a hallmark of the federal judiciary that cannot be subverted by misguided, uninformed interlopers such as Ms. Konidaris.

      Contrary to her and Columbia's beliefs, Ms. Konidaris, Columbia, and Columbia's Gender-Based Misconduct Policy do not dictate Plaintiff's actions or filings in this matter. While there are certainly times where it is appropriate for the parties to meet and confer prior to filing documents, the mechanism suggested by Ms. Konidaris is unfairly onerous to Plaintiff and

**WARSHAW BURSTEIN, LLP**

Hon. Valerie E. Caproni
September 9, 2019
Page 3 of 3

contradictory to standard litigation operating procedures. Additionally, her thinly-veiled request that the Court seal the transcript is not supported by any previous Order of this Court or relevant caselaw. Plaintiff requests that the Court deny her improper requests for relief and bar Ms. Konidaris from further inappropriate participation in this matter. Her attempt to interfere with Plaintiff's case is unacceptable and should not be licensed by the Court.

 Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

Kimberly C. Lau

cc:   Counsel for Defendant (*via* ECF)
    Iliana Konidaris (*via* email)

---

The Court agrees with Plaintiff that Ms. Doe's request, which does not explain her failure to move to intervene in this matter, is procedurally improper. Furthermore, the public has a right of access to the transcript, which is a judicial document submitted in relation to a dispositive motion. Because Doe's name is redacted, her countervailing interest in further sealing is diminished. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("In determining whether a document is a judicial record, we evaluate the 'relevance of the document's specific contents to the nature of the proceeding' and the degree to which 'access to the [document] would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings.'" (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 (2d Cir. 2013))).

Although the Court does not see sufficient cause to impose additional requirements at this time, the Court is aware that Plaintiff's errant filings have prompted multiple, emergency sealing requests to the Court. Plaintiff is therefore instructed to take greater care in ensuring that all filings are properly redacted.

SO ORDERED.    Date: 09/11/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

**Konidaris Law**                                   Ex. A

September 6, 2019

**Via Email to CaproniNYSDChambers@nysd.uscourts.gov**
The Hon. Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      Re:    *Feibleman v. The Trustees of Columbia University in the City of New York*, No. 19-cv-04327 (VEC)

Your Honor:

I represent the non-party pseudonymized as Jane Doe in the above action.

Ms. Doe reported to Columbia University in October 2016 that Mr. Feibleman had sexually assaulted her, resulting in the University's finding of responsibility against Mr. Feibleman that is now the subject of the instant lawsuit. I write out of concern for Ms. Doe's continued privacy as this litigation progresses. After careful consideration, and pursuant to instructions provided to me by Your Honor's law clerk on September 4, 2019, I submit this letter via email to the Court, copying counsel of record to the parties, to underscore the importance of careful redactions in this case and to request that Plaintiff take greater care in redacting Ms. Doe's name in all public filings.

At nearly every opportunity, and in at least five separate filings, Plaintiff has revealed Ms. Doe's true name in his submissions to this Court. Plaintiff's initial pleadings, filed on May 13, 2019, contained Ms. Doe's name over 700 times as well as several photographic images of her. (ECF 1, deactivated.) Counsel for Defendant The Trustees of Columbia University ("Columbia") informed me that they contacted the Court by phone as soon as they learned of the filing and requested that the Complaint be stricken from the record until the parties could brief the issue. The Court granted Defendant's request to have the link deactivated pending the briefing of a motion to redact the Complaint, given that "the Complaint contains the name of the alleged sexual-assault victim, photographs, and other personal information." (ECF 6 at 1.) The Court further provided Plaintiff the opportunity to object to its Order. (*Id.* at 2.) In so doing, Plaintiff once again brazenly included Ms. Doe's true name in his letter. (ECF 7 (deactivated), now ECF 15 (redacted).) In response, Defendant once again filed a letter requesting that the link to Plaintiff's letter be deactivated, which the Court granted. (ECF 13.) On May 17, 2019, after the parties had agreed on an initial set of redactions to the Complaint, Plaintiff filed a redacted version of the Complaint but failed to redact Ms. Doe's name on the second page. (ECF 18, deactivated.) Defendant once again had to seek the Court's intervention to deactivate the link, and a corrected version was filed on May 23, 2019. (ECF 23.)

