```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   12/03/2019
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BEN FEIBLEMAN,

                              Plaintiff,

              v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,

                              Defendant.

**STIPULATION REGARDING**
**CONFIDENTIAL INFORMATION**
**AND              | PROTECTIVE**
**ORDER**

No. 1:19-cv-04327 (VEC)

        **WHEREAS**, certain documents and information have been and may be sought, produced or exhibited by and between the parties to this proceeding (the "Proceeding"), which relate to the parties' financial information, personnel information, or other kinds of sensitive information that the party (including any third party) making the production deems confidential; and

        **WHEREAS**, this Proceeding may involve the production of certain non-public information which a party may believe to be confidential or sensitive personal information, including, but not limited to, private personal information concerning current or former students of Columbia University ("University");

        **WHEREAS**, this Proceeding may involve the production of documents containing material regulated by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 CFR Part 99 (together "FERPA"), and/or other privacy laws and regulations;

        **WHEREAS**, it has been agreed by and among the parties to the Proceeding, through their respective counsel, that a Stipulated Protective Order ("Protective Order") preserving

1

the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York; and

**WHEREAS**, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties;

**IT IS HEREBY ORDERED**:

1.      This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by any party in this Proceeding (the "Supplying Party") to any other party (the "Receiving Party"), when the same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Protective Order.

2.      Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order, and thereby become a Supplying Party for purposes of this Protective Order, if they agree to be bound by its terms and conditions by signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that they have read this Protective Order and shall abide by its terms.

3.      For purposes of this Protective Order, "Confidential Information" means confidential or private personal information. "Confidential Information" includes, but is not limited to, (a) any party's non-public policies and procedures, (b) any party's non-public financial information, (c) any documents relating to the investigation, hearing, adjudication, or appeal of the claims made to the University's Gender-Based Misconduct Office by Plaintiff or Complainant that

2

are underlying the Complaint ("Title IX Investigation Documents"), and (d) any education records protected by FERPA and redacted pursuant to Subparagraph 19(a) below.

4.      For purposes of this Protective Order, "Attorneys' Eyes Only Information" includes any education records protected by FERPA and produced in unredacted form pursuant to Subparagraphs 19(b)–(c) below.

5.      Confidential Information and Attorneys' Eyes Only Information may include documents, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed.

6.      Any Supplying Party shall, through counsel, have the right, subject to the terms of this Protective Order, to identify and designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any document or other materials it produces or provides (whether pursuant to Federal Rules of Civil Procedure 26, 33, or 34, pursuant to subpoena or by agreement between the Supplying Party(ies) and the Receiving Party(ies)) or any testimony given in this Proceeding, which documents, other discovery materials, or testimony are believed by that Supplying Party to constitute, reflect, or disclose confidential or private personal information (all of which is hereafter referred to as "Designated Material").

7.      In designating material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Supplying Party will make such designation only as to that material that it, in good faith, believes to be entitled to such treatment pursuant to this Protective Order.

8.      Specific documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as "CONFIDENTIAL" by marking the first page of the document and each subsequent page thereof containing Confidential Information as follows:

3

**CONFIDENTIAL**

9.     Confidential Information shall be disclosed by the Receiving Party only to the following persons:

(a)     The attorneys, paralegals, and stenographic and clerical employees in the respective law firms or legal departments of the Receiving Party's inside or outside counsel; and the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

(b)     Such officers and employees of the Receiving Party as counsel for that party deems necessary for the sole purpose of assisting in this Proceeding;

(c)     Any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the purpose of assisting in or consulting with respect to the preparation of this Proceeding, and the assistants, clerical employees, or staff of such consultant or expert;

(d)     The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding;

(e)     Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

(f)     Witnesses and their counsel to whom disclosure is reasonably necessary during their testimony in this Proceeding; provided, however, that a person identified solely in this paragraph shall not be permitted to retain copies of such Confidential Information;

(g)     Any mediator or arbitrator engaged by the parties to the Proceeding; and

(h)     Any person who authored or previously received the Confidential Information through means other than the discovery process in this Proceeding.

10.     Persons having knowledge of Confidential Information only by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the Proceeding or appeal thereof, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in Paragraph 9 of this Protective Order.

