

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
Tel: 212-984-7700
www.wbny.com

KIMBERLY C. LAU, ESQ.
PARTNER
ATTORNEY DIRECT DIAL: 212-984-7709
EMAIL:klau@wbny.com

January 8, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007-1312

      **Re:**    *Feibleman* **v.** *The Trustees of Columbia University in the City of New York*,
            **No. 1:19-cv-04327 (VEC)**

Dear Judge Caproni:

      We represent Plaintiff Ben Feibleman in the referenced action.  Pursuant to Your Honor's Order dated June 28, 2019 (ECF 43), we write on behalf of Plaintiff and Defendant The Trustees of Columbia University in the City of New York (together, the "Parties") to submit this Joint Report on the Status and Progress of Discovery ("Joint Report").

      The Parties have finalized an agreement regarding the parameters for the exchange of electronically stored information.  Following consultation among the Parties, Plaintiff provided Columbia with a set of documents with revised privileged redactions and a privilege log, and Columbia is in the process of providing certain documents with revised redactions.  Plaintiff has requested that Columbia provide these documents by January 10, 2020.

      Plaintiff believes that despite the Parties best efforts to resolve them, the following two discovery disputes require the Court's intervention at this time:

I. Columbia's Failure to Provide Documents Related to Plaintiff's Selective Enforcement and
   New York City Human Rights Law Causes of Action

**Plaintiff's Position**

      Columbia has failed to substantively respond to the items of Plaintiff's First Request for Production of Documents that are integral to his Title IX selective enforcement and New York

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
January 8, 2020
Page 2 of 7

City Human Rights Law causes of action. As the Court is aware, these are the only two causes of action that are in active discovery while Columbia's Motion to Dismiss remains *sub judice*. Discovery outside of these two causes of action was stayed by the Court's Order dated June 28, 2019 (ECF No. 43) at Columbia's request. Yet, more than four months after receiving Plaintiff's discovery demands, Columbia has failed to provide any real discovery that would aid in moving this matter forward. Plaintiff's First Request for Production of Documents was served on August 30, 2019. Columbia provided its responses and objections on October 7, 2019. Relevant portions of Plaintiff's First Request for Production of Documents (Exhibit A) and Columbia's Responses and Objections to Plaintiff's First Request for Production of Documents (Exhibit B) are enclosed.

To date, Columbia has not provided any truly substantive documents in response to Plaintiff's Request for Production No. 7, Plaintiff's Request for Production No. 8, Plaintiff's Request for Production No. 9, Plaintiff's Request for Production No. 10, Plaintiff's Request for Production No. 11, Plaintiff's Request for Production No. 12, Plaintiff's Request for Production No. 13, Plaintiff's Request for Production No. 14, Plaintiff's Request for Production No. 15, Plaintiff's Request for Production No. 80, Plaintiff's Request for Production No. 81, and Plaintiff's Request for Production No. 82. Defendant's continued deficiency has significantly hindered the progression of discovery in this matter.

Plaintiff's Requests for Production Nos. 7 through 15 seek documents and communications related to Gender-Based Misconduct Policy violations reported to and adjudicated by Columbia, including, *inter alia*, the gender of complainants and respondents, the number and gender of respondents found responsible, and the number and gender of respondents who received (or were spared from) specific punishments. Plaintiff has made several requests by telephone and in writing seeking the documentation demanded by these Requests. In response, Columbia has repeatedly indicated that some sort of documentation related to these Requests was forthcoming. However, during the four months that the Requests have been pending, Columbia has failed to provide any documentation outside of several Columbia University Gender-Based Misconduct Prevention and Response Annual Reports. These Annual Reports are only partially responsive to Plaintiff's Request for Production No. 7, Plaintiff's Request for Production No. 8, and Plaintiff's Request for Production No. 9 and do not provide any information that is truly helpful to proving Plaintiff's Title IX selective enforcement and New York City Human Rights Law causes of action. For example, while the Annual Reports contain certain statistics related to reported violations of the Gender-Based Misconduct Policy and Columbia's adjudication of these reports, they are void of any information relating to the gender of the complainants and the respondents. Additionally, the Annual Reports are publicly available and have long been in Plaintiff's possession. As such, they do not constitute a document production in any real sense.

Moreover, based on Columbia's previous representations, Plaintiff anticipates that the additional documentation Columbia plans on providing in response to Plaintiff's Requests for Production Nos. 7 through 15 will be insufficient. Columbia has advised that it will be creating a new document aggregating the information contained within the documents responsive to these

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
January 8, 2020
Page 3 of 7

Requests instead of simply providing the documents requested, which are almost certainly records kept in the regular course of Columbia's business. Plaintiff has repeatedly and on multiple occasions over the past several months informed Columbia that it is improper to refuse to provide the actual documents in response to these Requests, as Plaintiff cannot rely on Columbia's impressions of the information contained within the relevant documents to prosecute his case. Rather, he needs the actual documents and the raw data contained therein. However, because Columbia has not yet even provided this promised Columbia-generated documentation, Plaintiff has not been able to fully and intelligently raise this issue with the Court. On January 7, 2020, Columbia indicated that it would be providing "information responsive" to these Requests "as soon as possible this month." Given the relatively short timeframe for completing fact discovery in this matter and the nebulous timeline offered by Columbia, Plaintiff now has no choice but to raise this issue in an inchoate form.

Plaintiff's Requests for Production Nos. 80 through 82 seek documents and communications related to Columbia's Title IX training. Columbia has not provided any documents or communications responsive to these Requests. Columbia has not provided any explanation regarding its failure to provide the responsive documents and communications during the four months that the Requests have been pending. Columbia has promised to provide documents responsive to these Requests by January 10, 2020.

