

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
Tel: 212-984-7700
www.wbny.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  01/09/2020

KIMBERLY C. LAU, ESQ.
PARTNER
ATTORNEY DIRECT DIAL: 212-984-7709
EMAIL:klau@wbny.com

January 8, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007-1312



Re: *Feibleman v. The Trustees of Columbia University in the City of New York*, No. 1:19-cv-04327 (VEC)

Dear Judge Caproni:

We represent Plaintiff Ben Feibleman in the referenced action. Pursuant to Your Honor's Order dated June 28, 2019 (ECF 43), we write on behalf of Plaintiff and Defendant The Trustees of Columbia University in the City of New York (together, the "Parties") to submit this Joint Report on the Status and Progress of Discovery ("Joint Report").

The Parties have finalized an agreement regarding the parameters for the exchange of electronically stored information. Following consultation among the Parties, Plaintiff provided Columbia with a set of documents with revised privileged redactions and a privilege log, and Columbia is in the process of providing certain documents with revised redactions. Plaintiff has requested that Columbia provide these documents by January 10, 2020.

Plaintiff believes that despite the Parties best efforts to resolve them, the following two discovery disputes require the Court's intervention at this time:

I. Columbia's Failure to Provide Documents Related to Plaintiff's Selective Enforcement and New York City Human Rights Law Causes of Action

**Plaintiff's Position**

Columbia has failed to substantively respond to the items of Plaintiff's First Request for Production of Documents that are integral to his Title IX selective enforcement and New York

# WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
January 8, 2020
Page 2 of 7

City Human Rights Law causes of action. As the Court is aware, these are the only two causes of action that are in active discovery while Columbia's Motion to Dismiss remains *sub judice*. Discovery outside of these two causes of action was stayed by the Court's Order dated June 28, 2019 (ECF No. 43) at Columbia's request. Yet, more than four months after receiving Plaintiff's discovery demands, Columbia has failed to provide any real discovery that would aid in moving this matter forward. Plaintiff's First Request for Production of Documents was served on August 30, 2019. Columbia provided its responses and objections on October 7, 2019. Relevant portions of Plaintiff's First Request for Production of Documents (Exhibit A) and Columbia's Responses and Objections to Plaintiff's First Request for Production of Documents (Exhibit B) are enclosed.

To date, Columbia has not provided any truly substantive documents in response to Plaintiff's Request for Production No. 7, Plaintiff's Request for Production No. 8, Plaintiff's Request for Production No. 9, Plaintiff's Request for Production No. 10, Plaintiff's Request for Production No. 11, Plaintiff's Request for Production No. 12, Plaintiff's Request for Production No. 13, Plaintiff's Request for Production No. 14, Plaintiff's Request for Production No. 15, Plaintiff's Request for Production No. 80, Plaintiff's Request for Production No. 81, and Plaintiff's Request for Production No. 82. Defendant's continued deficiency has significantly hindered the progression of discovery in this matter.

Plaintiff's Requests for Production Nos. 7 through 15 seek documents and communications related to Gender-Based Misconduct Policy violations reported to and adjudicated by Columbia, including, *inter alia*, the gender of complainants and respondents, the number and gender of respondents found responsible, and the number and gender of respondents who received (or were spared from) specific punishments. Plaintiff has made several requests by telephone and in writing seeking the documentation demanded by these Requests. In response, Columbia has repeatedly indicated that some sort of documentation related to these Requests was forthcoming. However, during the four months that the Requests have been pending, Columbia has failed to provide any documentation outside of several Columbia University Gender-Based Misconduct Prevention and Response Annual Reports. These Annual Reports are only partially responsive to Plaintiff's Request for Production No. 7, Plaintiff's Request for Production No. 8, and Plaintiff's Request for Production No. 9 and do not provide any information that is truly helpful to proving Plaintiff's Title IX selective enforcement and New York City Human Rights Law causes of action. For example, while the Annual Reports contain certain statistics related to reported violations of the Gender-Based Misconduct Policy and Columbia's adjudication of these reports, they are void of any information relating to the gender of the complainants and the respondents. Additionally, the Annual Reports are publicly available and have long been in Plaintiff's possession. As such, they do not constitute a document production in any real sense.

