# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL 929.294.2536
DIRECT EMAIL gtanzer@kaplanhecker.com

February 3, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

                           Re:     *Feibleman* v. *The Trustees of Columbia University in the City of New York*, No. 1:19-cv-4327 (VEC) (KHP) (S.D.N.Y.)

Dear Judge Caproni:

      We represent Defendant The Trustees of Columbia University in the City of New York ("Columbia") in the above-captioned action. Pursuant to Your Honor's Order dated June 28, 2019 (ECF 43), we write on behalf of Columbia and Plaintiff (together, the "Parties") to submit this Joint Report on the Status and Progress of Discovery ("Joint Report").

      Discovery in this case is ongoing. Since the Parties last submitted a joint report to Your Honor on January 8, 2020 (ECF 88), Defendant has continued to produce documents to Plaintiff, including on January 10, 13, and 31, 2020. Defendant also provided certain information that Plaintiff requested so that he could begin the forensic examination of his electronically stored information, namely, the university IDs for two former Columbia students, on January 30, 2020.

**Plaintiff's Position**

      Plaintiff has identified several issues with Defendant's January 31, 2020 production, which constitutes a compilation spreadsheet prepared by Defendant's counsel for the purposes of this litigation containing vague, undated information related to other disciplinary actions adjudicated by Columbia University instead of the original documents maintained in the ordinary course of business requested by Plaintiff's Request for Production of Documents. The original documents contain specific information related to Defendant's actions that will assist in proving Plaintiff's Title IX selective enforcement cause of action. On February 3, 2020, Plaintiff informed Defendant in writing that the January 31, 2020 production is inadequate and requested that Defendant provide

KAPLAN HECKER & FINK LLP

2

the documents sought by his discovery demands. Plaintiff previously advised Defendant in writing on January 3, 2020 and January 7, 2020 that a spreadsheet prepared by counsel containing information rather than documents would be an insufficient response to his discovery demands. Plaintiff also advised Defendant multiple times *via* telephone in 2019 that such an approach was unwarranted. If Defendant continues to withhold the requested documents, Plaintiff plans on seeking Court intervention on this issue.

Because the parties have not yet exchanged forensically-harvested electronically stored information and Plaintiff anticipates the need for Court intervention related to the documents necessary to prove his Title IX selective enforcement cause of action as described above, Plaintiff believes that the current May 1, 2020 deadline for completing fact discovery in this matter is becoming increasingly unreasonable. Accordingly, Plaintiff proposes the following changes to the current discovery schedule:

| | |
|---|---|
| 5.a. – All Fact Discovery | August 7, 2020 (previous deadline – May 1, 2020) |
| 5.b. – All Expert Discovery | October 9, 2020 (previous deadline – July 1, 2020) |
| 10 – Next Pre-Trial Conference | August 7, 2020 at 10:00 a.m. (previously scheduled for May 1, 2020 at 10:00 a.m.) |

Plaintiff is aware of the Court's notation in its September 4, 2019 Memo Endorsement (ECF 68) that additional extensions of discovery deadlines are unlikely to be granted. However, given the delays in conducting the necessary exchange of electronically stored information and the unresolved issues regarding the documents required to prove Plaintiff's Title IX selective enforcement cause of action, it will be extremely difficult, if not impossible, to complete discovery according to the current schedule. Plaintiff makes this request with the understanding that no further extensions will be given absent truly extraordinary circumstances.

**Defendant's Position**

Columbia has offered to meet and confer with Plaintiff regarding the alleged issues with Columbia's January 31, 2020 production and is hopeful that the Parties will be able to resolve Plaintiff's concerns through the meet-and-confer process, as required by the Court's rules and as reiterated by the Court on January 9, 2020 (ECF 89), without requiring the Court's intervention. Columbia notes that the document it produced on January 31, 2020 synthesizes a voluminous amount of information requested by Plaintiff, requiring the expenditure of significant time and resources by Columbia. Production of this summary chart, which includes information on more than 650 reports, satisfies Columbia's obligations under Rule 26 and the Family Educational Rights and Privacy Act ("FERPA"), and is a standard and accepted means of responding to such discovery requests, *see, e.g., Palmer/Kane LLC v. Scholastic Corp.*, No. 14 Civ. 7805, 2015 WL 8491041, at *2 (S.D.N.Y. Dec. 10, 2015) (denying in part plaintiff's motion to compel additional documents when the defendant had already produced "summary charts" containing the requested information). Plaintiff's suggestion that Columbia must produce all underlying documents, which would require significant redactions to comply with Columbia's FERPA obligations, exceeds the scope of Rule 26 and violates its directive that discovery be "proportional to the needs of the case."

# KAPLAN HECKER & FINK LLP

3

Fed. R. Civ. P. 26(b)(1).  Again, Columbia is prepared to discuss these issues once Plaintiff has had an opportunity to more closely examine Columbia's January 31, 2020 production.

As to Plaintiff's request for an extension of the discovery schedule, Columbia believes the request is premature and notes that Plaintiff has not consulted with Columbia as to that request. Columbia remains committed to working expeditiously to complete discovery within the deadlines set by the Court.

\*   \*   \*

The Parties thank the Court for its consideration of this Joint Report.

Respectfully submitted,

Gabrielle E. Tenzer

cc: Counsel of Record