

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
Tel: 212-984-7700
www.wbny.com

JAMES E. FIGLIOZZI, ESQ.
COUNSEL
ATTORNEY DIRECT DIAL: 212-984-7792
EMAIL: jfigliozzi@wbny.com

March 13, 2020

**VIA ECF**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Feibleman v. The Trustees of Columbia University*, 19-CV-4327 (VEC)

Dear Judge Caproni:

We represent Plaintiff Ben Feibleman in the referenced matter and submit this letter motion requesting leave to amend the Complaint (ECF No. 57) pursuant to Your Honor's Opinion and Order dated February 24, 2020 (ECF No. 94). Pursuant to Your Honor's Individual Practices, a proposed Amended Complaint with redline changes is enclosed as Exhibit A.

**Standard for Leave to File an Amended Complaint**

"Leave to file an amended complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'"); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a complaint] when justice so requires."). "An amendment to a pleading is futile if the proposed claim would not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Kraus USA, Inc. v. Magarik*, 17 Civ. 6541 (ER), 2018 U.S. Dist. LEXIS 168164 at *24 (S.D.N.Y. Sep. 28, 2018)

**Third Cause of Action – Breach of Contract**

In the Opinion and Order, the Court granted Plaintiff permission to request leave to amend the Third Cause of Action of his Complaint if he could "allege an enforceable promise" and "damages from its breach" related to Columbia's failure to investigate Plaintiff's "claims of

{1213470.1 }

Hon. Valerie E. Caproni
March 13, 2020
Page 2 of 6

retaliation and tampering against Doe." ECF 94 at 37. The proposed Amended Complaint adequately addresses these issues.

In the proposed Amended Complaint, Plaintiff identifies and reproduces specific provisions of Columbia's Gender-Based Misconduct Policy in support of his assertion that "Columbia's Gender-Based Misconduct Policy promises to protect participants in the Gender-Based Misconduct process from retaliation." Exhibit A at ¶ 931; *see also* Exhibit A at ¶¶ 932-38 (reproducing relevant portions of the Gender-Based Misconduct Policy). Columbia's Gender-Based Misconduct Policy states, "All individuals and groups of individuals, not just a Respondent and Complainant, are prohibited from engaging in retaliation." Exhibit A at ¶ 936. The proposed Amended Complaint clearly identifies the provision of the Gender-Based Misconduct Policy where Columbia promises to investigate retaliation claims which also states the mechanisms by which Columbia will investigate allegations of retaliation. Specifically Paragraph 937 reproduces the following provision of the Gender-Based Misconduct Policy: "If the alleged retaliation occurs during the course of an investigation and occurs between the Complainant and the Respondent, these allegations may be investigated separately through the Dean's Discipline process or folded into the pending investigation, based on the circumstances of the allegation." Exhibit A at ¶ 937. The proposed Amended Complaint also states the factual allegations giving rise to the breach of contract, including specific claims regarding Columbia's improper inaction. Exhibit A at ¶¶ 939-61.

While the provision cited in Paragraph 937 of the proposed Amended Complaint utilizes the word "may," review of the remainder of the Gender-Based Misconduct Policy indicates that Columbia promised and was required to investigate Plaintiff's allegations of retaliation against Complainant. The provision of the Gender-Based Misconduct Policy immediately following the provision cited in Paragraph 937 notes, "Allegations of retaliation by other parties, i.e., not between the Complainant and the Respondent, **will be investigated** separately by the Office when the allegations involve gender-based misconduct. Any other allegations of retaliation **will be investigated and adjudicated** through the Dean's Discipline process." Exhibit A at ¶ 938 (emphasis added). When interpreting a contract, the Court "must consider the entire contract and choose the interpretation . . .which best accords with the sense of the remainder of the contract." *Galli v. Metz*, 973 F.2d 145, 149 (2d Cir. 1992) (internal citation and quotations omitted). It would not make sense for the Gender-Based Misconduct Policy to require the investigation of allegations of retaliation between non-parties while granting discretion to investigate allegations of retaliation between respondents and complainants. Moreover, to the extent that the provision cited in Paragraph 937 of the Amended Complaint is ambiguous, it must be construed against Columbia because Columbia drafted the Gender-Based Misconduct Policy. *See McCarthy v. Am. Int'l Group*, 283 F.3d 121, 124 (2d Cir. 2002) ("New York follows the well established *contra proferentem* principle which requires that equivocal contract provisions are generally to be construed against the drafter.") (emphasis in original) (internal citation and quotations omitted).

