**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

April 3, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Feibleman v. The Trustees of Columbia University in the City of New York*, No. 19-cv-4327 (VEC) (KHP) (S.D.N.Y.)

Dear Judge Caproni:

Defendant The Trustees of Columbia University in the City of New York ("Columbia") respectfully submits this letter in opposition to Plaintiff's Letter Motion Requesting Leave to Amend the Complaint ("Motion" or "Mot.," ECF 98), which should be denied in its entirety.

**I.    Plaintiff's Attempt to Exceed His Limited Opportunity to Amend Should Be Rejected**

In its recent Opinion and Order dated February 24, 2020 ("Order," ECF 94), this Court afforded Plaintiff a limited opportunity to seek leave to add the following three claims: (1) "a separate claim of erroneous outcome pertaining to Columbia's dismissal of Feibleman's complaint against Doe" (Order at 31); (2) "a breach of contract claim for failure to investigate Feibleman's claims of retaliation and tampering against Doe" (*id.* at 37); and (3) a promissory estoppel claim alleging "specific assurances [of a 60-day investigation] and the inapplicability of exceptions in his case" (*id.* at 35 n.24).  The first two are claims that Plaintiff somehow believed he had pleaded in his original complaint (*see* ECF 65 at 13, 21-23), but that the Court concluded he had not (Order at 31-32, 37).  And the third is a claim that Plaintiff attempted to plead, unsuccessfully, in his original complaint.  (*Id.* at 35.)

Plaintiff has now moved for leave to plead three new claims generally consistent with the Court's Order: (1) a deliberate indifference (instead of an erroneous outcome) claim pertaining to Plaintiff's complaint of gender-based misconduct against Complainant (Mot. Ex. A ¶¶ 1070-117; Mot. at 4-6);[1] (2) a breach of contract claim for failure to investigate claims against Complainant

---

[1]   By attempting to belatedly plead as a deliberate indifference claim the purported erroneous outcome claim that he failed to originally plead—a claim that Columbia already pointed out could not be pled as an erroneous outcome claim as a matter of law (*see* ECF 74, at 2 n.2)—Plaintiff tacitly concedes that to attempt pleading such an erroneous outcome claim now would be futile (*see* Order at 32).  He attempts to circumvent that obstacle by belatedly seeking leave to plead a deliberate indifference claim instead.

for alleged retaliation and tampering (Mot. Ex. A ¶¶ 927-85; Mot. at 1-3); and (3) a promissory estoppel claim based on the purported specific assurance of a 60-day investigation (Mot. Ex. A ¶¶ 999-1004; Mot. at 3-4). But, in addition to that, Plaintiff is also seeking leave to plead two more new claims: (1) a deliberate indifference claim pertaining to Plaintiff's purported retaliation claims against Complainant (Mot. Ex. A ¶¶ 1118-125; Mot. at 4-6); and (2) a promissory estoppel claim based on the purported specific assurance of completing the investigative report by "the end of the month" (Mot. Ex. A ¶¶ 1005-1011; Mot. at 4).[2]

Plaintiff was well-aware of the facts and the law underlying all of his newly proposed claims when he filed his complaint back in May 2019. Nevertheless, the Court provided Plaintiff with another chance to try to properly plead three claims that he thought he had pled in his original complaint. Plaintiff now seeks, at this late date, to plead yet *other* claims that he could have previously pleaded, but failed to, for no apparent reason. In doing so, he is exceeding the limits of the Court's Order and attempting to pursue the type of amendment that is disfavored by courts. *See, e.g.*, *Cty. of Wash. v. Ctys. of Warren & Wash. Indus. Dev. Agency*, 2 F. App'x 71, 75 (2d Cir. 2001); *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003). These "extra" claims that Plaintiff now seeks to plead—a deliberate indifference claim based on Complainant's purported retaliation and a promissory estoppel claim based on the purported assurance of a completed report by "the end of the month"—should be rejected on that basis alone.[3]

## II. Plaintiff's Proposed New Claims Would All Be Futile

Even putting aside that at least two claims in Plaintiff's proposed amended complaint overstep the bounds of the Court's Order, denial of the Motion is warranted in any event because each of Plaintiff's proposed new claims would be futile. *See, e.g.*, *Baergas v. City of N.Y.*, No. 04 Civ. 2944, 2005 WL 2105550, at *7 (S.D.N.Y. Sept. 1, 2005); (Order at 32).

