

| | |
|---|---|
| Warshaw Burstein, LLP<br>575 Lexington Avenue<br>New York, NY  10022<br>(212) 984-7700 | James E. Figliozzi<br>Counsel<br>(212) 984-7792<br>jfigliozzi@wbny.com |

April 20, 2020

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

         Re:    *Feibleman v. The Trustees of Columbia University*, 19-CV-4327 (VEC)

Dear Judge Caproni:

      Columbia has failed to show that Plaintiff's deliberate indifference claim would be futile. Columbia improperly characterizes Plaintiff's allegations as "mere disagreement" with the conduct of its investigation.  Def. Letter at 3.  The Amended Complaint clearly notes deficiencies in Columbia's investigation of Complainant's violent and sexually inappropriate behavior, namely, Columbia's selective application of the definitions in the GBM Policy (the "Policy").  The conduct by Complainant that Plaintiff brought to Columbia's attention paired with Columbia's refusal to enforce defined provisions in the Policy[1] shows that Columbia's actions were clearly unreasonable.[2]

---

[1] Columbia offers a misleading summary of its own Policy when it claims that "Dating Violence" is "reserved for those in a relationship." Def. Letter at 3-4 n.5.  The Policy describes Dating Violence as "The use or threat of physical or sexual violence that is directed toward a person who is or has been in a social relationship of a romantic or sexually intimate nature with the Respondent."  Policy at 5.  Columbia admits that "Domestic Violence" is "reserved for . . . 'intimate partners.'" Def. Letter at 3 n.5.  However brief, Mr. Feibleman and Complainant were most definitely in a "social relationship of a romantic or sexually intimate nature" and would be considered "intimate partners" by any interpretation of the term.  *Id*. at 4, 5.

[2] The cases cited by Columbia to support the supposed reasonableness of its actions are readily distinguishable.  *See KF v. Monroe Woodbury Cent. Sch. Dist,* No. 12 Civ. 2200 (ER), 2013 U.S. Dist. LEXIS 7269 (S.D.N.Y. Jan. 16, 2013) (school district took significant remedial measures after high school student belatedly reported years-old instances of sexual assault and harassment); *Martinetti v. Mangan*, No. 17-CV-5484 (KMK), 2019 U.S. Dist. LEXIS 45320 at *16, *21 (S.D.N.Y. Mar. 19, 2019) (plaintiff "alleged so few facts that it is not possible to discern precisely what form of investigation Plaintiff believes the school undertook, and why it was clearly unreasonable" and failed to indicate a "specific . . . form of investigation that Plaintiff sought but was denied, thus dooming her claim."); *Doe v. Princeton*, 790 Fed. Appx. 379, 386 (D.N.J. 2019) ("the interim measure Doe requested, a no-contact order, was something Princeton *does not issue* to students.") (emphasis added).

Complainant physically restrained Mr. Feibleman on top of a water tower nearly 200 feet above street level after he indicated he did not want to continue their sexual encounter. Amended Complaint ("AC") at ¶¶ 153, 155. When Mr. Feibleman indicated that he was scared and asked to descend from the water tower, Complainant taunted him, exhorted him to "stop being a pussy," and physically assaulted him for her own sexual pleasure. AC at ¶¶ 154-62. Later that evening,[3] for the purposes of her own sexual gratification, Complainant physically assaulted Plaintiff, exposed his penis without his consent, grabbed his buttocks without his consent, and tried to perform oral sex on him without his consent.[4] AC at ¶¶ 1072-74. As alleged in the Amended Complaint, Complainant's behavior clearly falls within the definitions of Sexual Assault: Contact, Sexual Exploitation, Dating Violence, and Domestic Violence. AC at ¶¶ 1083-92. Columbia must be held to its own Policy definitions and cannot be permitted to play fast and loose with terms that have the potential to greatly impact the academic and professional futures of students involved in the disciplinary process. Plaintiff also offers multiple examples of how Columbia's clearly unreasonable behavior caused a deprivation of access to school resources and had a concrete negative effect on his education. AC at ¶¶ 1127-34.

Imagine if the sexes were reversed – a man physically restrains a woman alone on top of a dark water tower; after she expresses her fear of the situation, he denigrates her using crass terms before striking her across the face and biting her, showing signs of arousal after doing so; later in the evening, after she refuses his requests for sex and attempts to leave, he bites her again then removes her pants to expose her genitals before grabbing her buttocks and attempting to perform cunnilingus on her against her will. By the standards of any decent society, labeling such horrifying behavior as mere "sexual harassment" is clearly unreasonable. Yet, that is exactly what Columbia did when Plaintiff reported Complainant's actions. Such conduct certainly meets the "severe, pervasive and objectively offensive" standard noted in *Davis*. Columbia apparently disagrees as long as the perpetrator is a woman, simply labeling such behavior "an 'unwelcome sexual advance.'" Def. Letter at 3 (quoting Policy at 5). Such a characterization is incredulous and clearly unreasonable.

