

Warshaw Burstein, LLP
575 Lexington Avenue
New York, NY 10022
(212) 984-7700

James E. Figliozzi
Counsel
(212) 984-7792
jfigliozzi@wbny.com

May 1, 2020

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Feibleman v. The Trustees of Columbia University*, 19-CV-4327 (VEC)

Dear Judge Caproni:

    We write briefly to clarify the issue raised by Columbia in its letter dated April 23, 2020. ECF 108. Review of the decisions cited therein shows that Columbia has improperly extended their holdings to the instant matter. In these decisions, Judge Woods comments on the faulty allegations contained within versions of the plaintiff's complaint. *Nungesser v. Columbia*, 244 F. Supp. 3d 345, 364, 367 (S.D.N.Y. 2017) (commenting on hypotheticals, abstract arguments, and polemics in second amended complaint); *Nungesser v. Columbia*, 169 F. Supp. 3d 353, 365, 365 n.9 (S.D.N.Y. 2016) (commenting on speculative and conclusory allegations contained in amended complaint); *Nungesser v. Columbia Univ.*, No. 1:15 Civ. 3216 (S.D.N.Y. Mar. 23, 2017), ECF 70 at 3 (commenting on extraneous arguments presented in second amended complaint). Here, Plaintiff uses a gender-swapping scenario to highlight the incredulous and clearly unreasonable nature of Columbia's position, as stated in its own opposition letter, that Complainant's behavior constituted an "unwelcome sexual advance." ECF 107 at 2 (citing ECF 105 at 3). Accordingly, in the event that the Court considers Columbia's improper sur-reply, Plaintiff submits that Columbia has failed to effectively impugn the validity of the subject argument contained in Plaintiff's reply letter.

    Your Honor's attention to this matter is greatly appreciated.

                                    Respectfully submitted,

                                    James E. Figliozzi
                                  Kimberly C. Lau

cc:    Counsel for Defendant (*via* ECF)