90 Broad Street, 10th Floor
New York, New York 10004
Tel. (347) 504-0220 | Fax (212) 409-8522
iliana@konidarislaw.com

Feibleman v. Columbia
No. 19-cv-04327 (VEC)

Finally, and most troublingly, as recently as August 30, 2019, counsel for Defendant alerted me that Plaintiff had failed to redact every instance of Ms. Doe's name in an exhibit he had filed in his opposition to Defendant's motion to dismiss. Namely, Defendant failed to take reasonable care to redact every instance of Ms. Doe's true name in one of the most sensitive filings in this litigation: the transcript of the audio recording Mr. Feibleman made of the sexual assault without Ms. Doe's knowledge or consent. (ECF 64-1, under seal, now ECF ECF 66-1.) That Mr. Feibleman made such a recording in the first instance is troubling, evidence in and of itself of sexually exploitative behavior, and deeply violative of Ms. Doe's privacy. Indeed, in Columbia's current Gender-Based Misconduct Policy and Procedures for Students ("Policy"), such a recording would be a clear violation of Policy as sexual exploitation.[1] (Policy at 6.) To put it differently, a secretive recording of a sexual assault, or even a fully consensual encounter, is not an insurance policy against accusations of sexual assault: it is sexual exploitation. As such, we do not believe the public has a right to access this information in the first instance. Defendant Columbia has already submitted the full audio recording to the Court under seal and offered to provide the full transcript upon the Court's request. There was therefore no need for Mr. Feibleman to file the transcript publicly other than to harass and retaliate against Ms. Doe. That Plaintiff further failed to redact the transcript fully is indefensible, leaving Ms. Doe to wonder whether it was truly an inadvertent mistake or a warning shot to Ms. Doe that she should expect to live in fear for the duration of this case. If the redaction error was indeed a mistake, we are concerned that Plaintiff's counsel has failed to allot the requisite resources and care to comply with the Court's order, particularly as discovery is underway.

Each failed attempt to redact Ms. Doe's name is a costly mistake that harms only Ms. Doe and fulfills one of the main goals of Mr. Feibleman's lawsuit: to call Ms. Doe out by name, to shame her, to destroy her career, and to punish her for reporting a sexual assault against him, as was her right. To illustrate precisely how costly Plaintiff's mistakes really are, weeks after the Court deactivated the link to the unredacted initial filing of Plaintiff's complaint, the unredacted complaint still existed on the internet. As a result, I had to spend considerable time, at Ms. Doe's expense, sending take-down notices to websites such as the Internet Archive, CourtListener.com, and to an individual blogger to remove the

---

[1] Under the current Policy, sexual exploitation is defined as "[n]on-consensual abuse or exploitation of another person's sexuality for the purpose of sexual gratification, financial gain, personal benefit or advantage, or any other illicit purpose." Included in such acts are the following:

> Observing, photographing, videotaping, or making any other visual or audio recording of sexual conduct or nudity or state of undress when and where there is a reasonable expectation of privacy, without the knowledge and affirmative consent of all participants.

Columbia University, Gender Based Misconduct Policy for Students, Revised Aug. 23, 2019, p. 6, available at
http://www.columbia.edu/cu/studentconduct/documents/GBMPolicyandProceduresforStudents.pdf.
It is my understanding that this policy was not in place during the events at issue in this lawsuit.

Feibleman v. Columbia
No. 19-cv-04327 (VEC)

unredacted complaint from the web. Despite these successful efforts, in the comments section of one of the news stories, it is clear that several individuals have already seen the unredacted complaint, have commented on it, and now know Ms. Doe's true identity. Each time that Plaintiff files a document that publicly reveals Ms. Doe's name – even if available for only a few hours – there is a significant risk that it will be seen by media and bloggers and archived on the web for all to access. Ms. Doe should not have to bear the financial and emotional expense of correcting Plaintiff's mistakes.

It goes without saying that Ms. Doe has been deeply impacted by this litigation and is fighting aggressively, behind the scenes, to maintain her privacy. These efforts come at great financial and emotion cost to Ms. Doe. Conducted properly, this lawsuit is not about her. As a result, she respectfully requests that the Court remind Plaintiff of the importance of complying with the Court's order to redact Ms. Doe's name from all public filings. We further urge the parties to implement safeguards so that such mistakes do not happen again and respectfully request that the Court consider requiring Plaintiff to submit all exhibits to Defendant for review 48 hours prior to any public filing to avoid further mistakes.

I am willing to work with counsel for both parties to ensure that such errors do not occur again, but my client should not be required to bear the consequences of additional failures to redact her true name from public filings with this Court.

I greatly appreciate your attention to this matter. If the Court has further questions, I am reachable directly at (347) 504-0220 and by email at iliana@konidarislaw.com.

Respectfully submitted,

Olympias Iliana Konidaris

Cc: **Via email**
Roberta Kaplan
Gabrielle Tenzer
Jenna Minicucci Dabbs
Joshua Adam Matz
Thomas Alan Rawlinson
Michele S. Hirschman
Darren Wright Johnson
Jordana Lauren Haviv
Kimberly Lau
James Figliozzi