4

11.     Counsel shall take all reasonable and necessary steps to ensure the security of any

Confidential Information and will limit access to Confidential Information to those persons listed

in Paragraph 9 of this Protective Order.

12.     Documents produced by the University pursuant to Subparagraphs 19(b)–(c)

below, and any materials containing the personal identifying information contained in those

documents, shall be designated as "ATTORNEYS' EYES ONLY" by marking the first page of

the document and each subsequent page thereof containing Attorneys' Eyes Only Information as

follows:

## ATTORNEYS' EYES ONLY

13.     Attorneys' Eyes Only Information shall be disclosed by the Supplying Party only

to the Receiving Party's counsel. The Receiving Party's counsel shall disclose Attorneys' Eyes

Only Information only to the following persons:

(a)     The attorneys, paralegals, and stenographic and clerical employees in the
        respective law firms or legal departments of the Receiving Party's inside or
        outside counsel; and the personnel supplied by any independent contractor
        (including litigation support service personnel) with whom such attorneys
        work in connection with the Proceeding;

(b)     The Court and any members of its staff to whom it is necessary to disclose
        Attorneys' Eyes Only Information for the purpose of assisting the Court
        with respect to the Proceeding;

(c)     Stenographic employees and court reporters recording or transcribing
        testimony relating to the Proceeding;

(d)     Any mediator or arbitrator engaged by the parties to the Proceeding; and

(e)     Any person who authored or previously received the Attorneys' Eyes Only
        Information through means other than the discovery process in this
        Proceeding.

14.     Persons having knowledge of Attorneys' Eyes Only Information only by virtue of

their participation in the conduct of the Proceeding shall use that Attorneys' Eyes Only Information

only in connection with the Proceeding or appeal thereof and shall neither use such Attorneys' Eyes Only Information for any other purpose nor disclose such Attorneys' Eyes Only Information to any person who is not listed in Paragraph 13 of this Protective Order.

15.     Counsel shall take all reasonable and necessary steps to ensure the security of any Attorneys' Eyes Only Information and will limit access to Attorneys' Eyes Only Information to those persons listed in Paragraph 13 of this Protective Order. Attorneys' Eyes Only Information produced or provided by any Supplying Party will be kept in the Receiving Party's counsel's possession and/or in the possession of other persons entitled to receive copies of the documents pursuant to Paragraph 13 above.

16.     All persons to whom Designated Material is to be disclosed pursuant to Subparagraphs 9(c), 9(e) – (g), 13(a), or 13(c) – (d) as applicable above, as well as Plaintiff and any non-attorney officers or employees of Defendant who have not authored or previously received the Designated Material through means other than the discovery process in this Proceeding, shall, prior to disclosure, be advised of the contents of this Stipulation and Protective Order and be required to execute a Certification evidencing their agreement to the terms of the Protective Order, in the form annexed as Exhibit A.

(a)     Outside counsel for the Party that obtains the signed Certifications in the form annexed hereto as Exhibit A, as required in this Paragraph 16, shall retain them for six (6) months following the final termination of this Proceeding, including any appeals, and shall make them available to the other Party upon good cause shown. Counsel of record shall maintain a list of the names of all persons to whom such Confidential Information or Attorneys' Eyes Only Information is disclosed and such list shall be

available for inspection by counsel for the party claiming confidentiality upon order of
the Court following a show of good cause.

17.     Any material in the Proceeding that is made available for inspection pursuant to
Fed. R. Civ. P. 34 is to be treated by the Receiving Party as Attorneys' Eyes Only Information
pending the copying and delivery of any copies of same by the Supplying Party to the Receiving
Party.

18.     A Supplying Party (or its counsel) may designate as "CONFIDENTIAL" or
"ATTORNEYS' EYES ONLY" information disclosed at a deposition taken in connection with
this Proceeding by:

(a)     designating testimony given by the Supplying Party or its present or former
employee(s), students, representative(s), or any expert(s) as "CONFIDENTIAL" or
"ATTORNEYS' EYES ONLY" on the record during the taking of the deposition, in which
case the court reporter shall mark each page as provided in Paragraph 8 or 12, above; or

(b)     notifying all other parties in writing, within thirty (30) calendar days of
receipt of the transcript of a deposition given by the Supplying Party or its present or former
employee(s), students, representative(s), or any expert(s) of specific pages and lines of the
transcript which are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES
ONLY"; or

(c)     identifying testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES
ONLY" in the manner specified in either Subparagraph (a) or Subparagraph (b) above, if
such testimony was given by a Receiving Party or its present or former employee(s),
students, representative(s), or any expert(s) and contained Designated Material so
designated by the Supplying Party.