It is not possible to move forward with the necessary fact or expert discovery related to Plaintiff's Title IX selective enforcement and New York City Human Rights Law causes of action until Columbia complies with its long-outstanding discovery obligations. Each passing day of non-compliance by Columbia makes it less and less likely that fact discovery related to Plaintiff's Title IX selective enforcement and New York City Human Rights Law causes of action will be completed by the current May 1, 2020 deadline. Accordingly, Plaintiff requests that the Court set a very short deadline for Columbia's compliance with its outstanding discovery obligations.

## Defendant's Position

As Plaintiff acknowledges, Columbia has committed to producing documents responsive to Plaintiff's Request Nos. 80-82 by this Friday, January 10, 2020, and information responsive to Plaintiff's Request Nos. 7-15 as soon as possible this month. On January 7, 2020, Columbia attempted to schedule a meet-and-confer by telephone to address Plaintiff's remaining concerns with Columbia's proposed responses to these requests (which Plaintiff raised in a January 3, 2020 email), but Plaintiff refused to do so and insisted that it was instead necessary to raise the alleged issues with the Court in this format without engaging in a real meet-and-confer process or otherwise allowing for further discussion between the parties.

This is improper. Your Honor's rules explicitly state that "[a]ny party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." Individual Practices in Civil

Warshaw Burstein, LLP

Hon. Valerie E. Caproni
**January 8, 2020**
Page 4 of 7

Cases § 3.B (emphasis added).  Here, Plaintiff has refused to do so, including by refusing even to schedule a telephone call so that Columbia could better understand and attempt to address his concerns.  We would respectfully request that Your Honor order Plaintiff to comply with this directive going forward.

Plaintiff's complaints about the substance of Columbia's forthcoming productions are premature in any event, given that Plaintiff has not yet received the productions and therefore cannot possibly assess their sufficiency.  Indeed, what Plaintiff appears to be suggesting is that he will move to compel, no matter what Columbia ultimately produces and no matter what compromises the parties may otherwise reach as part of the required meet-and-confer process.  That also violates Your Honor's rules because it clearly evidences a lack of good faith.  Indeed, Plaintiff's refusal to engage with Columbia is particularly surprising given the progress that the parties have made in recently resolving their discovery disputes, including reaching final agreement on search terms on January 3, 2020, which will now allow the parties to move expeditiously to complete discovery within the deadlines set by the Court.

Columbia remains willing to meet and confer in an effort to resolve Plaintiff's concerns, and there is no reason for Plaintiff to assume or conclude that Columbia will not continue to work as quickly as possible to review and synthesize the voluminous amounts of information requested on the timeline to which it has already committed.  Plaintiff's attempt to manufacture a dispute where none exists should be rejected.

II.  Defendant's Request for Additional Records and a Written Certification Regarding Plaintiff's Military File

**Plaintiff's Position**

Defendant's Request for Production No. 36 seeks "Plaintiff's full Official Military Personnel File, including but not limited to miscellaneous documents, routine or otherwise; group travel orders; temporary or additional duty orders; unaccompanied or on-base housing assignment, termination, waiver, or related documents; investigation related documents, and letters of recommendation."  Instruction 1 of Defendant's First Request for Production of Documents states, "The documents called for by these Requests are documents in Your possession, custody, or control, or the possession, custody, or control of anyone acting on your behalf."  Relevant portions of Defendant's First Request for the Production of Documents (Exhibit C) are enclosed.  Plaintiff provided the majority of the documents in his possession, custody, or control responsive to Defendant's Request for Production No. 36 on October 7, 2019.  Following a supplemental production on January 3, 2020, Plaintiff has now provided all documents responsive to Defendant's Request for Production No. 36 within his possession, custody, or control.

In spite of Plaintiff's full compliance with Defendant's Request for Production No. 36, Columbia has repeatedly asserted that Plaintiff has not met his discovery obligations and has

Warshaw Burstein, LLP

Hon. Valerie E. Caproni
January 8, 2020
Page 5 of 7

demanded that Plaintiff provide a written certification from the United States government that the documents provided in response to Defendant's Request for Production No. 36 constitute his full official military personnel file as maintained by the United States government. Review of the language quoted above shows that Columbia's demand for such a certification from the United States Government is outside the scope of Defendant's Request for Production No. 36. Plaintiff has made his position clear to Columbia on multiple occasions. Still, Columbia has repeatedly demanded that Plaintiff produce a document that he is not required to produce pursuant to the relevant discovery demand.

Moreover, Columbia's demand for a written certification is impracticable and unduly burdensome when considering the needs of this case. In order to obtain such a certification, Plaintiff would need to (1) send the documents that he provided to Columbia to the National Personnel Records Center; (2) request that the National Personnel Records Center compare the documents in its possession related to Plaintiff's military personnel file with the documents Plaintiff provided to Columbia; and (3) request a certification from the National Personnel Records Center that the documents produced to Columbia match governmental records. Such a request, in the unlikely event it were even entertained by the National Personnel Records Center, would take months to complete, unnecessarily delaying discovery in this matter.

Additionally, Columbia has not provided any evidence that the documents provided in response to Defendant's Request for Production No. 36 are inauthentic in any way, shape, or form. In further support of the authenticity of the documents that he provided in response to Defendant's Request for Production No. 36, Plaintiff has also produced his Certificate of Honorable Discharge as well as a series of good conduct commendations, correspondence, and certificates. These documents are not part of Plaintiff's official military personnel file, but Plaintiff gratuitously provided them to Columbia in an attempt to resolve this dispute and avoid the needless expenditure of judicial resources. Moreover, Plaintiff financed his undergraduate and graduate education at Columbia, in part, through benefits obtained under the GI Bill. Plaintiff could not have obtained these benefits, which Columbia readily accepted in the form of tuition payments, unless his discharge from the United States Marine Corps was Honorable. Thus, there cannot be any assertion that the character of Plaintiff's military service and discharge were anything other than Honorable.