Moreover, based on Columbia's previous representations, Plaintiff anticipates that the additional documentation Columbia plans on providing in response to Plaintiff's Requests for Production Nos. 7 through 15 will be insufficient. Columbia has advised that it will be creating a new document aggregating the information contained within the documents responsive to these

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
January 8, 2020
Page 3 of 7

Requests instead of simply providing the documents requested, which are almost certainly records kept in the regular course of Columbia's business. Plaintiff has repeatedly and on multiple occasions over the past several months informed Columbia that it is improper to refuse to provide the actual documents in response to these Requests, as Plaintiff cannot rely on Columbia's impressions of the information contained within the relevant documents to prosecute his case. Rather, he needs the actual documents and the raw data contained therein. However, because Columbia has not yet even provided this promised Columbia-generated documentation, Plaintiff has not been able to fully and intelligently raise this issue with the Court. On January 7, 2020, Columbia indicated that it would be providing "information responsive" to these Requests "as soon as possible this month." Given the relatively short timeframe for completing fact discovery in this matter and the nebulous timeline offered by Columbia, Plaintiff now has no choice but to raise this issue in an inchoate form.

Plaintiff's Requests for Production Nos. 80 through 82 seek documents and communications related to Columbia's Title IX training. Columbia has not provided any documents or communications responsive to these Requests. Columbia has not provided any explanation regarding its failure to provide the responsive documents and communications during the four months that the Requests have been pending. Columbia has promised to provide documents responsive to these Requests by January 10, 2020.

It is not possible to move forward with the necessary fact or expert discovery related to Plaintiff's Title IX selective enforcement and New York City Human Rights Law causes of action until Columbia complies with its long-outstanding discovery obligations. Each passing day of non-compliance by Columbia makes it less and less likely that fact discovery related to Plaintiff's Title IX selective enforcement and New York City Human Rights Law causes of action will be completed by the current May 1, 2020 deadline. Accordingly, Plaintiff requests that the Court set a very short deadline for Columbia's compliance with its outstanding discovery obligations.

**Defendant's Position**

As Plaintiff acknowledges, Columbia has committed to producing documents responsive to Plaintiff's Request Nos. 80-82 by this Friday, January 10, 2020, and information responsive to Plaintiff's Request Nos. 7-15 as soon as possible this month. On January 7, 2020, Columbia attempted to schedule a meet-and-confer by telephone to address Plaintiff's remaining concerns with Columbia's proposed responses to these requests (which Plaintiff raised in a January 3, 2020 email), but Plaintiff refused to do so and insisted that it was instead necessary to raise the alleged issues with the Court in this format without engaging in a real meet-and-confer process or otherwise allowing for further discussion between the parties.

This is improper. Your Honor's rules explicitly state that "[a]ny party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." Individual Practices in Civil

**WARSHAW BURSTEIN, LLP**

Hon. Valerie E. Caproni
January 8, 2020
Page 4 of 7

Cases § 3.B (emphasis added). Here, Plaintiff has refused to do so, including by refusing even to schedule a telephone call so that Columbia could better understand and attempt to address his concerns. We would respectfully request that Your Honor order Plaintiff to comply with this directive going forward.

Plaintiff's complaints about the substance of Columbia's forthcoming productions are premature in any event, given that Plaintiff has not yet received the productions and therefore cannot possibly assess their sufficiency. Indeed, what Plaintiff appears to be suggesting is that he will move to compel, no matter what Columbia ultimately produces and no matter what compromises the parties may otherwise reach as part of the required meet-and-confer process. That also violates Your Honor's rules because it clearly evidences a lack of good faith. Indeed, Plaintiff's refusal to engage with Columbia is particularly surprising given the progress that the parties have made in recently resolving their discovery disputes, including reaching final agreement on search terms on January 3, 2020, which will now allow the parties to move expeditiously to complete discovery within the deadlines set by the Court.