Hon. Valerie E. Caproni
March 13, 2020
Page 3 of 6

Based on the foregoing, the proposed Amended Complaint adequately alleges an enforceable promise on Columbia's part to investigate Plaintiff's claims of retaliation and tampering against Complainant.

Plaintiff has also adequately alleged damages stemming from Columbia's failure to investigate Plaintiff's claims of retaliation and witness tampering against Complainant. Exhibit A at ¶¶ 962-82. Specifically, Plaintiff asserts that he has suffered occupational damages as a result of Columbia's failure to investigate his claims of retaliation and tampering against Complainant. Exhibit A at ¶¶ 962-71, 976-80. Plaintiff further maintains that Columbia's breaches have caused him to suffer reputational damages. Exhibit A at ¶¶ 972-75, 981-82.

The allegations contained within the proposed Amended Complaint related to Plaintiff's Third Cause of Action for breach of contract are not futile, as they are sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). *Kraus USA, Inc*, 2018 U.S. Dist. LEXIS 168164 at *24. Moreover, Columbia will not suffer any undue prejudice if Plaintiff is permitted to amend his Complaint, nor has Plaintiff engaged in any undue delay or bad faith prior to requesting leave to amend his Complaint. Accordingly, it would be appropriate for the Court to grant Plaintiff's request for leave to file an Amended Complaint. *Milanese*, 244 F.3d at 110; *Foman*, 371 U.S. at 182.

**Fifth Cause of Action – Promissory Estoppel**

In the Opinion and Order, the Court granted Plaintiff permission to request leave to amend the Fifth Cause of Action of his Complaint if he could "plead specific assurances and the inapplicability of exceptions in his case" related to Columbia's promise to complete Gender-Based Misconduct complaints within 60 days. ECF 94 at 35, Note 24. The proposed Amended Complaint adequately addresses these issues.

Plaintiff has identified specific assurances from Columbia that Complainant's report against him would be resolved within the 60-day timeframe noted in the Gender-Based Misconduct Policy or, in the alternative, that Complainant's report against him would be resolved within a timely fashion following the expiration of the 60-day timeframe noted in the Gender-Based Misconduct Policy. Exhibit A at ¶¶ 999-1001, 1005, 1022. On November 22, 2016, Columbia provided Plaintiff with a document stating the guidelines and requirements for the investigation, hearing, and appeals process under the Gender-Based Misconduct Policy. Exhibit A at ¶ 1000. One of the provisions of that document notes that the Gender-Based Misconduct Policy includes a 60-day framework for conducting investigations. Exhibit A at ¶ 1001.

The proposed Amended Complaint also contains specific promises and facts highlighting Columbia's breach even after the promised 60-day deadline had passed. Exhibit A at ¶¶ 1005-1012. Most notably, Columbia promised Plaintiff that the Investigative Report would be

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
March 13, 2020
Page 4 of 6

completed by January 31, 2017. Exhibit A at ¶ 1005. In reality, the Investigative Report was not completed until April 27, 2017. Exhibit A at ¶ 1011.