### A. Plaintiff's Proposed Deliberate Indifference Claim Would Be Futile

Plaintiff is now attempting to claim that Columbia acted with deliberate indifference to discriminatory harassment, namely Complainant's alleged (1) misconduct and (2) retaliation. When a plaintiff alleges discriminatory harassment by other students, however, a university can only be liable for Title IX deliberate indifference when the following four conditions are satisfied: (1) the harassment must be "sexual" in nature; (2) the harassment must be "so severe, pervasive, and objectively offensive," and must have "so undermine[d]" and "detract[ed]" from the student's educational experience that it effectively "bar[red]" the student from access to educational opportunities or benefits; (3) the school had actual knowledge of the harassment; and (4) the

---

[2] While the Court has permitted Plaintiff to seek leave to "allege any specific promise as to the length of Plaintiff's investigation" (Order at 39), Columbia believes that this new claim goes beyond what the Court had in mind in its Order.

[3] Additionally, Plaintiff has proposed amendments that not only were not contemplated by the Court's Order, but that also are entirely unrelated to the causes of action at issue in the Motion. These include allegations that Columbia selectively enforced its retaliation rules against Plaintiff (Mot. Ex. A ¶ 19), and that Columbia failed to disclose a conflict of interest (*id.* ¶ 930). Plaintiff should not be permitted to make such extraneous amendments at this time. Plaintiff has also proposed amending the complaint to remove his allegations of damages related to physical, emotional, or psychological injuries (*see, e.g.*, *id.* ¶¶ 798, 925, 1065), consistent with the Court's prior order (ECF 76). Columbia does not object to these proposed amendments.

school's response was "clearly unreasonable in light of the known circumstances." *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648-51 (1999). The *Davis* court made it clear that this is not merely a matter of proof, but a pleading standard as well. *Id.* at 649. And the "clearly unreasonable" standard is not a "mere 'reasonableness' standard," *id.*; nor is it a standard of "negligence or carelessness; it requires recklessness," *Tubbs v. Stony Brook Univ.*, 343 F. Supp. 3d 292, 309-10 (S.D.N.Y. 2018). Put another way, school administrators are not required to "purg[e] their schools of actionable peer harassment," nor does Title IX grant a student the "right to make particular remedial demands." *Davis*, 526 U.S. at 648.

### 1. Plaintiff's Claim Based on Alleged Misconduct Would Be Futile

Plaintiff's proposed claim based on Complainant's alleged misconduct would be futile because (1) Columbia's response to Plaintiff's complaint was not "clearly unreasonable," (2) the alleged misconduct was not "severe and pervasive," and (3) Plaintiff was not deprived of educational opportunities. Specifically, Plaintiff now attempts to allege that Columbia was not "thorough and impartial" in its investigation of Plaintiff's complaint against Complainant, but fails to allege with particularity any deficiencies in the investigation. (*See, e.g.*, Mot. Ex. A ¶¶ 1109-10.) Such vague and conclusory allegations are insufficient to survive a motion to dismiss. *See, e.g.*, *Smith v. Liodice*, No. 17 Civ. 7028, 2020 WL 1033644, at *3 (S.D.N.Y. Mar. 2, 2020); *Shim-Larkin v. City of N.Y.*, No. 16 Civ. 6099, 2018 WL 924212, at *6 (S.D.N.Y. Jan. 19, 2018). Moreover, Plaintiff's mere disagreement with the conduct of the investigation does not make the way in which it was conducted "clearly unreasonable." *See, e.g.*, *Martinetti v. Mangan*, No. 17 Civ. 5484, 2019 WL 1255955, at *4-5 (S.D.N.Y. Mar. 19, 2019) (explaining that "[e]ven if Plaintiff believes a different type of investigation, or a more expansive one, was the appropriate response," that is not enough to constitute deliberate indifference (internal quotation omitted)); *KF v. Monroe Woodbury Cent. Sch. Dist.*, No. 12 Civ. 2200, 2013 WL 177911, at *7 (S.D.N.Y. Jan. 16, 2013) (holding that educational institutions are "not required to proceed in any particular manner," even if there was a "policy in place that required the initiation of a formal investigation;" they "retain broad flexibility in devising a response").[4]