Columbia also takes unwarranted liberties with the Policy provisions and the allegations contained in the Amended Complaint regarding retaliation.[5] Complainant's statements that Plaintiff

---

[3] Columbia misleadingly asserts that there was a "single incident" of sexual misconduct when, in reality, there were several incidents at different times and in different locations. Def. Letter at 4; AC at ¶¶ 153-62, 309-10, 317-24, 1072-74. Even if the multiple offenses committed by Complainant were considered a "single incident," Complainant's repeated acts of violence coupled with her forced disrobing of Plaintiff and exposure of Plaintiff's penis prior to attempting to force oral sex on him would certainly meet the definition of "extreme sexual assault" that Columbia admits would establish liability under Title IX. Def. Letter at 4; *contra Soriano v. Bd. of Educ.*, 01 CV 4961 (JG), 2004 U.S. Dist. LEXIS 21529 (E.D.N.Y. Oct. 27, 2004) (touching of vagina and buttocks through clothes insufficient); *Carabello v. New York City Dep't of Educ.*, 928 F.Supp. 2d 627 (E.D.N.Y. 2013) (touching breasts, stomach, and legs over clothing and one bite insufficient); *Francoeur v. D.L.*, Civil No. 3:15cv953 (JBA), 2017 U.S. Dist. LEXIS 157716 (D. Conn. Sept. 25, 2017) (several grabs of buttocks in short period of time insufficient).

[4] In an apparent attempt to downplay the severity of the conduct at issue, Columbia misleadingly fails to mention Complainant's attempt to forcibly place her mouth on Plaintiff's penis when recounting Complainant's offending behavior. Def. Letter at 4 (listing non-consensual biting, slapping, fondling, and genital exposure).

[5] Columbia's assertion that student-on-student retaliation cannot form the basis of a deliberate indifference claim is incorrect. Def. Letter at 5 n.7. The case Columbia cites for this assertion includes a citation that refutes Columbia's position. *See Bose v. Bea*, 947 F.3d 983, 993 (6th Cir. 2020) (offering "*but see*" citation to *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 695 (4th Cir. 2018), with a parenthetical quotation stating "[W]e are satisfied that an educational

raped her with his penis and gave her an STD were objectively false and cannot be considered a discussion of "the incident itself" that is protected by the Policy. AC at ¶¶ 473-78. Columbia knew these statements were false, as Complainant never claimed to have intercourse with Plaintiff. Such false statements constituted Retaliation under the policy as they were adverse actions taken against Plaintiff, who was both a Respondent and a Complainant. *Id*. at ¶ 477. Given the known falsity and obvious prejudice of the statements, Columbia's failure to investigate was clearly unreasonable. Regarding Complainant's physical assault of witnesses in Plaintiff's presence, the Amended Complaint clearly notes that Plaintiff asked Serena Barnett to question the three non-party student witnesses "about Complainant's retaliatory behavior at the May 11, 2017 graduation party." *Id*. at ¶ 588. Any claim that Columbia lacked actual knowledge of this retaliatory behavior is not true.[6] Being the subject of a false rape accusation leading to the transmission of an STD is certainly severe, pervasive, and objectively offensive conduct, as is being a bystander to a physical assault on friendly witnesses. Plaintiff also offers multiple examples of the impact of Columbia's clearly unreasonable behavior. AC at ¶¶ 1127-34.

Columbia has failed to show how Plaintiff's breach of contract claim would be futile. The Retaliation portion of the Policy, when read as a whole, states a clear promise to investigate retaliation claims.[7] Policy at 6; ECF 98 at 2. Plaintiff's damages stem from Columbia's failure to investigate and extinguish Complainant's false rape claim. AC at ¶¶ 962-82. Columbia has failed to show that Plaintiff's promissory estoppel claim would be futile. A document provided by Columbia in discovery proves the falsity of its claim that the 60-day timeline for conducting investigations is not a guarantee.[8] Additionally, it is unclear why Columbia thinks that a statement to complete a task within a certain time period (*i.e.*, "by the end of the month") is "not a guarantee." Def. Letter at 7. Read in the light most favorable to Plaintiff this is definitely a specific assurance. The Amended Complaint clearly shows that none of the exceptions listed in the Policy apply to Plaintiff's case. AC at ¶¶ 1013-43.

Plaintiff should be permitted to file the proposed Amended Complaint.[9]

---

institution can be liable for acting with deliberate indifference toward known instances of student-on-student retaliatory harassment.").

[6] Columbia's determination that the follow-up investigation Plaintiff asked Columbia to perform was irrelevant was clearly unreasonable. On May 15, 2017, Plaintiff reported Complainant's retaliatory behavior, which occurred on May 11, 2017, one day *after* the deadline utilized to determine relevancy had passed. AC at ¶¶ 586, 588, 591. Thus it was impossible for Plaintiff to report Complainant's behavior before the reporting period closed. Additionally, Columbia's Policy permits parties to introduce "new information" to the Hearing and Appellate Panels that may trigger additional investigation. Policy at 27, 31. Prior to Plaintiff's Hearing, Jeri Henry explicitly forbid Plaintiff from discussing Complainant's retaliatory behavior at the Hearing and redacted references to Complainant's retaliatory behavior from Plaintiff's written statements to the Hearing and Appellate Panels. AC at ¶¶ 685-86, 690-91, 762. These actions demonstrate that Columbia had actual knowledge of Complainant's retaliatory behavior.

[7] Columbia improperly expands the Court's holding in the Opinion and Order when it states that the Court has recognized that the definitions section of the Policy "do[es] not promise anything." Def. Letter at 6. The Opinion and Order states that Pages 4, 5, and 7 of the Policy defining sexual assault, harassment, and consent do not promise anything (ECF 94 at 36); the Retaliation portion of the Policy appears on Page 6 and does contain a promise to investigate (Policy at 6).

[8] Columbia has designated this document "Confidential." Should the Court request, Plaintiff is prepared provide a copy for the Court's review *in camera*.

[9] If Plaintiff's Motion is granted, the Court will have deemed the proposed amendments not to be futile. Accordingly, any attempt by Columbia to file a motion to dismiss the Amended Complaint will be a waste of judicial resources.

Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

*[signature]*

James E. Figliozzi
Kimberly C. Lau

cc: Counsel for Defendant