7

Whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.

19.      Pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9), in response to discovery requests or otherwise necessary for use in this Proceeding, the University and its representatives are permitted to disclose education records ("Confidential Student Records") as defined in FERPA, as follows:

(a)      The University may produce a student's Confidential Student Records with all of the student's personal identifying information redacted and/or, in the case of Title IX Investigation Documents that are also Confidential Student Records, replaced with a pseudonym pursuant to Paragraph 20 below, provided that the University has made a reasonable determination that the current or former student's identity is not personally identifiable, whether on the face of the redacted Confidential Student Records or in conjunction with other documents produced by the University, and taking into account other reasonably available information.

(b)      Plaintiff may request in writing that the University produce certain Confidential Student Records without redaction of personally identifying information ("Requested Unredacted Records"). If the University is reasonably satisfied that Plaintiff's need for the records in unredacted form sufficiently outweighs the privacy interest of the current or former student(s) to whom the Requested Unredacted Records relate, then:

(i)      The University shall make reasonable efforts to provide the current or former student(s) to whom the Requested Unredacted Records relate with written notice, the language of which shall be agreed upon by the parties, by any reasonable means available, including by sending such notice by first class mail to the student's

last known or permanent mailing address as indicated in the records of the University's Office of the Registrar and to the student's University email address, so that the student may seek protective action pursuant to 34 C.F.R. § 99.31(a)(9)(ii) if he or she chooses to do so;

(ii)  A current or former student receiving such notice shall be provided a period of ten (10) business days following receipt of the notice to inform the University whether the student intends to seek an order preventing the University from disclosing the Requested Unredacted Records and a further period of five (5) business days following return of the notice to apply for protection from the Court to prevent disclosure of the Requested Unredacted Records, provided that if the student does not inform the University within ten (10) business days that the student intends to seek an order preventing disclosure, the University may produce the Requested Unredacted Records to Plaintiff's counsel; and

(iii) If any current or former student informs the University of his or her intent to apply for protection from the Court to prevent disclosure of Requested Unredacted Records, the University shall not be required to produce to Plaintiff's counsel any documents and/or information containing such Requested Unredacted Records until the Court rules on the application.  If the Court orders the Requested Unredacted Records to be produced, they shall be designated and treated as "ATTORNEYS' EYES ONLY" pursuant to this Protective Order.

(c)    If the University is not satisfied that Plaintiff's need for the Requested Unredacted Records outweighs the privacy interests of the current or former student(s) to whom they relate, then the parties shall follow the procedures set forth in Local Civil Rule

37.2, as modified by Section 3.B of the Court's Individual Practices in Civil Cases, to resolve any dispute.

(d)  Notwithstanding anything set forth above, pursuant to 34 C.F.R. § 99.31(a)(9)(iii)(B), the University may disclose Plaintiff's Confidential Student Records in this Proceeding without giving Plaintiff notice or redacting Plaintiff's personally identifying information.

Disclosure of Confidential Student Records in accordance with this Paragraph 19 shall satisfy 20 U.S.C. § 1232g(b)(2)(B).

20.  Notwithstanding Paragraph 19 above, the name of Complainant shall be pseudonymized in all documents produced by the University in this Proceeding, and the names of any witnesses interviewed as part of Plaintiff's Gender-Based Misconduct Proceeding shall not be pseudonymized or redacted in any Title IX Investigation Documents produced by the University in this Proceeding.