Even though Plaintiff has fully complied with Defendant's Request No. 36, Columbia has also asserted that it is entitled to additional documentation along with the aforementioned written certification on the basis that Plaintiff's military record bears on whether Plaintiff has a history of engaging in conduct relevant to the claims or defenses in this case. In responding to Request No. 36, Plaintiff objected, in part, "to the extent that [Request No. 36] seeks documents not relevant to any party's claims or defenses." Relevant portions of Plaintiff's Response to Defendant's Request for Production of Documents (Exhibit D) are enclosed. It is unclear how any purported prior bad conduct of Plaintiff would impact his claims or Columbia's defenses in this matter. There is no indication that any such instances of inappropriate behavior by Plaintiff ever occurred. As noted in the preceding paragraph, the evidence related to Plaintiff's military

**WARSHAW BURSTEIN, LLP**

Hon. Valerie E. Caproni
January 8, 2020
Page 6 of 7

service shows that his conduct was admirable and that his discharge was Honorable. Additionally, there is no indication that Columbia was aware of any supposed instances of improper conduct by Plaintiff when it adjudicated Complainant's and Plaintiff's claims against each other. Accordingly, the existence of any such alleged misconduct by Plaintiff is immaterial to Plaintiff's claims and Columbia's defenses. Instead of seeking legitimate discovery, Columbia is engaging in a fishing expedition in an attempt to trade on the unfortunate stereotype that veterans are violent and predatory despite the clear absence of any evidence that Plaintiff has ever engaged in such behavior.

Columbia has offered Plaintiff a supposed compromise by requesting that Plaintiff explain the circumstances under which he obtained the documents produced in response to Defendant's Request No. 36 and the basis for his understanding that the documents produced comprise Plaintiff's full, official military personnel file as maintained by the United States government. As Plaintiff has explained to Columbia, this compromise, like Columbia's previous unwarranted demands, seeks information that is beyond the scope of the documentation sought by Request No. 36. As previously noted above and repeatedly communicated to Columbia, Plaintiff has provided all documents within his possession, custody, and control that are responsive to Request No. 36 and has therefore faithfully complied with his discovery obligations.

There is simply no basis for requiring Plaintiff to further supplement his response to Defendant's Request for Production No. 36, nor is there any basis for requiring Plaintiff to obtain a written certification from the United States government as demanded by Columbia. Accordingly, Plaintiff requests that the Court determine that no further action by Plaintiff with regard to Defendant's Request for Production No. 36 is required.

**Defendant's Position**

As Plaintiff acknowledges, Columbia is not asking for Plaintiff to provide a written certification and merely seeks further information as to the documents that Plaintiff has already produced in order to understand whether the documents comprise Plaintiff's military record as called for under Columbia's Request No. 36. Columbia attempted on January 7, 2020 to schedule a meet-and-confer to address Plaintiff's concerns with providing such an explanation, but Plaintiff refused to do so and insisted that it was necessary to seek intervention from the Court without allowing for further discussion between the parties. As discussed above, Plaintiff's request for Court intervention is not only premature, but also violates Your Honor's rules, which state that "[a]ny party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." Individual Practices in Civil Cases § 3.B. Here, Columbia believes that further discussions between the parties, as required by the Court's rules, would be productive and is willing to consider further compromise, particularly if Plaintiff can explain why he is so reluctant to furnish the requested explanation. Columbia therefore believes that Court intervention is not warranted at this time.

WARSHAW BURSTEIN, LLP

**Hon. Valerie E. Caproni**
**January 8, 2020**
**Page 7 of 7**

\*     \*     \*

Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

Kimberly C. Lau

cc:     Counsel for Defendant (*via* ECF)

Enclosures

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| BEN FEIBLEMAN,<br><br>                      Plaintiff,<br><br>v.<br><br>THE TRUSTEES OF COLUMBIA<br>UNIVERSITY IN THE CITY OF NEW<br>YORK,<br><br>                      Defendant. | Civil Action No.: 19-cv-04327-VEC<br><br>PLAINTIFF'S FIRST REQUEST<br>FOR PRODUCTION OF<br>DOCUMENTS |

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Ben Feibleman ("Plaintiff"), by and through his attorneys Warshaw Burstein, LLP, hereby requests that Defendant, The Trustees of Columbia University in the City of New York ("Columbia") produce and make available for inspection and copying the documents described herein which are in its possession, custody or control, within thirty (30) days:

### DEFINITIONS AND INSTRUCTIONS

1.      The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 are hereby incorporated by reference.

2.      In addition to the foregoing, the words "document" or "documents" include, but are not limited to, "e-mail" and other forms of electronic documents, communications and data compilations, as well as any and all written, taped, recorded or graphic matter however produced or reproduced (together with attachments and annotations thereto or thereon), agreements, contracts, tapes, recordings or other forms of mechanical reproduction, reports, studies, summaries, memoranda, calendar or diary entries, written notes, working papers, minutes, agendas, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules,

6.      All directory information (as defined in FERPA), including, without limitation, full name, address, e-mail address, telephone listing, photograph, date and place of birth, major field of study, participation in college activities and sports, dates of attendance, degrees and awards received, most recent previous educational institution attended, grade level and enrollment status for the following Columbia University students:



A. ████████████;

B. ███████;

C. ███████████████;

D. ██████████████████;

E. ███████████████;

F. ██████████;

G. ███████████;

H. ██████████;

I. ██████████;

J. ██████;

K. ███████████████; and

L. ████████████.

7.      All documents and communications referring to the number and nature of Gender-Based Misconduct Policy violations reported to Columbia University from January 1, 2009 to present.

8.      For the reports identified in response to Item 7., all documents and communications referring to the number of cases adjudicated by a Hearing Panel in each year from January 1, 2009 to present.