Columbia remains willing to meet and confer in an effort to resolve Plaintiff's concerns, and there is no reason for Plaintiff to assume or conclude that Columbia will not continue to work as quickly as possible to review and synthesize the voluminous amounts of information requested on the timeline to which it has already committed. Plaintiff's attempt to manufacture a dispute where none exists should be rejected.

II. Defendant's Request for Additional Records and a Written Certification Regarding Plaintiff's Military File

**Plaintiff's Position**

Defendant's Request for Production No. 36 seeks "Plaintiff's full Official Military Personnel File, including but not limited to miscellaneous documents, routine or otherwise; group travel orders; temporary or additional duty orders; unaccompanied or on-base housing assignment, termination, waiver, or related documents; investigation related documents, and letters of recommendation." Instruction 1 of Defendant's First Request for Production of Documents states, "The documents called for by these Requests are documents in Your possession, custody, or control, or the possession, custody, or control of anyone acting on your behalf." Relevant portions of Defendant's First Request for the Production of Documents (Exhibit C) are enclosed. Plaintiff provided the majority of the documents in his possession, custody, or control responsive to Defendant's Request for Production No. 36 on October 7, 2019. Following a supplemental production on January 3, 2020, Plaintiff has now provided all documents responsive to Defendant's Request for Production No. 36 within his possession, custody, or control.

In spite of Plaintiff's full compliance with Defendant's Request for Production No. 36, Columbia has repeatedly asserted that Plaintiff has not met his discovery obligations and has

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
January 8, 2020
Page 5 of 7

demanded that Plaintiff provide a written certification from the United States government that the documents provided in response to Defendant's Request for Production No. 36 constitute his full official military personnel file as maintained by the United States government. Review of the language quoted above shows that Columbia's demand for such a certification from the United States Government is outside the scope of Defendant's Request for Production No. 36. Plaintiff has made his position clear to Columbia on multiple occasions. Still, Columbia has repeatedly demanded that Plaintiff produce a document that he is not required to produce pursuant to the relevant discovery demand.

Moreover, Columbia's demand for a written certification is impracticable and unduly burdensome when considering the needs of this case. In order to obtain such a certification, Plaintiff would need to (1) send the documents that he provided to Columbia to the National Personnel Records Center; (2) request that the National Personnel Records Center compare the documents in its possession related to Plaintiff's military personnel file with the documents Plaintiff provided to Columbia; and (3) request a certification from the National Personnel Records Center that the documents produced to Columbia match governmental records. Such a request, in the unlikely event it were even entertained by the National Personnel Records Center, would take months to complete, unnecessarily delaying discovery in this matter.

Additionally, Columbia has not provided any evidence that the documents provided in response to Defendant's Request for Production No. 36 are inauthentic in any way, shape, or form. In further support of the authenticity of the documents that he provided in response to Defendant's Request for Production No. 36, Plaintiff has also produced his Certificate of Honorable Discharge as well as a series of good conduct commendations, correspondence, and certificates. These documents are not part of Plaintiff's official military personnel file, but Plaintiff gratuitously provided them to Columbia in an attempt to resolve this dispute and avoid the needless expenditure of judicial resources. Moreover, Plaintiff financed his undergraduate and graduate education at Columbia, in part, through benefits obtained under the GI Bill. Plaintiff could not have obtained these benefits, which Columbia readily accepted in the form of tuition payments, unless his discharge from the United States Marine Corps was Honorable. Thus, there cannot be any assertion that the character of Plaintiff's military service and discharge were anything other than Honorable.