Plaintiff has also addressed each exception noted in the Gender-Based Misconduct Policy by pleading facts showing that none of the exceptions were applicable to his situation. Exhibit A at ¶¶ 1013-1043. Complainant's report against Plaintiff did not involve Resolution, Mediation, or Restorative Justice as defined by the Gender-Based Misconduct Policy, nor was Columbia required to comply with any requests from law enforcement. Exhibit A at ¶¶ 1013-1018. Additionally, the accommodation of the availability of witnesses or parties was not a reason for Columbia's delay in resolving Complainant's report against Plaintiff. Exhibit A at ¶¶ 1014, 1019-1021. Further, the exceptions related to the number of witnesses interviewed or the need to accommodate exam periods, school breaks, and vacations were not applicable to Columbia's resolution of Complainant's report against Plaintiff. Exhibit A at ¶¶ 1014, 1022-1025. Moreover, neither the complexities of the investigation nor the Pre-Hearing Conferences exception was implicated by Complainant's report against Plaintiff. Exhibit A at ¶¶ 1014, 1026-1034. Finally, the good cause exception noted in the Gender-Based Misconduct Policy did not apply to Columbia's resolution of Complainant's report against Plaintiff. Exhibit A at ¶¶ 1014, 1035-1042.

The proposed Amended Complaint also notes the damages that Plaintiff suffered as a result of Columbia's breached promises. Exhibit A at ¶¶ 1044-1049. Columbia's unjustified delay caused Plaintiff to enroll at Columbia for the Spring 2017 Semester, which led to the exhaustion of his G.I. Bill benefits and a $20,000 tuition payment to Columbia. Exhibit A at ¶¶ 1044-1047. Additionally, if Columbia had resolved Complainant's report against Plaintiff in a timely fashion after the expiration of the 60-day deadline, he would have been able to recoup some of the tuition fees he paid to Columbia for the Spring 2017 Semester. Exhibit A at ¶¶ 1048-1049.

The allegations contained within the proposed Amended Complaint related to Plaintiff's Fifth Cause of Action for promissory estoppel are not futile, as they are sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). *Kraus USA, Inc*, 2018 U.S. Dist. LEXIS 168164 at *24. Moreover, Columbia will not suffer any undue prejudice if Plaintiff is permitted to amend his Complaint, nor has Plaintiff engaged in any undue delay or bad faith prior to requesting leave to amend his Complaint. Accordingly, it would be appropriate for the Court to grant Plaintiff's request for leave to file an Amended Complaint. *Milanese*, 244 F.3d at 110; *Foman*, 371 U.S. at 182.

**Eighth Cause of Action – Deliberate Indifference**

In the Opinion and Order, the Court stated

To the extent that Feibleman intends to plead a separate claim of erroneous outcome pertaining to Columbia's dismissal of Feibleman's complaint against

Doe, Plaintiff may file a letter motion requesting leave to amend the complaint. The motion must address why such an amendment would not be futile, including whether a putative victim of sexual misconduct may raise an erroneous outcome claim pursuant to 20 U.S.C. § 1681, and **whether such a claim should instead be pleaded as a deliberate indifference claim**.

ECF 94 at 31-32 (emphasis added). Plaintiff will not be pursuing a separate claim of erroneous outcome based on Columbia's dismissal of his complaint against Complainant. However, Plaintiff respectfully requests leave of the Court to amend his Complaint to include a claim for a deliberate indifference violation of Title IX of the Education Amendments of 1972.

A federal funding recipient such as Columbia is responsible for deliberate indifference under Title IX "where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). In the context of deliberate indifference, "sexual harassment" includes allegations related to sexual assault and sexual violence. *See Tubbs v. Stony Brook Univ.*, 15 Civ. 0517 (NSR), 2016 U.S. Dist. LEXIS 28465 at *3 (S.D.N.Y. Mar. 4, 2016,) (asserting deliberate indifference claim based on forced sexual contact and violence).

The standard for determining whether a school has acted with "deliberate indifference is whether the school failed to act reasonably under the circumstances." *McGrath v. Dominican Coll. of Blauvelt, New York*, 672 F. Supp. 2d 477, 488 (S.D.N.Y. 2009); *see also Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 141 (2d Cir. 1999) (holding that a school acts with deliberate indifference "when [its] response to known discrimination 'is clearly unreasonable in light of the known circumstances.'") (quoting *Davis*, 526 U.S. at 648). A single instance of sexual assault may satisfy the severe, pervasive, and objectively offensive standard. *See T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*, No. 11 CV 5133 VB, 2012 U.S. Dist. LEXIS 38500 at *8 (S.D.N.Y. Feb. 27, 2012) ("a single incident of sexual assault may suffice to create liability under Davis") ; *Bliss v. Putnam Valley Cent. Sch. Dist.*, 7:06-cv-15509 (WWE), 2011 U.S. Dist. LEXIS 35485 at *13-14 (S.D.N.Y. Mar. 24, 2011); *M. v. Stamford Bd. of Educ.*, 2008 U.S. Dist. LEXIS 51933, at *24 (D. Conn. July 7, 2008) (finding one incident of sexual assault to be sufficiently severe so as to preclude summary judgment); *Soper v. Hoben*, 195 F.3d 845, 855 (6th Cir. 1999) (noting that a sexual assault constitutes "severe, pervasive, and objectively offensive sexual harassment").

The proposed Amended Complaint alleges that Columbia had knowledge of Complainant's violations of the Gender-Based Misconduct Policy and Complainant's retaliation. Exhibit A at ¶¶ 1087-1093, 1118-1120. Plaintiff also asserts that Columbia ignored evidence that Complainant violated the Gender-Based Misconduct Policy and committed retaliation. Exhibit A at ¶¶ 1070-1082, 1093-1105, 1118-1121. Additionally, Plaintiff maintains that Columbia failed to perform a through and impartial investigation of the claims of Gender-Based

WARSHAW BURSTEIN, LLP

Hon. Valerie E. Caproni
March 13, 2020
Page 6 of 6

Misconduct he asserted against Complainant and Plaintiff's claims that Complainant engaged in retaliation. Exhibit A at ¶¶ 1106-1110, 1117-1123. The Amended Complaint further alleges that Columbia was motivated by gender bias when it failed to perform a thorough and impartial investigation of Plaintiff's claims against Complainant. Exhibit A at ¶¶ 1111-1113, 1125. Plaintiff maintains that the behavior by Complainant that Columbia ignored, including two instances of sexual assault, two instances of sexual violence, an instance of sexual exploitation, and multiple instances of retaliation were severe, pervasive, and objectively offensive. Exhibit A at ¶¶ 1114-1116, 1124. As a result of Columbia's actions, Plaintiff alleges that he was denied access to the educational opportunities and benefits provided by Columbia. Exhibit A at ¶¶ 1126-1134. Columbia exercised substantial control over Complainant and the context in which her offending behavior occurred. Exhibit A at ¶ 1135. Finally, the proposed Amended Complaint asserts that Columbia's actions were clearly unreasonable under the circumstances and Columbia was therefore deliberately indifferent. Exhibit A at ¶ 1136-1137.

The allegations contained within the proposed Amended Complaint related to Plaintiff's Eighth Cause of Action for deliberate indifference are not futile, as they are sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). *Kraus USA, Inc*, 2018 U.S. Dist. LEXIS 168164 at *24. Moreover, Columbia will not suffer any undue prejudice if Plaintiff is permitted to amend his Complaint, nor has Plaintiff engaged in any undue delay or bad faith prior to requesting leave to amend his Complaint. Accordingly, it would be appropriate for the Court to grant Plaintiff's request for leave to file an Amended Complaint. *Milanese*, 244 F.3d at 110; *Foman*, 371 U.S. at 182.

Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

James E. Figliozzi

cc: Counsel of record (*via* ECF)

/Enclosure

{1213470.1}