Plaintiff also now seeks to allege that Columbia acted "clearly unreasonably" by charging Complainant only with "sexual harassment." (Mot. Ex. A ¶¶ 446, 448-58, 1106-07.) But again, Plaintiff's disagreement with the charge imposed does not make Columbia's decision as to the charge "clearly unreasonable." *See Martinetti*, 2019 WL 1255955, at *4-5; *KF*, 2013 WL 177911, at *7. Complainant's alleged behavior meets the definition of sexual harassment, as it was an "unwelcome sexual advance[]." (Columbia's Gender-Based Misconduct ("GBM") Policy and Procedures, ECF 48 Ex. A ("Policy") at 5.) Plaintiff's wish that additional or different charges had been brought does not mean that Columbia acted with deliberate indifference.[5]

---

[4] Plaintiff complains that Columbia did not promptly update the No-Contact Directive ("NCD") already in place. (Mot. Ex. A ¶¶ 463, 1094.) But since there was already a mutual NCD in place, waiting to update the NCD until the charge(s) against Complainant had been determined does not rise to the level of "clearly unreasonable." *Cf. Doe v. Princeton Univ.*, 790 F. App'x 379, 384 (3d Cir. 2019) (holding that even the failure to issue any form of no-contact order upon allegations of sexual harassment did not constitute deliberate indifference).

[5] Plaintiff claims that Complainant should have also been charged with "sexual assault: contact," "domestic violence," "dating violence," and "sexual exploitation." (Mot. Ex. A ¶¶ 1083-92.) The Policy is clear, however, that "domestic violence" (reserved for spouses and "intimate partners") and "dating violence" (reserved for those

**KAPLAN HECKER & FINK LLP**

4

Moreover, Complainant's alleged misconduct does not constitute "severe, pervasive and objectively offensive" sexual harassment "serious enough to have the systemic effect of denying the victim equal access to" education. *Davis*, 526 U.S. at 652. In assessing whether an assault or harassment meets that standard, courts "routinely assess the specific circumstances of the alleged sexual harassment or assault." *Martinetti*, 2019 WL 1255955, at *4. A "single instance of sexual harassment is typically insufficient to establish liability under Title IX unless 'the conduct consists of extreme sexual assault or rape.'" *Id.* at *4 (quoting *Carabello v. N.Y. City Dep't of Educ.*, 928 F. Supp. 2d 627, 643 (E.D.N.Y. 2013)).[6] Although inappropriate, the behavior Plaintiff alleges Complainant exhibited—non-consensually biting his lip, slapping him once, grabbing his buttocks once, and exposing his penis once—does not meet the standard of "extreme" conduct required in single incident cases. *See Carabello*, 928 F. Supp. 2d. at 643; *see also, e.g., Francouer v. D.L.*, No. 15 Civ. 953, 2017 WL 4247385, at *1, 6-7 (D. Conn. Sept. 25, 2017); *Soriano ex rel. Garcia v. Bd. of Educ.*, No. 01 Civ. 4961, 2004 WL 2397610, at *6 (E.D.N.Y. Oct. 27, 2004).

Nor is Plaintiff alleging any "overt, physical deprivation of access to school resources," *Davis*, 526 U.S. at 650, or "concrete, negative effect on . . . [his] ability to receive an education," *Hawkins v. Sarasota Cty. Sch. Bd.*, 322 F.3d 1279, 1289 (11th Cir. 2003). Plaintiff is simply alleging, in conclusory fashion, that he was denied "equal access to the protection and use of Columbia's disciplinary process." (Mot. Ex. A ¶ 1128.) But Plaintiff's disagreement with the process and its outcome is not the same as being denied "equal access," which he was not.

### 2. Plaintiff's Claim Based on Alleged Retaliation Would Be Futile

For similar reasons, Plaintiff's attempt to now claim that Columbia acted with deliberate indifference by not investigating his allegations of retaliation would also be futile. Plaintiff claims that Columbia acted with deliberate indifference to two separate instances of alleged retaliatory behavior: (1) Complainant purportedly spreading a "rumor" in discussing the incident underlying the investigation with a classmate (Mot. Ex. A ¶¶ 473-74, 1119); and (2) Complainant purportedly spilling a drink on and yelling at two student witnesses in the ongoing GBM investigation because

---

in a relationship) involve behavior "that seeks to establish power and control over another person by causing fear of physical or sexual violence." (Policy at 4-5.) But Plaintiff makes no non-conclusory allegation of a relationship or any allegation that Complainant's behavior caused him any fear of violence and so such charges did not apply. Even if Plaintiff's allegations could have resulted in charges of "sexual assault: contact" and "sexual exploitation," Columbia's decision to charge Complainant with "sexual harassment" was not clearly unreasonable.

[6] While Plaintiff asserts that one instance of sexual assault satisfies the standard, the allegations of assault in the cases he cites are far more severe than his own allegations against Complainant. *See Soper v. Hoben*, 195 F.3d 845, 849 (6th Cir. 1999) (alleging student raped a middle-school student with a mental disability and two other students fondled her breasts and vagina); *T.P. v. Elmsford Union Free Sch. Dist.*, No. 11 Civ. 5133, 2012 WL 860367, at *1-2 (S.D.N.Y. Feb. 27, 2012) (alleging non-consensual medical examination of a seventh-grade student's genitalia); *Bliss v. Putnam Valley Cent. Sch. Dist.*, No. 06 Civ. 15509, 2011 WL 1079944, at *1 (S.D.N.Y. Mar. 24, 2011) (alleging teacher drugged and raped a seventh-grade student while she was unconscious); *M. v. Stamford Bd. of Educ.*, No. 05 Civ. 0177, 2008 WL 2704704, at *2 (D. Conn. July 7, 2008) (alleging student attempted to have vaginal intercourse with a sixteen-year-old student with a mental disability), *vacated on other grounds*, *M. v. Stamford Bd. of Educ.*, 2008 WL 4197047 (D. Conn. Sept. 9, 2008).

those witnesses were speaking with Plaintiff (*id.* ¶¶ 581-84, 1120).[7]

Plaintiff fails to allege that Columbia acted with deliberate indifference to either of these supposed acts. First, Plaintiff alleges that when he asked Columbia to investigate Complainant's purported "rumor," he was informed that students are permitted to share their experiences with others. (Mot. Ex. A ¶ 482.) This response was in accordance with the Policy and in no way "clearly unreasonable." (*See* Policy at 18 (policy does not "prevent either party from discussing the incident itself"); *see also* Order at 36-37.) Second, Plaintiff fails to allege that Columbia had "actual knowledge" of Complainant's purported conduct concerning the two other witnesses who were speaking with Plaintiff. Rather, Plaintiff alleges that he sent Columbia "follow-up" questions for witnesses regarding retaliation as part of the ongoing investigation (Mot. Ex. A ¶ 588), not that he reported or complained of any such retaliation. Providing questions to be posed to witnesses about Complainant's purported behavior is not sufficient to plead that Columbia had the "actual knowledge" necessary to impose Title IX liability. Allegations amounting to mere "constructive knowledge" are insufficient. *See, e.g.*, *Zeno* v. *Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 666 (2d Cir. 2012); *Roskin-Frazee v. Columbia Univ.*, No. 17 Civ. 2032, 2018 WL 6523721, at *7 (S.D.N.Y. Nov. 26, 2018).[8]

Plaintiff also is not alleging conduct that was "severe, pervasive and objectively offensive." *Davis*, 526 U.S. at 652. Plaintiff is merely seeking to allege, in general terms, that he experienced "a hostile environment" that "alienated [him] from his classmates." (Mot. Ex. A ¶ 1129.) Such allegations are insufficient to survive a motion to dismiss. *See, e.g.*, *Nungesser*, 244 F. Supp. 3d at 368 (social media posts not "severe, pervasive and objectively offensive" conduct); *Tyrrell v. Seaford Union Free Sch. Dist.*, 792 F. Supp. 2d 601, 612, 629 (E.D.N.Y. 2011) (allegations that students would "scream and curse at" plaintiff, "call her names," and "push her" were "not sufficiently severe or offensive"); *Brodsky ex rel. S.B. v. Trumbull Bd. of Educ.*, No. 06 Civ. 1947, 2009 WL 230708 (D. Conn. Jan. 30, 2009) (allegations plaintiff was teased as well as touched inappropriately did not amount to Title IX violation). Moreover, Plaintiff fails to allege how the purported "alienation" deprived him of access to resources or impacted his education. While he alleges generally that he was "prevented from attending educational, professional and networking events," he provides no concrete allegations as to any event he was prevented from attending as a student. (Mot. Ex. A ¶¶ 1131-32.); *see also Nungesser*, 224 F. Supp. 3d at 368-69. His allegations that he was "deprived of his diploma" and of future alumni networking opportunities (Mot. Ex. A ¶¶ 1133-34) fare no better, as these stem from the finding of responsibility and resulting sanction imposed on Plaintiff; they have nothing to do with his claims of retaliation (*see* Order at 36).

### B. Plaintiff's Proposed Breach of Contract Claim Would Be Futile

The Court permitted Plaintiff to move for leave "to add a breach of contract claim for failure to investigate Feibleman's claims of retaliation and tampering against Doe," including

---

[7] It is not clear that a university's purported deliberate indifference to a claim of student-on-student retaliation is even actionable under Title IX. *See Bose v. Bea*, 947 F.3d 983, 993 (6th Cir. Jan. 28, 2020) (questioning whether "deliberate indifference to retaliation [is] even actionable under Title IX").

[8] Columbia's determination that the questions posed were "not relevant" to the investigation was not "clearly unreasonable" given the lack of notice of any retaliation complaint and that the time to submit questions under the Policy had expired. (Mot. Ex. A ¶¶ 589-91.)

KAPLAN HECKER & FINK LLP

6

alleging an "enforceable promise" and "damages from its breach." (Order at 37.) As Plaintiff fails to adequately allege either in the proposed amended complaint, his claim would be futile and the Motion should be denied.

Plaintiff claims that Columbia "promises to investigate retaliation claims" in its Policy. (Mot. at 2.) In support, Plaintiff quotes from the "Definitions of Gender-Based Misconduct" section of the Policy. (Mot. Ex. A ¶¶ 932-38; Policy at 6.) But, as the Court has recognized, this Policy section "simply defines" gender-based misconduct; it "do[es] not promise anything." (Order at 36.)[9] Indeed, the Policy clearly states that Columbia does *not* promise to investigate each and every report of a Policy violation, explaining that "[t]he [GBM] Office *may* initiate the investigative process when it receives a complaint or report of a violation of this Policy . . . ." (Policy at 21 (emphasis added).) That Columbia "may" investigate a complaint or report does not create an "enforceable promise" to do so. *See Proyecfin de Venezuela, S.A. v. Banco Industrial de Venezuela, S.A.*, 760 F.2d 390, 396 (2d Cir. 1985); *Kamdem-Ouaffo v. Balchem Corp.*, No. 17 Civ. 2810, 2018 WL 4386092, at *14 (S.D.N.Y. Sept. 14, 2018).

Even if Plaintiff were to allege an "enforceable promise," which he cannot do based on the plain language of the Policy, his breach of contract claim would be futile because he does not allege damages from any purported breach. (*See* Order at 37.) "Causation is an essential element of damages in a breach of contract action . . . , a plaintiff must prove that a defendant's breach *directly and proximately caused* his or her damages." *Kaye Dentistry, PLLC v. Turchin*, No. 13 Civ. 5306, 2014 WL 2649976, at *2 (S.D.N.Y. June 13, 2014) (quoting *Nat'l Market Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (emphasis added)). Here, Plaintiff alleges that Columbia's failure to investigate caused him "reputational damages" and "occupational damages" by "enabling Complainant's slanderous comments" and "obscur[ing] the truth" amongst his classmates who "operate in positions of influence," thereby limiting his ability to obtain employment. (Mot. Ex. A ¶¶ 969-82; *see also id.* ¶ 945.) Plaintiff's allegations are mere conclusory statements—they do not allege *how* any decision not to investigate may have "obscured the truth," "enabled" such comments, or "damaged his reputation." Boilerplate allegations such as these are insufficient to withstand a motion to dismiss. *See, e.g.*, *Pu v. Russell Pub. Grp., Ltd.*, 683 F. App'x 96, 97 (2d Cir. 2017).

Moreover, Plaintiff's theory of causation is too attenuated. There was no guarantee that any investigation would have resulted in a finding against Complainant and, therefore, that any failure to investigate somehow "obscured the truth." Even if an investigation had found Complainant responsible for retaliation, GBM investigations are confidential and Plaintiff's classmates would have had no knowledge of the proceeding or its outcome. (*See* Policy at 18.) And any GBM finding against Complainant would in no way have obviated the finding of responsibility against Plaintiff and the resulting sanction. Indeed, as the Court has already recognized, Plaintiff's "damages and injury flow from Columbia's handling of Doe's complaint against him and his resulting expulsion; a finding of fault against Doe . . . in no way exonerates

---

[9] This "Definitions" section also contains details on how Columbia proceeds with a retaliation investigation after the decision to investigate has been made—*e.g.*, Columbia "may" investigate claims between the Complainant and Respondent either "separately through the Dean's Discipline process or folded into the pending investigation." (Policy at 6.) But these details in no way create an obligation to investigate every report and, therefore, Plaintiff cannot rely on this section to create any "enforceable promise" to investigate.

him . . . ." (Order at 36.)

### C. Plaintiff's Proposed Promissory Estoppel Claim Would Be Futile

The Court also permitted Plaintiff to move for leave to amend his promissory estoppel claim based on Columbia's purported promise to adhere to a 60-day investigation timeline, but only to the extent he could plead "specific assurances and the inapplicability of exceptions in his case." (Order at 35 n.24.) As Plaintiff again fails to adequately allege either in his proposed amendment, this claim, too, would be futile.

Plaintiff first attempts to allege that Columbia provided him the "specific assurance" of a 60-day timeline in "a document setting forth the guidelines" for the GBM process, which "noted that the Policy includes a 60-day framework for conducting investigations based on guidance from the Department of Education's Office of Civil Rights." (Mot. Ex. A ¶¶ 1000-01.) But a "framework" is not a guarantee, and Plaintiff provides no support for his assertion that the Court should interpret a "framework" as a "clear and unambiguous" promise. (*See* ECF 47 at 18 (citing cases); Order at 33-35); *see also Nungesser*, 244 F. Supp. 3d at 372.

Plaintiff then goes beyond the Court's Order and attempts to expand his proposed promissory estoppel claim by alleging that, after the 60-day timeline passed, Columbia promised to complete the report "by the end of the month." (Mot. at 3-4; Mot. Ex. A ¶ 1005.) Even if Plaintiff were permitted to add this additional claim, the proposed allegations do not plead a "specific assurance." Plaintiff alleges that on January 17, 2017, he was informed "that the Investigative Report would be completed 'by the end of the month.'" (Mot. Ex. A ¶ 1005.) Viewing this statement in a light most favorable to Plaintiff, it is clear that this was a statement of intent, not a guarantee. Such an aspirational deadline is not a promise sufficient to support a claim of promissory estoppel. *See, e.g.*, *Economou v. Borg-Warner Corp.*, 829 F.2d 311, 316-17 (2d Cir. 1987) (noting that, to support a claim of promissory estoppel, a statement cannot be a mere "wish" or "desire" rather than a "promise"); *see also Celle v. Barclays Bank P.L.C.*, 48 A.D.3d 301, 303 (N.Y. App. Div. 2008) (same).

Even assuming Plaintiff has pled "specific assurances," Plaintiff's claim still fails because he has not adequately pled that none of the "array of possible exceptions" listed in the Policy apply to his case. For example, Plaintiff simply alleges, without support or explanation, that "good cause as necessary to ensure the integrity and completeness of this process does not account for Columbia's delay." (Mot. Ex. A ¶ 1042.) Plaintiff then alleges that "Columbia interviewed 10 non-party witnesses and 2 party witnesses prior to January 18, 2017" and simply concludes that "[t]he number of witnesses interviewed does not explain Columbia's delay in resolving Complainant's report against Mr. Feibleman." (*Id.* ¶¶ 1022-23.) He also alleges that he provided evidence to assist Columbia in an "easily reviewable format," and from there concludes that the "complexities of the investigation, including the number of witnesses and volume of information provided by the parties does not account for the substantial delay." (*Id.* ¶¶ 1027-29.) These allegations are conclusory, insufficient to survive a motion to dismiss, and therefore futile.[10]

---

[10] Should the Court grant Plaintiff's Motion, Columbia reserves the right to move to dismiss the amended complaint; the arguments against the proposed new claims go beyond the seven pages afforded for this opposition.

KAPLAN HECKER & FINK LLP

8

****

For the foregoing reasons, Columbia respectfully requests that the Court deny the Motion.

Respectfully submitted,

Roberta A. Kaplan
Gabrielle E. Tenzer
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
212.763.0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com

Michele S. Hirshman
Darren W. Johnson
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Main: 212.373.3000
Fax: 212.757.3990
mhirshman@paulweiss.com
djohnson@paulweiss.com

*Attorneys for Defendant The Trustees of Columbia University in the City of New York*

cc: Counsel of Record