21.  Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party (or its counsel) designating the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

22.  In the event any person or Receiving Party having possession, custody, or control of any Confidential Information or Attorneys' Eyes Only Information produced in this Proceeding receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify by e-mail the attorneys of record of the Suppling Party and shall furnish those attorneys with a copy of said subpoena or other process or order. The person or Party receiving the subpoena or other process or order shall not produce the requested Confidential

Information or Attorneys' Eyes Only Information unless and until a court of competent jurisdiction so directs, except if the Supplying Party (a) consents, or (b) fails to file a motion to quash or fails to notify the person or Party in writing of its intention to contest the production of the Confidential Information or Attorneys' Eyes Only Information prior to the date designated for production of the subpoenaed information, in which event the person or Party may produce on the designated production date, but no earlier. The purpose of requiring the person or Party receiving the subpoena or other process or order to wait until the designated production date for producing Confidential Information or Attorneys' Eyes Only Information is to afford the Supplying Party an opportunity to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Supplying Party asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. The person or Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

23.     Any Supplying Party may redesignate under Paragraphs 8 or 12 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by providing written notice to counsel of record for each party identifying (by production number, transcript line and page number, or other individually identifiable information) the document, testimony, or other information whose designation is to be changed and, promptly after providing such notice, by providing re-labeled copies of the material to the Receiving Party reflecting the new designation. Upon receipt of any such written redesignation, counsel of record shall: (i) not make any further disclosure or communication of

such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the treatment of such material required under this Protective Order pursuant to the redesignation; (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt of Designated Material under Paragraph 9 or 13 above; and (iv) replace the Redesignated Material with the re-labeled copies of the material and make reasonable efforts to destroy the copies of the Redesignated Material.

24.      Any party may request at any time permission to disclose Designated Material to a person other than those permitted under Paragraphs 9 or 13 above, or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel. Any such request shall state the Designated Material the party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and purpose(s) therefor. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, or email transmission) as soon as practicable, but within ten (10) business days of its receipt of such request. If consent is withheld, the Supplying Party or its counsel shall state the reasons why it is withholding such consent. Failure to respond within such ten-day period shall constitute consent to the request. If, where consent is withheld, the requesting party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" unless and until differing treatment is directed pursuant to an order of the Court.

25.    Any party may object to the propriety of the designation (or redesignation) or the lack of designation of specific material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" ("Objecting Party") by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) business days, respond to such objection in writing (by hand delivery, courier, or email transmission) by either: (i) agreeing to remove, change, or add the designation; or (ii) stating the reasons for such designation or lack thereof. If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party shall be free to move the Court for an Order removing or modifying the disputed designation or lack thereof. On such a motion, it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. The material(s) in issue shall continue to be treated in the manner imposing the greatest limitation on circulation sought by a party until the Court orders otherwise.

26.    Nothing in this Protective Order shall restrict any party's counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Designated Material, provided that in rendering such advice, counsel shall not disclose any other party's Designated Material, other than in a manner provided for in this Protective Order.

27.    Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or stop the Supplying Party from designating said document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at a later date. Disclosure of said document or information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall

13

promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to its receipt under Paragraphs 9 or 13.

28.     The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof.  Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced.  Upon receiving written notice, parties who have received materials redesignated as privileged shall, within five (5) business days, return or destroy all copies of such materials and provide a certification of counsel that all such information has been returned or destroyed.  Notwithstanding the above, a party may move the Court for an Order compelling production of the inadvertently disclosed information.  The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

29.     All Designated Material that is filed with the Court, or any pleadings, motions or other papers filed with the Court that reveals any information that has been designated as Confidential Information or Attorneys' Eyes Only Information by any party or non-party, shall, consistent with Paragraph 30 below and Provision 5.A.iii of the Court's Individual Practices in Civil Cases, be filed in redacted form with an unredacted copy filed under seal and kept under seal until further order of the Court or, where applicable, consistent with Paragraph 30 below and the Court's June 28, 2019 Order (ECF No. 43), filed in pseudonymized form.

30.     Prior to filing with the Court information that has been designated as Confidential Information or Attorneys' Eyes Only Information, the parties shall meet and confer concerning any redactions or pseudonymization, and cooperate in seeking to resolve any disputed issues of confidentiality.  The party intending to file the Confidential Information or Attorneys' Eyes Only Information with the Court shall make all reasonable efforts to provide the redacted and/or pseudonymized document(s) to the other party for review two (2) business days prior to filing.  If the parties cannot resolve a dispute arising from this Paragraph, they shall follow the procedures set forth in Section 3.B of the Court's Individual Practices in Civil Cases.

31.     If Designated Material is used during depositions or in preparing a witness for testimony, it shall not lose its status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its designated status during such use.

32.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence, or to affect any Party's right to assert that documents or information may be withheld on grounds of relevance, privilege, or any other ground, including but not limited to regulation under FERPA or other privacy law/regulation.

33.     Designated Material, any copies and/or extracts thereof, and anything derived therefrom, shall not be disclosed in any way for use in any other litigation or contemplated litigation, or for any other purpose extraneous to this Proceeding.

34.     Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies shall be returned or destroyed within sixty (60) calendar days of receipt of the request to the Supplying Party; provided, however, that attorney work product, briefs and other court papers prepared for use in this Proceeding need not be returned or destroyed, but may be retained only by

the parties' counsel and, if so retained, shall continue to be maintained as Confidential or Attorneys' Eyes Only in accordance with the provisions of this Stipulation.

35.     If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Supplying Party of all pertinent facts relating to such disclosure and make all reasonable efforts to recover all copies of the Designated Material and prevent further disclosure or dissemination by each unauthorized person who received such Designated Material.

36.     In the event of a proven willful violation of this Protective Order by any party in this action or others designated in Paragraphs 9 or 13 hereof, all parties acknowledge that the offending party or persons may be subject to sanctions determined in the discretion of the Court.

37.     The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Proceeding, unless otherwise modified by agreement of the parties or order of the Court.  The parties shall be free to use any admissible Designated Material at trial and any appeals related to this Proceeding but shall work together to fashion appropriate measures to limit the disclosure of such Designated Materials.  The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court upon motion or agreement of the parties.

38.     Data produced in electronic form may be designated as Confidential Information or Attorneys' Eyes Only Information by marking the data storage medium with the appropriate legend set forth in Paragraphs 8 or 12 above.  In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend.

39.    Nothing contained herein shall preclude any party from using its own Designated Material in any manner it sees fit, without prior consent of any party or the Court.

40.    The terms of this Protective Order may be amended or modified by written agreement of the parties or upon motion and order of the Court.  This Protective Order shall continue in force until amended or superseded by express order of the Court and shall survive any final judgment or settlement in this Proceeding.

41.    Although this Protective Order binds the parties to treat Designated Material as "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" the Court has not reviewed any such Designated Material.  Therefore, in approving this Protective Order, the Court makes no finding as to whether any Designated Material has been properly designated.  Such a finding will be made, if ever, upon review by the Court of each document so designated.

The parties, by their counsel, hereby consent to entry of the foregoing Order:


PAUL, WEISS, RIFKIND, WHARTON &       WARSHAW BURSTEIN, LLP
GARRISON LLP

By: _____            By: _____
    Michele Hirshman                        Kimberly C. Lau
    Darren W. Johnson                       James E. Figliozzi
1285 Avenue of the Americas             575 Lexington Avenue
New York, New York 10019-6064           New York, New York 10022
Phone: (212) 373-3000                   Phone: (212) 984-7700
Fax: (212) 757-3990                     Fax: (212) 984-7700
mhirshman@paulweiss.com                 klau@wbny.com
djohnson@paulweiss.com                  jfigliozzi@wbny.com

                                        *Attorneys for Plaintiff Ben Feibleman*


17

KAPLAN HECKER & FINK LLP

By: _____
    Roberta A. Kaplan
    Gabrielle E. Tenzer
    Thomas A. Rawlinson
350 Fifth Avenue, Suite 7110
New York, New York 10118
Phone: (212) 763-0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
trawlinson@kaplanhecker.com

*Attorneys for Defendant The Trustees of
Columbia University in the City of New York*

**Notwithstanding any of the foregoing, any party seeking to file any document under seal with the Court must seek leave to do so in accordance with the undersigned's Individual Practices, Rule 5.A.**

IT IS SO ORDERED this 3rd day of _____December_____, 2019

_____
The Hon. Valerie E. Caproni
United States District Judge

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BEN FEIBLEMAN,

Plaintiff,

v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,

Defendant.

No. 1:19-cv-04327 (VEC)

The undersigned hereby acknowledges that, having read the Protective Order issued by the Court in the above-captioned action on _____, 2019, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
Date

_____
Name (typed or printed)

_____
Signature

19