9.     For the reports identified in response to Item 7, all documents and communications referring to the number of students found responsible and the types of sanctions levied in each year from January 1, 2009 to present.

10.     For the reports identified in response to Item 7., all documents and communications referring to the gender of the complainant and respondent in each year from January 1, 2009 to present.

11.     For the reports identified in response to Item 7., all documents and communications referring to the number of female students found responsible for violations of the Gender-Based Misconduct Policy, including the sanctions levied in each year from January 1, 2009 to present.

12.     All documents and communications referring to the number of students who were granted their diploma while Gender-Based Misconduct Policy charges were pending against them at the time of graduation from January 1, 2009 to present.

13.     All documents and communications referring to the gender of all students who were granted their diploma while Gender-Based Misconduct Policy charges were pending against them at the time of graduation from January 1, 2009 to present.

14.     All documents and communications referring to the number of students who had their diploma withheld because they were found responsible for violations of the Gender-Based Misconduct Policy.

15.     All documents and communications referring to the gender of all students who had their diploma withheld because they were found responsible for violations of the Gender-Based Misconduct Policy.

72.    All documents and communications that formed the basis of the Hearing Panel's determination of Plaintiff's credibility.

73.    All documents and communications relied upon by Columbia in determining the Sanction.

74.    All documents and communications relied upon by Columbia in drafting the Sanction Letter.

75.    All documents and communications related to Plaintiff's Appeal.

76.    All documents and communications authored by, or received by, the Appellate Panel members which relate to Complainant's report against Plaintiff.

77.    All documents and communications authored by, or received by, the Appellate Panel members which relate to Plaintiff's report against Complainant.

78.    All documents and communications relied upon by the Appellate Panel in deciding Plaintiff's Appeal.

79.    All documents and communications relating to the Appellate Panel's determination of Plaintiff's Appeal.

80.    All documents and communications related to Columbia's Title IX training from January 1, 2009 to present.

81.    All Title IX training materials utilized to instruct Columbia faculty members, staff, and other employees from January 1, 2009 to present.

82.    All documents and communications related to Title IX training provided to the Hearing Panel members prior to June 21, 2017.

83.    All documents and communications related to Title IX reports made by Complainant other than the report that Complainant made against Plaintiff.

84.     Plaintiff's academic transcript.

85.     All receipts for tuition fees paid by Plaintiff.

Dated: New York, New York
        August 30, 2019

                            **WARSHAW BURSTEIN, LLP**
                            *Attorneys for Plaintiff*

                            By:   _____
                                  Kimberly C. Lau
                                  James E. Figliozzi
                                  575 Lexington Avenue
                                  New York, New York 10022
                                  (212) 984-7700
                                  klau@wbny.com
                                  jfigliozzi@wbny.com

TO:   Roberta A. Kaplan
      Gabrielle E. Tenzer
      Jenna M. Dabbs
      Joshua Matz
      Thomas A. Rawlinson
      **KAPLAN HECKER & FINK LLP**
      350 Fifth Avenue
      Suite 7110
      New York, NY 10118
      (212) 763-0883

      Michele S. Hirshman
      Darren Wright Johnson
      Jordana Lauren Haviv
      **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
      1285 Avenue of the Americas
      New York, NY 10019
      (212) 373-3000

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEN FEIBLEMAN,

                             *Plaintiff,*

              v.                                        No. 1:19-cv-4327 (VEC) (KHP)

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,

                             *Defendant.*

## DEFENDANT THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York (together, the "Rules"), Defendant The Trustees of Columbia University in the City of New York ("Columbia"), by and through its attorneys, submits these responses and objections ("Responses") to Plaintiff Ben Feibleman's First Request for Production of Documents dated August 30, 2019 (the "Requests").

### GENERAL OBJECTIONS AND RESPONSES

The following general objections and responses (the "General Objections") are incorporated into each specific objection and response (the "Specific Objections") as if fully set forth therein:

1.     Columbia objects to the Requests to the extent they are duplicative, cumulative, or seek information that has been or will be provided through other means of discovery.

1



B. ██████████;
C. ████████████;
D. ████████████;
E. ██████████;
F. ███████;
G. ████████;
H. █████████;
I. ████████;
J. ██████;
K. ██████████████; and
L. █████████.

## RESPONSE TO REQUEST NO. 6

In addition to its General Objections, Columbia objects to Request No. 6 on the ground that it is overly broad, unduly burdensome, and seeks information not relevant to either party's claims or defenses, including but not limited to Plaintiff's Discrimination Claims. Columbia further objects to Request No. 6 to the extent that it exceeds the scope of Federal Rule of Civil Procedure 34(a) by requesting the production of "information" rather than documents and is therefore more appropriately served as an interrogatory. Plaintiff further objects to Request No. 6 to the extent it requests information beyond that which is defined as "Directory Information" in FERPA. *See* 20 U.S.C. 1232g(a)(5) and 34 C.F.R. § 99.37. Plaintiff further objects to Request No. 6 to the extent it requests information for the purpose of serving a subpoena on Complainant, which requires leave of the Court. *See* June Order at 2. Columbia will withhold responsive information, if any, based on the foregoing objections.

## REQUEST NO. 7

**All documents and communications referring to the number and nature of Gender-Based Misconduct Policy violations reported to Columbia University from January 1, 2009 to present.**

## RESPONSE TO REQUEST NO. 7

Columbia objects to Request No. 7 on the ground that it is vague and ambiguous to the extent it uses the undefined term "nature." Columbia further objects to Request No. 7 on the

ground that it is overly broad, unduly burdensome, and seeks information not relevant to either party's claims or defenses and disproportionate to the needs of the case to the extent it requests "documents and communications referring to the number and nature of *all* Gender-Based Misconduct policy violations" (emphasis added), and will withhold responsive documents, if any, based on this objection.  Columbia further objects to Request No. 7 on the ground that it requests documents and communications from "January 1, 2009 to present," which significantly predates the allegations of the Complaint and is therefore beyond the scope of Plaintiff's claims, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce information sufficient to show the number of Gender-Based Misconduct ("GBM") Policy violations reported to Columbia since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year and the type of violation reported, where the GBM Policy violation at issue was similar to that for which Plaintiff was charged, including Sexual Assault: Intercourse, Sexual Assault: Contact, Sexual Assault: Type Not Specified by Reporter, and Sexual Harassment.  Columbia will also produce the Annual Reports of Gender-Based Misconduct Prevention and Response compiled by Columbia's GBM Office and Office of Student Conduct and Community Standards released since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year.

## REQUEST NO. 8

**For the reports identified in response to Item 7., all documents and communications referring to the number of cases adjudicated by a Hearing Panel in each year from January 1, 2009 to present.**

## RESPONSE TO REQUEST NO. 8

Columbia objects to Request No. 8 on the ground that it is overly broad and unduly burdensome to the extent it requests all documents and communications referring to the number

9

of cases adjudicated by a Hearing Panel for the reports identified in response to Item 7 and to the extent it requests documents and communications from "January 1, 2009 to present," which significantly predates the allegations of the Complaint and is therefore beyond the scope of Plaintiff's claims, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce information sufficient to show the number of GBM Policy violation cases adjudicated by a Hearing Panel since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year, where the GBM Policy violation at issue was similar to that for which Plaintiff was charged, including Sexual Assault: Intercourse, Sexual Assault: Contact, Sexual Assault: Type Not Specified by Reporter, and Sexual Harassment. Columbia will also produce the Annual Reports of Gender-Based Misconduct Prevention and Response compiled by Columbia's GBM Office and Office of Student Conduct and Community Standards released since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year.

**REQUEST NO. 9**

**For the reports identified in response to Item 7, all documents and communications referring to the number of students found responsible and the types of sanctions levied in each year from January 1, 2009 to present.**

**RESPONSE TO REQUEST NO. 9**

Columbia objects to Request No. 9 on the ground that it is overly broad and unduly burdensome to the extent it requests all documents and communications referring to the number of students found responsible and the types of sanctions levied in each year for the reports identified in response to Item 7 and to the extent it requests documents and communications from "January 1, 2009 to present," which significantly predates the allegations of the Complaint and is

therefore beyond the scope of Plaintiff's claims, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce information sufficient to show the number of students found responsible for GBM Policy violations reported to Columbia and the types of sanctions levied as a result since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year, where the GBM Policy violation at issue was similar to that for which Plaintiff was charged, including Sexual Assault: Intercourse, Sexual Assault: Contact, Sexual Assault: Type Not Specified by Reporter, and Sexual Harassment. Columbia will also produce the Annual Reports of Gender-Based Misconduct Prevention and Response compiled by Columbia's GBM Office and Office of Student Conduct and Community Standards released since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year.

**REQUEST NO. 10**

**For the reports identified in response to Item 7., all documents and communications referring to the gender of the complainant and respondent in each year from January 1, 2009 to present.**

**RESPONSE TO REQUEST NO. 10**

Columbia objects to Request No. 10 on the ground that it is overly broad and unduly burdensome to the extent it requests all documents and communications referring to the gender of the complainant and respondent in each year for the reports identified in response to Item 7 and to the extent it requests documents and communications from "January 1, 2009 to present," which significantly predates the allegations of the Complaint and is therefore beyond the scope of Plaintiff's claims, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce information sufficient to show the gender of the complainant and respondent for GBM Policy violations reported to Columbia since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year, where the GBM Policy violation at issue was similar to that for which Plaintiff was charged, including Sexual Assault: Intercourse, Sexual Assault: Contact, Sexual Assault: Type Not Specified by Reporter, and Sexual Harassment.

**REQUEST NO. 11**

**For the reports identified in response to Item 7., all documents and communications referring to the number of female students found responsible for violations of the Gender-Based Misconduct Policy, including the sanctions levied in each year from January 1, 2009 to present.**

**RESPONSE TO REQUEST NO. 11**

Columbia objects to Request No. 11 on the ground that it is overly broad and unduly burdensome to the extent it requests all documents and communications referring to the number of female students found responsible for violations of the GBM Policy, including the sanctions levied, in each year for the reports identified in response to Item 7 and to the extent it requests documents and communications from "January 1, 2009 to present," which significantly predates the allegations of the Complaint and is therefore beyond the scope of Plaintiff's claims, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce information sufficient to show the number of female students found responsible for GBM Policy violations and the sanction levied upon those students since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year, where the GBM Policy violation at issue was similar to that for which Plaintiff was charged, including Sexual

12

Assault: Intercourse, Sexual Assault: Contact, Sexual Assault: Type Not Specified by Reporter, and Sexual Harassment.

**REQUEST NO. 12**

**All documents and communications referring to the number of students who were granted their diploma while Gender-Based Misconduct Policy charges were pending against them at the time of graduation from January 1, 2009 to present.**

**RESPONSE TO REQUEST NO. 12**

Columbia objects to Request No. 12 on the ground that it is overly broad and unduly burdensome to the extent it requests all documents and communications referring to the number of students who were granted their diploma while GBM charges were pending against them at the time of graduation and to the extent it requests documents and communications from "January 1, 2009 to present," which significantly predates the allegations of the Complaint and is therefore beyond the scope of Plaintiff's claims, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce information sufficient to show the number of students who were granted their diploma while GBM Policy charges were pending against them at the time of graduation since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year, where the GBM Policy violation at issue was similar to that for which Plaintiff was charged, including Sexual Assault: Intercourse, Sexual Assault: Contact, Sexual Assault: Type Not Specified by Reporter, and Sexual Harassment.

**REQUEST NO. 13**

**All documents and communications referring to the gender of all students who were granted their diploma while Gender-Based Misconduct Policy charges were pending against them at the time of graduation from January 1, 2009 to present.**

**RESPONSE TO REQUEST NO. 13**

Columbia objects to Request No. 13 on the ground that it is overly broad and unduly burdensome to the extent it requests all documents and communications referring to the gender of all students who were granted their diploma while GBM Policy charges were pending against them at the time of graduation and to the extent it requests documents and communications from "January 1, 2009 to present," which significantly predates the allegations of the Complaint and is therefore beyond the scope of Plaintiff's claims, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce information sufficient to show the gender of students who were granted their diploma while GBM Policy charges were pending against them at the time of graduation since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year, where the GBM Policy violation at issue was similar to that for which Plaintiff was charged, including Sexual Assault: Intercourse, Sexual Assault: Contact, Sexual Assault: Type Not Specified by Reporter, and Sexual Harassment.

**REQUEST NO. 14**

**All documents and communications referring to the number of students who had their diploma withheld because they were found responsible for violations of the Gender-Based Misconduct Policy.**

**RESPONSE TO REQUEST NO. 14**

Columbia objects to Request No. 14 on the ground that it is overly broad and unduly burdensome to the extent it requests all documents and communications referring to the number of students who had their diploma withheld because they were found responsible for violations of the GBM Policy, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce information sufficient to show the number of students who had their diploma withheld because they were found responsible for violations of the GBM Policy since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year, where the GBM Policy violation at issue was similar to that for which Plaintiff was charged, including Sexual Assault: Intercourse, Sexual Assault: Contact, Sexual Assault: Type Not Specified by Reporter, and Sexual Harassment.

## REQUEST NO. 15

**All documents and communications referring to the gender of all students who had their diploma withheld because they were found responsible for violations of the Gender-Based Misconduct Policy.**

## RESPONSE TO REQUEST NO. 15

Columbia objects to Request No. 15 on the ground that it is overly broad and unduly burdensome to the extent it requests all documents and communications referring to the gender of all students who had their diploma withheld because they were found responsible for violations of the GBM Policy, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce information sufficient to show the gender of students who had their diploma withheld because they were found responsible for violations of the GBM Policy since Columbia reissued its GBM Policy at the start of the 2014-2015 academic year through the conclusion of the 2018-2019 academic year, where the GBM Policy violation at issue was similar to that for which Plaintiff was charged, including Sexual Assault: Intercourse, Sexual Assault: Contact, Sexual Assault: Type Not Specified by Reporter, and Sexual Harassment.

**RESPONSE TO REQUEST NO. 78**

Columbia objects to Request No. 78 on the ground that it is vague and ambiguous to the extent it uses the undefined phrase "relied upon." Columbia further objects to Request No. 78 on the ground that it calls for Columbia to speculate as to the scope of another's reliance. Columbia further objects to Request No. 78 to the extent it calls for the production of documents and communications that are subject to the attorney-client privilege, constitute attorney work product, or are otherwise protected from disclosure under applicable privilege, law, or rule, and will withhold responsive documents and communications, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce non-privileged documents and communications provided to or received by the members of the Appellate Panel that are being produced in response to other Requests, if any.

**REQUEST NO. 79**

**All documents and communications relating to the Appellate Panel's determination of Plaintiff's Appeal.**

**RESPONSE TO REQUEST NO. 79**

Columbia objects to Request No. 79 to the extent it calls for the production of documents and communications that are subject to the attorney-client privilege, constitute attorney work product, or are otherwise protected from disclosure under applicable privilege, law, or rule, and will withhold responsive documents and communications, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce non-privileged documents and communications responsive to the Request, if any.

**REQUEST NO. 80**

**All documents and communications related to Columbia's Title IX training from January 1, 2009 to present.**

**RESPONSE TO REQUEST NO. 80**

Columbia objects to Request No. 80 on the ground that it is vague and ambiguous to the extent it uses the undefined phrase "Title IX training." Columbia further objects to Request No. 80 on the ground that it is overly broad, unduly burdensome, and seeking information that is not relevant to any party's claims or defenses and disproportionate to the needs of the case to the extent it seeks documents and communications related to *all* of Columbia's "Title IX training," and will withhold responsive documents and communications, if any, based on this objection. Columbia further objects to Request No. 80 on the ground that it requests documents and communications from the time period of "January 1, 2009 to present," which significantly predates the allegations of the Complaint and is therefore beyond the scope of Plaintiff's claims, and will withhold responsive documents and communications, if any, based on this objection. Columbia further objects to Request No. 80 to the extent it calls for the production of documents and communications that are subject to the attorney-client privilege, constitute attorney work product, or are otherwise protected from disclosure under applicable privilege, law, or rule, and will withhold responsive documents and communications, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce training materials distributed or shown during training provided by Columbia on Title IX policies and procedures to the following individuals, from the start of the 2015-2016 academic year to the start of the 2017-2018 academic year: Plaintiff and Complainant; the members of the Hearing Panel; the members of the Appellate Panel; Ernest Sotomayor; and members of Columbia's GBM Office.

**REQUEST NO. 81**

**All Title IX training materials utilized to instruct Columbia faculty members, staff, and other employees from January 1, 2009 to present.**

**RESPONSE TO REQUEST NO. 81**

Columbia objects to Request No. 81 on the ground that it is vague and ambiguous to the extent it uses the undefined phrases "other employees" and "Title IX training." Columbia further objects to Request No. 81 on the ground that it is overly broad, unduly burdensome, and seeking information that is not relevant to any party's claims or defenses and disproportionate to the needs of the case to the extent it seeks Title IX training materials used to instruct *all* Columbia faculty members, staff, and other employees, and will withhold responsive documents and communications, if any, based on this objection. Columbia further objects to Request No. 81 on the ground that it requests information from a time period of "January 1, 2009 to present," which predates the allegations of the Complaint and is beyond the scope of Plaintiff's claims, and will withhold responsive documents and communications, if any, based on this objection. Columbia further objects to Request No. 81 to the extent it calls for the production of documents and communications that are subject to the attorney-client privilege, constitute attorney work product, or are otherwise protected from disclosure under applicable privilege, law, or rule, and will withhold responsive documents, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce non-privileged documents responsive to this Request, if any, to the extent such documents are being produced in response to Request No. 80.

**REQUEST NO. 82**

**All documents and communications related to Title IX training provided to the Hearing Panel members prior to June 21, 2017.**

**RESPONSE TO REQUEST NO. 82**

Columbia objects to Request No. 82 on the ground that it is vague and ambiguous to the extent it uses the undefined phrase "Title IX training." Columbia further objects to Request No.

50

82 on the ground that it requests information from a time period which predates the allegations of the Complaint and is beyond the scope of Plaintiff's claims, and will withhold responsive documents and communications, if any, based on this objection. Columbia further objects to Request No. 82 to the extent it calls for the production of documents and communications that are subject to the attorney-client privilege, constitute attorney work product, or are otherwise protected from disclosure under applicable privilege, law, or rule, and will withhold responsive documents and communications, if any, based on this objection.

Subject to its General and Specific Objections, Columbia will produce non-privileged documents responsive to this Request, if any, to the extent such documents are being produced in response to Request No. 80.

**REQUEST NO. 83**

**All documents and communications related to Title IX reports made by Complainant other than the report that Complainant made against Plaintiff.**

**RESPONSE TO REQUEST NO. 83**

In addition to its General Objections, Columbia objects to Request No. 83 on the ground that it is overly broad, unduly burdensome, and seeking information that is not relevant to any party's claims or defenses and disproportionate to the needs of the case, and will withhold responsive documents based on this objection. Columbia further objects to Request No. 83 on the ground that it assumes the existence of any other Title IX reports made by Complainant. Columbia further objects to Request No. 83 to the extent it calls for the production of documents and communications that are subject to the attorney-client privilege, constitute attorney work product, or are otherwise protected from disclosure under applicable privilege, law, or rule, and will withhold responsive documents and communications, if any, based on this objection.

51

**REQUEST NO. 84**

> **Plaintiff's academic transcript.**

**RESPONSE TO REQUEST NO. 84**

> Subject to its General Objections, Columbia will produce Plaintiff's academic transcript.

**REQUEST NO. 85**

> **All receipts for tuition fees paid by Plaintiff.**

**RESPONSE TO REQUEST NO. 85**

> Subject to its General Objections, Columbia will produce non-privileged receipts for tuition fees paid by Plaintiff.

Dated: October 7, 2019
       New York, NY

Respectfully submitted,

By: _____  /S/ KPSM

Roberta A. Kaplan
Gabrielle E. Tenzer
Joshua Matz
Thomas A. Rawlinson
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com
jmatz@kaplanhecker.com
trawlinson@kaplanhecker.com

Michele S. Hirshman
Darren W. Johnson
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Main: (212) 373-3000
Fax: (212) 757-3990
mhirshman@paulweiss.com
djohnson@paulweiss.com

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BEN FEIBLEMAN,

Plaintiff,

v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,

Defendant.

No. 1:19-cv-04327 (VEC)

**DEFENDANT THE TRUSTEES OF COLUMBIA**
**UNIVERSITY IN THE CITY OF NEW YORK'S FIRST**
**REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2 and 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York, Defendant The Trustees of Columbia University in the City of New York ("Columbia") hereby requests that Plaintiff Ben Feibleman ("Plaintiff") produce the following documents at the offices of Kaplan Hecker & Fink LLP, 350 Fifth Avenue, Suite 7110, New York, NY 10118, within thirty (30) days of service of these First Requests for the Production of Documents (the "Requests").

The Definitions and Instructions below form an integral part of the Requests that follow and must be read in conjunction with the Requests and followed when responding to the Requests.

**DEFINITIONS**

Solely for the purpose of the Requests, the following definitions shall apply, without regard to capitalization:

**INSTRUCTIONS**

Solely for the purpose of the Requests, the following instructions shall apply:

1.      The documents called for by these Requests are documents in Your possession, custody, or control, or the possession, custody, or control of anyone acting on your behalf.

2.      Your responses to these Requests shall be based on all knowledge and information in Your possession, custody, or control and should be provided irrespective of the Federal Rules of Evidence.

3.      The singular includes the plural and vice versa, except as the context may otherwise require; any Request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods; reference to any gender includes all genders; the words "any" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope; the terms "all," "any," and "each" shall each be construed as encompassing "any" and "all"; the word "including" means "including but not limited to."

4.      These Requests seek production of all documents, in their entirety, along with any attachments, drafts, and non-identical copies.  A document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.

5.      Responsive documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure, including producing the requested documents as they are kept in the usual course of business or organized and labeled to correspond to the categories in the Requests,

4

35.     All of Plaintiff's medical records, including mental health care records, for the twenty years prior to the date of this Request, and duly executed authorizations fully compliant with HIPAA and, where applicable, Veterans Affairs regulations, enabling Columbia to obtain these documents.

36.     Plaintiff's full Official Military Personnel File, including but not limited to miscellaneous documents, routine or otherwise; group travel orders; temporary or additional duty orders; unaccompanied or on-base housing assignment, termination, waiver, or related documents; investigation related documents; and letters of recommendation.

37.     All documents and communications related to Plaintiff's application for or attempt to obtain service-connected Veterans' benefits for the twenty years prior to the date of this Request.

38.     Any personal log, diary, and/or similar document written by Plaintiff and reflecting his thoughts, whether maintained electronically or on paper.

39.     All documents and communications concerning Plaintiff's efforts to obtain employment.

40.     Documents sufficient to show any and all jobs held by Plaintiff and any salary, income, and other benefits received in connection with those jobs.

41.     All documents and communications, regardless of date, concerning Plaintiff's financing of his CJS education, including any scholarship funding or financial aid Plaintiff considered, discussed, inquired about, applied for, received, or was denied.

42.     All documents received from any third-party in connection with this litigation, including in connection with any subpoena issued in this litigation.

43.     All documents not produced in response to any other Request(s) that Plaintiff intends to, or does, identify, use, reference, or rely upon in answering any interrogatory, in any deposition, in preparing any motion or other filing, and at any Court conference, hearing, or trial in this case.

44.     All documents and communications not produced in response to any other Request(s) concerning any facts, circumstances, or allegations set forth in the Complaint that are relevant to Plaintiff's Second Cause of Action ("Selective Enforcement").

45.     All documents and communications not produced in response to any other Request(s) concerning any facts, circumstances, or allegations set forth in the Complaint that are relevant to Plaintiff's Seventh Cause of Action ("Violation of New York City Human Rights Law").

46.     Documents sufficient to show all names, nicknames, aliases, screennames, phone numbers, email addresses, and social media addresses, usernames, and handles used by Plaintiff.

Dated:  New York, New York
        August 30, 2019

By:     _____

        Roberta A. Kaplan
        Gabrielle E. Tenzer
        Joshua Matz
        Thomas A. Rawlinson
        KAPLAN HECKER & FINK LLP
        350 Fifth Avenue, Suite 7110
        New York, NY 10118
        (212) 763-0883
        rkaplan@kaplanhecker.com
        gtenzer@kaplanhecker.com
        jmatz@kaplanhecker.com
        trawlinson@kaplanhecker.com

13

Michele S. Hirshman
Darren W. Johnson
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Main: 212.373.3000
Fax: 212.757.3990
mhirshman@paulweiss.com
djohnson@paulweiss.com

*Attorneys for Defendant The Trustees of
Columbia University in the City of New York*

14

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil Action No.: 19-cv-04327-VEC

BEN FEIBLEMAN,

Plaintiff,

v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK,

Defendant.

PLAINTIFF'S RESPONSE TO
DEFENDANT'S REQUEST
FOR PRODUCTION
OF DOCUMENTS

PLEASE TAKE NOTICE THAT, Plaintiff Ben Feibleman ("Plaintiff"), by his attorneys, Warshaw Burstein LLP, as and for his Response to Defendant, The Trustees of Columbia University in the City of New York's ("Defendant") request for the production of documents sets forth the following:

<u>GENERAL OBJECTIONS</u>

The following general objections shall apply to each of the Document Requests and shall have the same force and effect as if set forth in full in response to each individual document request:

1.      In responding hereto, Plaintiff does not waive any objections based on relevance, materiality, competence, privilege, immunity from disclosure, admissibility, or any other grounds.

2.      Plaintiff will respond to Document Requests specified more particularly below and make his responses available to Defendant and its attorneys for the purpose of this lawsuit and for no other purpose.

3.      Plaintiff has exercised due and reasonable diligence in responding to these Document Requests. Plaintiff reserves the right to amend his responses when and if additional

documents and communications responsive to this request.  Plaintiff reserves the right to supplement this response as discovery progresses.

35.   All of Plaintiff's medical records, including mental health care records, for the twenty years prior to the date of this Request, and duly executed authorizations fully compliant with HIPAA and, where applicable, Veterans Affairs regulations, enabling Columbia to obtain these documents.

> **Response to Request No. 35:**  Plaintiff objects to this request to the extent that it seeks documents not relevant to any party's claims or defenses and seeks documents protected by the physician-patient privilege.

36.   Plaintiff's full Official Military Personnel File, including but not limited to miscellaneous documents, routine or otherwise; group travel orders; temporary or additional duty orders; unaccompanied or on-base housing assignment, termination, waiver, or related documents; investigation related documents, and letters of recommendation.

> **Response to Request No. 36:**  Plaintiff objects to this request to the extent that it seeks documents not relevant to any party's claims or defenses and seeks documents already within Columbia's possession, custody, or control.  Subject to and without waiving the aforesaid objections, a copy of Plaintiff's full Official Military Personnel File is annexed hereto as P00000124 – P00000241.

37.   All documents and communications related to Plaintiff's application for or attempt to obtain service-connected Veterans' benefits for the twenty years prior to the date of this Request.

PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT HIS PRODUCTION OF
DOCUMENTS ACCOMPANYING THIS RESPONSE.


Dated: New York, New York
      October 7, 2019

                             **WARSHAW BURSTEIN, LLP**
                             *Attorneys for Plaintiff*

              By: _____
                           Kimberly C. Lau
                           James E. Figliozzi
                        575 Lexington Avenue
                        New York, New York 10022
                        (212) 984-7700
                        klau@wbny.com
                        jfigliozzi@wbny.com

**TO:**    Roberta A. Kaplan
         Gabrielle E. Tenzer
         Jenna M. Dabbs
         Joshua Matz
         Thomas A. Rawlinson
         **KAPLAN HECKER & FINK LLP**
         350 Fifth Avenue
         Suite 7110
         New York, NY 10118
         (212) 763-0883

         Michele S. Hirshman
         Darren Wright Johnson
         Jordana Lauren Haviv
         **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
         1285 Avenue of the Americas
         New York, NY 10019
         (212) 373-3000