Even though Plaintiff has fully complied with Defendant's Request No. 36, Columbia has also asserted that it is entitled to additional documentation along with the aforementioned written certification on the basis that Plaintiff's military record bears on whether Plaintiff has a history of engaging in conduct relevant to the claims or defenses in this case. In responding to Request No. 36, Plaintiff objected, in part, "to the extent that [Request No. 36] seeks documents not relevant to any party's claims or defenses." Relevant portions of Plaintiff's Response to Defendant's Request for Production of Documents (<u>Exhibit D</u>) are enclosed. It is unclear how any purported prior bad conduct of Plaintiff would impact his claims or Columbia's defenses in this matter. There is no indication that any such instances of inappropriate behavior by Plaintiff ever occurred. As noted in the preceding paragraph, the evidence related to Plaintiff's military

**WARSHAW BURSTEIN, LLP**

Hon. Valerie E. Caproni
January 8, 2020
Page 6 of 7

service shows that his conduct was admirable and that his discharge was Honorable. Additionally, there is no indication that Columbia was aware of any supposed instances of improper conduct by Plaintiff when it adjudicated Complainant's and Plaintiff's claims against each other. Accordingly, the existence of any such alleged misconduct by Plaintiff is immaterial to Plaintiff's claims and Columbia's defenses. Instead of seeking legitimate discovery, Columbia is engaging in a fishing expedition in an attempt to trade on the unfortunate stereotype that veterans are violent and predatory despite the clear absence of any evidence that Plaintiff has ever engaged in such behavior.

Columbia has offered Plaintiff a supposed compromise by requesting that Plaintiff explain the circumstances under which he obtained the documents produced in response to Defendant's Request No. 36 and the basis for his understanding that the documents produced comprise Plaintiff's full, official military personnel file as maintained by the United States government. As Plaintiff has explained to Columbia, this compromise, like Columbia's previous unwarranted demands, seeks information that is beyond the scope of the documentation sought by Request No. 36. As previously noted above and repeatedly communicated to Columbia, Plaintiff has provided all documents within his possession, custody, and control that are responsive to Request No. 36 and has therefore faithfully complied with his discovery obligations.

There is simply no basis for requiring Plaintiff to further supplement his response to Defendant's Request for Production No. 36, nor is there any basis for requiring Plaintiff to obtain a written certification from the United States government as demanded by Columbia. Accordingly, Plaintiff requests that the Court determine that no further action by Plaintiff with regard to Defendant's Request for Production No. 36 is required.

**Defendant's Position**

As Plaintiff acknowledges, Columbia is not asking for Plaintiff to provide a written certification and merely seeks further information as to the documents that Plaintiff has already produced in order to understand whether the documents comprise Plaintiff's military record as called for under Columbia's Request No. 36. Columbia attempted on January 7, 2020 to schedule a meet-and-confer to address Plaintiff's concerns with providing such an explanation, but Plaintiff refused to do so and insisted that it was necessary to seek intervention from the Court without allowing for further discussion between the parties. As discussed above, Plaintiff's request for Court intervention is not only premature, but also violates Your Honor's rules, which state that "[a]ny party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." Individual Practices in Civil Cases § 3.B. Here, Columbia believes that further discussions between the parties, as required by the Court's rules, would be productive and is willing to consider further compromise, particularly if Plaintiff can explain why he is so reluctant to furnish the requested explanation. Columbia therefore believes that Court intervention is not warranted at this time.

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
January 8, 2020
Page 7 of 7

* * *

Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

Kimberly Lau (JF)

Kimberly C. Lau

cc: Counsel for Defendant (*via* ECF)

Enclosures

---

The parties are directed to meet and confer on these issues in good faith and, to the extent that disputes remain, they must jointly call chambers to schedule a discovery call. The parties are reminded that the status report mechanism is not a substitute for the required meet-and-confer process.

SO ORDERED.                Date: 01/09/2020

*Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE