**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Civil Action No.: **19-cv-04327-VEC**

**BEN FEIBLEMAN,**
                              **Plaintiff,**

v.

**THE TRUSTEES OF COLUMBIA**
**UNIVERSITY IN THE CITY OF NEW**
**YORK,**

                              **Defendant.**

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant The Trustees of Columbia University in the City of New York, by and through

its undersigned attorneys, hereby responds to the Complaint in the above-captioned action (the

"Complaint") as follows:[1]

1.       Admits the allegations in Paragraph 1 of the Complaint.

2.       Admits the allegations in Paragraph 2 of the Complaint.

3.       Denies the allegations in Paragraph 3 of the Complaint, except admits that Mr.

Feibleman was expelled in connection with allegations of sexual assault by a female

student.

4.       Denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in Paragraph 4 of the Complaint, and notes that the Gender-Based Misconduct

("GBM") Investigative Report and its accompanying exhibits speak for themselves.

---

[1]     The Complaint utilizes headings and subheadings, to which no response is required.  To the extent that any of
the headings or subheadings present factual allegations, Defendant denies knowledge or information sufficient
to form a belief as to the truth or falsity of these allegations.

5. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

12. Denies the allegations in Paragraph 12 of the Complaint, except admits that Mr. Feibleman submitted to Columbia Title IX Investigators photos, videos, and audio (and a transcript thereof) alleged to have been taken on the night of the incident, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint as they relate to Complainant, and admits the allegations in Paragraph 13 of the Complaint as they relate to Defendant.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

15. Denies the allegations in Paragraph 15 of the Complaint, except admits that Columbia found Mr. Feibleman responsible for sexual assault, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

16. Denies the allegations in Paragraph 16 of the Complaint.

17. Denies the allegations in Paragraph 17 of the Complaint, except admits that Columbia found Complainant not responsible for sexual harassment of Mr. Feibleman, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

18. Denies the allegations in Paragraph 18 of the Complaint.

19. Denies the allegations in Paragraph 19 of the Complaint.

20. Denies the allegations in Paragraph 20 of the Complaint, except admits that a hold was placed on Mr. Feibleman's diploma while the GBM investigation of Complainant's claims

against Mr. Feibleman was ongoing and admits that Complainant was granted her diploma while the investigation of Mr. Feibleman's claims against Complainant was ongoing.

21.      Denies the allegations in Paragraph 21 of the Complainant, except admits that Mr. Feibleman was found responsible for violating the GBM Policy and Procedures for Students in effect at the time of the investigation (the "GBM Policy") and expelled.

22.      Denies the allegations in Paragraph 22 of the Complaint.

23.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint.

24.      Admits the allegations in Paragraph 24 of the Complaint.

25.      Denies the allegations in Paragraph 25 of the Complaint, except admits that Mr. Feibleman enrolled at the Graduate School of Journalism at Columbia University ("CJS") for the 2016-2017 academic year and admits that Mr. Feibleman was a student at CJS during some of the events described herein.

26.      Denies the allegations in Paragraph 26 of the Complaint.

27.      Denies the allegations in Paragraph 27 of the Complaint, except admits that Mr. Feibleman was expelled.

28.      Admits the allegations in Paragraph 28 of the Complaint.

29.      Neither admits nor denies the allegations in Paragraph 29 of the Complaint as the allegations purport to state conclusions of law to which no response is required.

30.      Neither admits nor denies the allegations in Paragraph 30 of the Complaint as the allegations purport to state conclusions of law to which no response is required.

31.      Neither admits nor denies the allegations in Paragraph 31 of the Complaint as the allegations purport to state conclusions of law to which no response is required.

4

32.     Denies the allegations in Paragraph 32 of the Complaint.

33.     Denies the allegations in Paragraph 33 of the Complaint, except admits that Steve Coll ("Coll") is the Dean of CJS and respectfully refers the Court to the article in the Columbia Journalism Review for a true and accurate statement of its contents.

34.     Denies the allegations in Paragraph 34 of the Complaint.

35.     Denies the allegations in Paragraph 35 of the Complaint.

36.     Denies the allegations in Paragraph 36 of the Complaint.

37.     Denies the allegations in Paragraph 37 of the Complaint.

38.     Admits the allegations in Paragraph 38 of the Complaint.

39.     Denies the allegations in Paragraph 39 of the Complaint, except admits that Mr. Feibleman received from Columbia a link to access the GBM Policy as part of his orientation materials.

40.     Denies the allegations in Paragraph 40 of the Complaint, except admits that there is a month-long training called the "Sexual Response Initiative" that matriculated students are required to complete.

41.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint, except admits that students were required to attend a "Sexual Violence Response" presentation on August 5, 2016.

42.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint.

43.     Denies the allegations in Paragraph 43 of the Complaint, except admits that on September 13, 2016, all CJS students were required to attend a lecture about "An Unbelievable

Story of Rape," and respectfully refers the Court to the *Pro Publica* investigation for a true and accurate statement of its content.

44.     Denies the allegations in Paragraph 44 of the Complaint, except admits that the introduction to *Virgin or Vamp: How the Press Covers Sex Crimes* was circulated as optional reading prior to the lecture and respectfully refers the Court to *Virgin or Vamp: How the Press Covers Sex Crimes* for a true and accurate statement of its content.

45.     Denies the allegations in Paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

49.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

50.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

51.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

52.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

53.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

54.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

55.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

56.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

57.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

58.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

59.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

60.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

61.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

62.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

64.     Denies the allegations in Paragraph 64 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

65.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

66.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the Complaint and of the photographs and accompanying captions in Paragraph 66 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

67.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

68.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Complaint and of the photographs and accompanying captions in Paragraph 68 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

69.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

70.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

71.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

72.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

73.     Denies the allegations in Paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

75.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

76.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

77.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

78.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

79.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

80.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

81.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

82.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits (including the CCTV footage) speak for themselves.

83.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

84.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

85.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

86.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

87.     Denies the allegations in Paragraph 87 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

88.     Denies the allegations in Paragraph 88, except admits that Complainant informed the Hearing Panel that, "On the way to the apartment I needed help to stand and walk, as was verified by numerous witnesses and by the security camera footage where you can see me leaning on the Respondent," and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

89.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

90.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

91.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

92.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

93.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

94.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

95.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

96.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

97.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

98.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

99.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

100.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

101.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

102.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

103.    Denies the allegations in Paragraph 103 of the Complaint, except admits that Complainant stated that "nothing was consensual" about her interaction with Mr. Feibleman and

that she did not have any feelings for Mr. Feibleman, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

104.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

105.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

106.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

107.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

108.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

109.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

110.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

111.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

112.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

113.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

114.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

115.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

116.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

117.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

118.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

119.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

120.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

121.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

122.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

123.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

124.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

125.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

126.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

127.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 of the Complaint and the photograph and accompanying caption in Paragraph 127 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

128.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

129.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129, footnote 1, and the photographs and accompanying captions in Paragraph 129 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

130.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

131.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

132. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

133. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

134. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

135. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

136. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

137. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137 of the Complaint and the photographs and accompanying captions in Paragraph 137 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

138. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

139.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

140.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

141.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

142.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142 of the Complaint and the photographs and accompanying captions in Paragraph 142 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

143.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

144.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

145.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

146.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

147.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

148.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148 of the Complaint and the photographs and accompanying captions in Paragraph 148 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

149.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

150.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

151.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

152.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

153.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

154.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

155.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

156.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

157.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

158.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

159.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

160.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

161.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

162.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

163.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

164.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

165.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

166.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

167.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

168.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

169.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

170.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

171.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171 of the Complaint and the photographs and accompanying captions in Paragraph 171 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

172.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

173.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

174. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

175. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

176. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 176 of the Complaint and the photograph and accompanying caption in Paragraph 176 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

177. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

178. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

179. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 179 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

180. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180 of the Complaint and the photographs and accompanying captions in Paragraph 180 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

181.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 181 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

182.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

183.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183 of the Complaint and the photographs and accompanying captions in Paragraph 183 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

184.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

185.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 185 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

186.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

187.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

188.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 188 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

189.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 189 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

190.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 190 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

191.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 191 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

192.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 192 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

193.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 193 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

194.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 194 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

195.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 195 of the Complaint and the photographs and accompanying

captions in Paragraph 195 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

196.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 196 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

197.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 197 of the Complaint and the photographs and accompanying captions in Paragraph 197 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

198.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 198 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

199.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 199 of the Complaint and the photographs and accompanying captions in Paragraph 199 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

200.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 200 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

201.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 201 of the Complaint and the photographs and accompanying captions in Paragraph 201 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

202.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 202 of the Complaint and the photographs and accompanying captions in Paragraph 202 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

203.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 203 of the Complaint and the photograph and accompanying caption in Paragraph 203 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

204.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 204 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

205.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 205 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

206.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 206 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

207.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 207 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

208.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 208 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

28

209.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 209 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

210.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 210 of the Complaint and the photographs and accompanying captions in Paragraph 210 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

211.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 211 of the Complaint, and the photograph and accompanying caption in Paragraph 211 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

212.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 212 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

213.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 213 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

214.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 214 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

215.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 215 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

216.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 216 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

217.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 217 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

218.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 218 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

219.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 219 of the Complaint and the photographs and accompanying captions in Paragraph 219 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

220.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 220 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

221.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 221 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

222.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 222 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

223. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 223 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

224. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 224 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

225. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 225 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

226. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 226 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

227. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 227 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

228. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 228 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

229. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 229 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

230.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 230 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

231.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 231 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

232.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 232 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

233.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 233 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

234.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 234 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

235.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 235 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

236.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 236 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

237.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 237 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

238.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 238 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

239.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 239 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

240.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 240 of the Complaint and the photographs and accompanying captions in Paragraph 240 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

241.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 241 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

242.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 242 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

243.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 243 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

244. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 244 of the Complaint and the photographs and accompanying captions in Paragraph 244 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

245. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 245 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

246. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 246 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

247. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 247 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

248. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 248 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

249. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 249 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

250. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 250 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

251.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 251 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

252.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 252 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

253.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 253 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

254.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 254 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

255.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 255 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

256.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 256 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

257.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 257 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

258.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 258 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

259.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 259 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

260.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 260 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

261.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 261 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

262.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 262 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

263.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 263 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

264.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 264 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

265.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 265 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

266.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 266 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

267.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 267 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

268.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 268 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

269.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 269 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

270.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 270 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

271.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 271 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

272.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 272 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

273.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 273 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

274.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 274 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

275.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 275 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

276.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 276 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

277.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 277 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

278.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 278 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

279.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 279 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

280.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 280 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

281.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 281 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

282.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 282 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

283.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 283 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

284.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 284 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

285.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 285 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

286.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 286 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

287.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 287 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

288.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 288 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

289.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 289 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

290.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 290 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

291.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 291 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

292.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 292 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

293. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 293 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

294. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 294 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

295. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 295 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

296. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 296 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

297. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 297 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

298. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 298 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

299. Denies the allegations in Paragraph 299 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

300. Denies the allegations in Paragraph 300 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

301.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 301 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

302.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 302 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

303.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 303 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

304.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 304 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

305.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 305 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

306.     Denies the allegations in Paragraph 306 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

307.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 307 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

308.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 308 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

309.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 309 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

310.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 310 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

311.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 311 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

312.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 312 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

313.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 313 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

314.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 314 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

315.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 315 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

316.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 316 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

317.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 317 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

318.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 318 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

319.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 319 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

320.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 320 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

321.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 321 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

322.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 322 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

323.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 323 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

324.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 324 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

325.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 325 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

326.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 326 of the Complaint, notes that the GBM Investigative Report

and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

327. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 327 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

328. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 328 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

329. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 329 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

330. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 330 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

331. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 331 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

332.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 332 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

333.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 333 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

334.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 334 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

335.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 335 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

336.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 336 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

337.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 337 of the Complaint, notes that the GBM Investigative Report

and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

338.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 338 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

339.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 339 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

340.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 340 of the Complaint, notes that the GBM Investigative Report and its exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

341.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 341 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

342.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 342 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

343.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 343 of the Complaint, notes that the GBM Investigative Report

and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

344.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 344 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

345.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 345 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

346.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 346 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

347.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 347 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

348.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 348 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

349.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 349 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

350.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 350 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

351.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 351 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

352.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 352 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

353.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 353 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

354.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 354 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

355.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 355 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

356.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 356 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

357. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 357 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

358. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 358 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

359. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 359 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

360. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 360 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

361. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 361 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

362. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 362 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

363. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 363 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

364. Admits the allegations in Paragraph 364 of the Complaint.

365. Admits the allegations in Paragraph 365 of the Complaint.

366.     Admits the allegations in Paragraph 366 of the Complaint.

367.     Admits the allegations in Paragraph 367 of the Complaint.

368.     Denies the allegations in Paragraph 368 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits (including the Complainant's incident report) speak for themselves.

369.     Denies the allegations in Paragraph 369 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits (including the Complainant's incident report) speak for themselves.

370.     Denies the allegations in Paragraph 370 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits (including the Complainant's incident report) speak for themselves.

371.     Admits the allegations in Paragraph 371 of the Complaint

372.     Admits the allegations in Paragraph 372 of the Complaint.

373.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 373 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

374.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 374 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

375.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 375 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

376. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 376 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

377. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 377 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

378. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 378 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

379. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 379 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

380. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 380 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

381. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 381 of the Complaint, except admits that Adjunct Professor Paula Span submitted an incident report to the Gender-Based Misconduct Office, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

382. Denies the allegations in Paragraph 382 of the Complaint, except admits that the Department of Education's Office of Civil Rights ("OCR") conducted an investigation relating

to Amelia Roskin-Frazee and informed Columbia that it was opening this investigation on October 18, 2016.

383.     Denies the allegations in Paragraph 383 of the Complaint, except admits that OCR informed Columbia that it was opening an investigation relating to Amelia Roskin-Frazee 13 days after Complainant submitted an incident report to the GBM Office.

384.     Denies the allegations in Paragraph 384 of the Complaint.

385.     Denies the allegations in Paragraph 385 of the Complaint.

386.     Denies the allegations in Paragraph 386 of the Complaint.

387.     Denies the allegations in Paragraph 387 of the Complaint.

388.     Admits the allegations in Paragraph 388 of the Complaint.

389.     Admits the allegations in Paragraph 389 of the Complaint.

390.     Denies the allegations in Paragraph 390 of the Complaint.

391.     Denies the allegations in Paragraph 391 of the Complaint.

392.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 392 of the Complaint, and respectfully refers the Court to the public petition for a true and accurate statement of its contents.

393.     Denies the allegations in Paragraph 393 of the Complaint and respectfully refers the Court to the public petition for a true and accurate statement of its contents.

394.     Denies the allegations in Paragraph 394 of the Complaint and respectfully refers the Court to the public petition for a true and accurate statement of its contents.

395.     Denies the allegations in Paragraph 395 of the Complaint and respectfully refers the Court to the public petition for a true and accurate statement of its contents.

396. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 396 of the Complaint, and respectfully refers the Court to the public petition for a true and accurate statement of its contents.

397. Admits the allegations in Paragraph 397 of the Complaint.

398. Admits that Complainant was first interviewed on October 27, 2016.

399. Admits that Mr. Feibleman was first interviewed on November 22, 2016.

400. Admits that Complainant's roommate and Ms. Smith* were interviewed on November 22, 2016.

401. Admits that Ms. Johnson* was first interviewed on November 14, 2016.

402. Admits that non-party witnesses were interviewed in November and December 2016, as well as January 2017.

403. Admits the allegations in Paragraph 403 of the Complaint.

404. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 404 of the Complaint, except admits that the investigators did not make audio or video recordings of the interviews.

405. Denies the allegations in Paragraph 405 of the Complaint, except admits that the investigators took written notes during witness interviews.

406. Denies the allegations in Paragraph 406 of the Complaint, except admits that Complainant and Mr. Feibleman were asked by letter to "not discuss the incident with those who may be connected to the investigation to protect the integrity of this investigation," notes that

---

\* To protect the identities of certain non-parties to this case, names in this document marked with an asterisk ("*") are
fictitious, bear no relation to the person's real name, and are not intended as a reference to any other person.

the GBM Policy does not "prevent either party from discussing the incident itself," and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

407.     Denies the allegations in Paragraph 407 of the Complaint and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

408.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 408 of the Complaint and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

409.     Denies the allegations in Paragraph 409 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

410.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 410 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

411.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 411 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

412.     Denies the allegations in Paragraph 412 of the Complaint..

413.     Admits the allegations in Paragraph 413 of the Complaint.

414.     Denies the allegations in Paragraph 414 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

415.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 415 of the Complaint.

416. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 416 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

417. Denies the allegations in Paragraph 417 of the Complaint.

418. Denies the allegations in Paragraph 418 of the Complaint.

419. Denies the allegations in Paragraph 419 of the Complaint.

420. Denies the allegations in Paragraph 420 of the Complaint

421. Denies the allegations in Paragraph 421 of the Complaint, except admits that on November 22, 2016, Mr. Feibleman was interviewed by Title IX investigators Serena Barnett ("Barnett") and Tikola Russell ("Russell").

422. Denies the allegations in Paragraph 422 of the Complaint.

423. Denies the allegations in Paragraph 423 and footnote 2 of the Complaint, except admits that OCR sent a "Dear Colleague Letter" in 2011 that was in effect when the GBM Policy took effect and when the alleged gender-based misconduct occurred in this case, and respectfully refers the Court to the "Dear Colleague Letter" for a true and accurate statement of its contents.

424. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 424 of the Complaint.

425. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 425 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

426. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 426 of the Complaint.

427.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 427 of the Complaint, except admits that there are investigator notes of the interview.

428.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 428 of the Complaint.

429.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 429 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

430.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 430 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

431.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 431 of the Complaint.

432.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 432 of the Complaint.

433.     Denies the allegations in Paragraph 433 of the Complaint, except admits that during the interview, Mr. Feibleman provided his account of what occurred on October 4 and 5, 2016.

434.     Denies the allegations in Paragraph 434 of the Complaint, except admits that Mr. Feibleman provided a written statement to the Title IX Investigators dated November 21, 2016, and notes that the GBM Investigative Report and its accompanying exhibits (including Mr. Feibleman's written statement) speak for themselves.

435.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 435 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

436.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 436 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

437.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 437 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

438.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 438 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

439.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 439 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

440.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 440 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

441.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 441 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

442.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 442 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

443.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 443 of the Complaint.

444.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 444 of the Complaint.

445.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 445 of the Complaint, except admits that Mr. Feibleman did make a claim against Complainant.

446.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 446 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

447.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 447 of the Complaint.

448.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 448 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

449.     Denies the allegations in Paragraph 449 of the Complaint and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

450.     Denies the allegations in Paragraph 450 of the Complaint and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

451. Denies the allegations in Paragraph 451 of the Complaint and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

452. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 452 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

453. Denies the allegations in Paragraph 453 of the Complaint and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

454. Denies the allegations in Paragraph 454 of the Complaint and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

455. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 455 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

456. Denies the allegations in Paragraph 456 of the Complaint and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

457. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 457 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

458. Denies the allegations in Paragraph 458 of the Complaint and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

459. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 459 of the Complaint.

460. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 460 of the Complaint.

461. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 461 of the Complaint, except admits that Mr. Feibleman provided photo, video, audio, and other documentary evidence to Columbia's Title IX investigators.

462. Denies the allegations in Paragraph 462 of the Complaint, except admits that on October 13, 2016, Columbia issued a No-Contact Directive to Complainant and Mr. Feibleman and notes that the No-Contact Directive speaks for itself.

463. Denies the allegations in Paragraph 463 of the Complaint, except admits that on December 21, 2016, Columbia updated the existing No-Contact Directive and notes that the No-Contact Directive speaks for itself.

464. Denies the allegations in Paragraph 464 of the Complaint, except admits that Barnett conducted a second interview with Mr. Feibleman on December 8, 2016.

465. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 465 of the Complaint.

466. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 466 of the Complaint.

467. Denies the allegations in Paragraph 467 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 467 of the Complaint concerning what Mr. Feibleman did or did not say to Mr. Moore*, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

468. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 468 of the Complaint.

---

* To protect the identities of certain non-parties to this case, names in this document marked with an asterisk ("*") are
fictitious, bear no relation to the person's real name, and are not intended as a reference to any other person.

469.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 469 of the Complaint.

470.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 470 of the Complaint.

471.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 471 of the Complaint.

472.     Denies the allegations in Paragraph 472 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 472 of the Complaint concerning what Mr. Feibleman told Ms. Barnett, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

473.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 473 of the Complaint.

474.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 474 of the Complaint.

475.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 475 of the Complaint, except admits that Mr. Feibleman included the following question in a list of questions for Complainant submitted to the Title IX Investigators: "In the days that followed, did you tell anyone that Ben gave you an STD?"

476.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 476 of the Complaint.

477.     Denies the allegations in Paragraph 477 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

478.     Denies the allegations in Paragraph 478 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 478 of the Complaint concerning what Ms. Barnett told Mr. Feibleman, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

479.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 479 of the Complaint, except admits that Barnett was formerly a prosecutor.

480.     Denies the allegations in Paragraph 480 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 480 of the Complaint concerning what Ms. Barnett said, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

481.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 481 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

482.     Denies the allegations in Paragraph 482 of the Complaint.

483.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 483 of the Complaint.

484.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 484 of the Complaint.

485.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 485 of the Complaint.

486.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 486 of the Complaint.

487.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 487 of the Complaint.

488.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 488 of the Complaint.

489.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 489 of the Complaint.

490.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 490 of the Complaint.

491.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 491 of the Complaint.

492.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 492 of the Complaint.

493.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 493 of the Complaint.

494.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 494 of the Complaint.

495.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 495 of the Complaint.

496.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 496 of the Complaint, except admits that Mr. Feibleman met with Columbia Title IX Investigators on January 17, 2017.

497.     Denies the allegations in Paragraph 497 of the Complaint.

498.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 498 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

499.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 499 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

500.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 500 of the Complaint.

501.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 501 of the Complaint, except admits that Alexi Meyers served as Complainant's attorney advisor during the GBM process.

502.     Denies the allegations in Paragraph 502 of the Complaint.

503.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 503 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

504.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 504 of the Complaint.

505.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 505 of the Complaint.

506.     Denies the allegations in Paragraph 506 of the Complaint.

507.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 507 of the Complaint.

508.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 508 of the Complaint.

509.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 509 of the Complaint.

510.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 510 of the Complaint.

511.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 511 of the Complaint.

512.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 512 of the Complaint, except admits on January 20, 2017, Daniel A. Hoffman sent Barnett an email that stated: "On behalf of Mr. Feibleman, and in response to your request for original files, an email will be sent to you shortly from WeTransfer.com which will allow you to download all of the photos taken during the evening of October 4th and early the following morning.  The original files are what are known as 'raw' .DNG files."

513.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 513 of the Complaint.

514.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 514 of the Complaint, except admits that on January 20, 2017, Barnett sent Daniel A. Hoffman an email that stated: "Thank you for the images. As I am unfamiliar with the NRL file, is there a program you recommend for us to view the images?"

515.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 515 of the Complaint.

516.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 516 of the Complaint.

517.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 517 of the Complaint, except admits that on January 20, 2017, Barnett sent Mr. Feibleman an email that stated: "I am writing to confirm the JPEG images sent by Mr. Hoffman.  We will review them and let you know if we have any questions."

518.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 518 of the Complaint, except admits that Mr. Feibleman met with CJS Financial Aid and took out student loans in January 2017.

519.     Denies the allegations in Paragraph 519 of the Complaint.

520.     Admits the allegations in Paragraph 520 of the Complaint.

521.     Denies the allegations in Paragraph 521 of the Complaint, except admits that on January 31, 2017, Russell sent Mr. Feibleman a letter via email notifying him that Barnett was on leave and that Columbia had assigned Benjamin Marzolf ("Marzolf"), Title IX Investigator, in her place.

522.     Denies the allegations in Paragraph 522 of the Complaint.

523.     Denies the allegations in Paragraph 523 of the Complaint.

524.     Denies the allegations in Paragraph 524 of the Complaint.

525.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 525 of the Complaint.

526.     Denies knowledge or information sufficient to form a belief to the truth or falsity of the allegations in Paragraph 526 of the Complaint, except admits that the Covering Religion Class, including Complainant, traveled to India.

527.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 527 of the Complaint.

528.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 528 of the Complaint.

529.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 529 of the Complaint.

530.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 530 of the Complaint.

531.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 531 of the Complaint.

532.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 532 of the Complaint.

533.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 533 of the Complaint.

534.     Denies the allegations in Paragraph 534 of the Complaint.

535.     Denies the allegations in Paragraph 535 of the Complaint, and respectfully refers the Court to the complaint in *Roskin-Frazee v. Columbia University*, No. 17 Civ. 02032 (March 21, 2017 S.D.N.Y.), for a true and accurate statement of its contents.

536.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 536 of the Complaint.

537.     Denies the allegations in Paragraph 537 of the Complaint.

538.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 538 of the Complaint.

539.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 539 of the Complaint.

540.     Denies the allegations in Paragraph 540 of the Complaint, except admits that on April 7, 2017, Columbia hosted an event called Spotlight: Media and the Intersection of Sexual Violence Justice.

541.     Admits the allegations in Paragraph 541 of the Complaint.

542.     Admits the allegations in Paragraph 542 of the Complaint.

543.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 543 of the Complaint.

544.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 544 of the Complaint.

545.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 545 of the Complaint.

546.     Denies the allegations in Paragraph 546 of the Complaint, except admits that on April 26, 2017, Russell sent Mr. Feibleman a letter via email stating that Barnett would resume as a member of the Investigative Team on May 1, 2017.

547.     Denies the allegations in Paragraph 547 of the Complaint, except admits that on April 26, 2017, Russell sent Mr. Feibleman a letter via email stating that he could receive copies of the Factual Summary.

548.     Denies the allegations in Paragraph 548 of the Complaint.

549.     Denies the allegations in Paragraph 549 of the Complaint.

550.     Denies the allegations in Paragraph 550 of the Complaint, except admits that Barnett spent approximately 45 hours of her maternity leave working on the investigation.

551.     Denies the allegations in Paragraph 551 of the Complaint.

552.     Denies the allegations in Paragraph 552 of the Complaint, except admits that on April 27, 2017, Mr. Feibleman received the Factual Summary of the investigation.

553.     Denies the allegations in Paragraph 553 of the Complaint.

554.     Denies the allegations in Paragraph 554 of the Complaint.

555.     Denies the allegations in Paragraph 555 of the Complaint.

556.     Denies the allegations in Paragraph 556 of the Complaint.

557.     Denies the allegations in Paragraph 557 of the Complaint.

558.     Denies the allegations in Paragraph 558 of the Complaint.

559.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 559 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

560.     Denies the allegations in Paragraph 560 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

561.     Denies the allegations in Paragraph 561 of the Complaint.

562.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 562 of the Complaint, except admits that a letter sent via email from Russell to Mr. Feibleman dated April 26, 2017, requested a list of "requested changes, clarifications or questions at least one (1) business day prior to our meeting so that we may have a productive and efficient meeting."

563.     Denies the allegations in Paragraph 563 of the Complaint.

564.     Admits the allegations in Paragraph 564 of the Complaint.

565.     Admits the allegations in Paragraph 565 of the Complaint.

566. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 566 of the Complaint.

567. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 567 of the Complaint, except admits that the No-Contact Directive between Mr. Feibleman and Complainant was still in place on May 11, 2017.

568. Denies the allegations in Paragraph 568 of the Complaint, except admits that if Mr. Feibleman and Complainant were present at the same location, they were each permitted to remain, as long as they each avoided prohibited contact with one another.

569. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 569 of the Complaint.

570. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 570 of the Complaint.

571. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 571 of the Complaint.

572. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 572 of the Complaint.

573. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 573 of the Complaint.

574. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 574 of the Complaint.

575. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 575 of the Complaint.

576. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 576 of the Complaint.

577. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 577 of the Complaint.

578. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 578 of the Complaint.

579. Denies the allegations in Paragraph 579 of the Complaint, except admits that on May 15, 2017, Mr. Feibleman emailed Barnett, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

580. Admits the allegations in Paragraph 580 of the Complaint.

581. Denies the allegations in Paragraph 581 of the Complaint, except admits that Mr. Feibleman asked that the witnesses listed in Paragraph 581 of the Complaint be asked about an alleged incident that occurred on May 11, 2017.

582. Denies the allegations in Paragraph 582 of the Complaint.

583. Admits the allegations in Paragraph 583 of the Complaint.

584. Admits the allegations in Paragraph 584 of the Complaint.

585. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 585 of the Complaint.

586. Admits the allegations in Paragraph 586 of the Complaint.

587. Denies the allegations in Paragraph 587 of the Complaint.

588. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 588 of the Complaint.

589. Denies the allegations in Paragraph 589 of the Complaint.

590.     Denies the allegations in Paragraph 590 of the Complaint, except admits that a hold was placed on Mr. Feibleman's account.

591.     Denies the allegations in Paragraph 591 of the Complaint, except admits that Mr. Feibleman would not have been able to access his transcripts while there was a hold on his account.

592.     Admits the allegations in Paragraph 592 of the Complaint.

593.     Admits the allegations in Paragraph 593 of the Complaint.

594.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 594 of the Complaint.

595.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 595 of the Complaint and the photograph and accompanying caption in Paragraph 595 of the Complaint.

596.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 596 of the Complaint.

597.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 597 of the Complaint, except admits that Mr. Feibleman submitted a copy of a report by Dr. David Greenblatt (the "Medical Report") to Title IX Investigators at his pre-hearing conference on June 1, 2017 and again in an email dated June 7, 2017.

598.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 598 of the Complaint.

599.     Denies the allegations in Paragraph 599 of the Complaint and to the extent that Paragraph 599 characterizes the Medical Report, notes that the Medical Report speaks for itself.

600.     Denies the allegations in Paragraph 600 of the Complaint and to the extent that Paragraph 600 characterizes the Medical Report, notes that the Medical Report speaks for itself.

601.     Denies the allegations in Paragraph 601 of the Complaint, except admits that Barnett sent Mr. Feibleman a letter via email dated June 16, 2017, stating that: "Mr. Greenblatt makes these conclusions without ever having met Ms. Churchill and/or any witnesses involved in this investigation. His external assessment is therefore irrelevant to these proceedings . . . ."

602.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 602 of the Complaint.

603.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 603 of the Complaint.

604.     Admits the allegations in Paragraph 604 of the Complaint.

605.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 605 of the Complaint.

606.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 606 of the Complaint.

607.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 607 of the Complaint.

608.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 608 of the Complaint.

609.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 609 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

610.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 610 of the Complaint.

611.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 611 of the Complaint.

612.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 612 of the Complaint.

613.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 613 of the Complaint.

614.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 614 of the Complaint.

615.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 615 of the Complaint.

616.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 616 of the Complaint.

617.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 617 of the Complaint.

618.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 618 of the Complaint.

619.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 619 of the Complaint.

620.     Denies the allegations of Paragraph 620 of the Complaint, except admits that Mr. Feibleman sent a letter to Barnett on June 7, 2017 including the quoted language.

621.     Denies the allegations of Paragraph 621 of the Complaint.

622.     Admits the allegations contained Paragraph 622 of the Complaint.

623.     Admits the allegations contained Paragraph 623 of the Complaint.

624.     Denies the allegations in Paragraph 624 of the Complaint.

625.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 625 of the Complaint.

626.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 626 of the Complaint, notes that Mr. Feibleman signed an agreement limiting disclosure of the Factual Summary on April 27, 2017, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

627.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 627 of the Complaint.

628.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 628 of the Complaint.

629.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 629 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

630.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 630 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

631.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 631 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

632.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 632 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

633.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 633 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

634.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 634 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

635.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 635 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

636.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 636 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

637.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 637 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

638.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 638 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

639.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 639 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

640.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 640 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

641.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 641 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

642.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 642 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

643.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 643 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

644.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 644 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

645.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 645 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

646.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 646 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

647.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 647 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

648.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 648 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

649.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 649 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

650.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 650 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

651.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 651 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

652.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 652 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

653.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 653 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

654.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 654 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

655.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 655 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

656.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 656 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

657.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 657 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

658.     Denies the allegations of Paragraph 658 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

659.     Denies the allegations in Paragraph 659 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

660.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 660 of the Complaint.

661.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 661 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

662.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 662 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

663.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 663 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

664.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 644 of the Complaint.

665.    Admits the allegations in Paragraph 665 of the Complaint, notes that the GBM Policy prohibits members of the Investigative Team from sitting on the hearing panel, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

666.    Denies the allegations in Paragraph 666 of the Complaint, except admits that Mr. Feibleman was able to review the Investigative Report starting on June 15, 2017.

667.    Denies the allegations in Paragraph 667 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

668.    Denies the allegations in Paragraph 668 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

669.    Denies the allegations in Paragraph 669 of the Complaint, except admits that the GBM Investigative Report found Complainant credible, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

670.     Denies the allegations in Paragraph 670 of the Complaint, except admits that the GBM Investigative Report found Complainant credible, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

671.     Admits the allegations in Paragraph 671 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

672.     Denies the allegations in Paragraph 672 of the Complaint, except admits that Mr. Feibleman was interviewed three times and provided photographs and an audio recording, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

673.     Denies the allegations in Paragraph 673 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

674.     Admits the allegations in Paragraph 674 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

675.     Denies the allegations in Paragraph 675 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

676.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 676 of the Complaint.

677.     Denies the allegations in Paragraph 677 of the Complaint, except admits that on June 20, 2017, a Hearing Panel was convened to determine whether Mr. Feibleman or Complainant engaged in behaviors that violated the GBM Policy.

678.     Denies the allegations in Paragraph 678 of the Complaint, except admits that Mr. Feibleman submitted a written statement with attachments for the Hearing Panel's review.

679.     Denies the allegations in Paragraph 679 of the Complaint.

680.     Denies the allegations in Paragraph 680 of the Complaint.

681.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 681 of the Complaint.

682.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 682 of the Complaint.

683.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 683 of the Complaint.

684.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 684 of the Complaint.

685.     Admits the allegations in Paragraph 685 of the Complaint, except denies that Spencer Bennett is a lawyer.

686.     Admits the allegations in Paragraph 686 of the Complaint.

687.     Admits the allegations in Paragraph 687 of the Complaint.

688.     Admits the allegations in Paragraph 688 of the Complaint.

689.     Denies the allegations in Paragraph 689 of the Complaint.

690.     Denies the allegations in Paragraph 690 of the Complaint, and notes that the recording of the Hearing speaks for itself.

691.     Denies the allegations in Paragraph 691 of the Complaint, and notes that the recording of the Hearing speaks for itself.

692.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 692 of the Complaint, except admits that one of the Hearing Panel members asked Mr. Feibleman, "And when you say the word, "f—k," what did you understand that to mean? What actions?" and notes that the recording of the Hearing speaks for itself.

693.     Admits the allegations in Paragraph 693 of the Complaint, and notes that the recording of the Hearing speaks for itself.

694.     Denies the allegations in Paragraph 694 of the Complaint, except admits that Mr. Feibleman stated during his opening statement for the Hearing Panel, "You hear her sexually assault me, pulling down my pants and attempting to fellate me.  I wish I had more time to discuss it, but please, please, ask me about it," and notes that the recording of the Hearing speaks for itself.

695.     Denies the allegations in Paragraph 695 of the Complaint, and notes that the recording of the Hearing speaks for itself.

696.     Denies the allegations in Paragraph 694 of the Complaint, and notes that the recording of the Hearing speaks for itself.

697.     Denies the allegations in Paragraph 694 of the Complaint, except admits that Mr. Feibleman stated to the Hearing Panel, "Please don't ignore the evidence – photos, videos," and notes that the recording of the Hearing speaks for itself.

698.     Admits that the Hearing Panel issued its findings by letter to Mr. Feibleman on June 21, 2017 (the "Hearing Panel Decision").

699.     Denies the allegations in Paragraph 699 of the Complaint, except admits that the Hearing Panel found Mr. Feibleman responsible for Sexual Assault: Contact for the incident that occurred on the water tower and Sexual Assault: Contact, Sexual Assault: Intercourse, and

Sexual Harassment for the incident that occurred at Complainant's apartment, and notes that the Hearing Panel Decision speaks for itself.

700.    Denies the allegations in Paragraph 700 of the Complaint, except admits that Mr. Feibleman was found not responsible for Sexual Harassment for the incident that occurred on the water tower, and notes that the Hearing Panel Decision speaks for itself.

701.    Denies the allegations in Paragraph 701 of the Complaint, and notes that the Hearing Panel Decision speaks for itself.

702.    Denies the allegations in Paragraph 702 of the Complaint, and notes that the Hearing Panel Decision speaks for itself.

703.    Denies the allegations in Paragraph 703 of the Complaint, except admits that the Hearing Panel found that Complainant was incapacitated during the incidents on the water tower and at Complainant's apartment, and notes that the Hearing Panel Decision speaks for itself.

704.    Denies the allegations in Paragraph 704 of the Complaint, and notes that the Hearing Panel Decision speaks for itself.

705.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 705 of the Complaint, except admits that the Hearing Panel stated that it came to its conclusion that Complainant was unable to provide affirmative consent at the time of the behavior because she was incapacitated through considering the amount of alcohol Complainant consumed and her subsequent behaviors, and notes that the Hearing Panel Decision speaks for itself.

706.    Denies the allegations in Paragraph 706 of the Complaint, except admits that the Hearing Panel stated that Complainant's "behavior on the water tower, specifically the 'reverse tumble roll' off the water tower that was approximately 30 feet above the roof of a 13 story

86

building, indicated that [Complainant] lacked rational and reasonable decision-making abilities at the time of the incident," and notes that the Hearing Panel Decision speaks for itself.

707.     Denies the allegations in Paragraph 707 of the Complaint, except admits that the Hearing Panel Decision stated that during the hearing Mr. Feibleman "said in sum, that her actions on the water tower showed that [Complainant] was in complete control of her body," and notes that the Hearing Panel Decision speaks for itself.

708.     Denies the allegations in Paragraph 708 of the Complaint, and notes that the Hearing Panel Decision speaks for itself.

709.     Admits the allegations in Paragraph 709 of the Complaint, and notes that the Hearing Panel Decision speaks for itself.

710.     Denies the allegations in Paragraph 710 of the Complaint, except admits that the Hearing Panel stated that there was insufficient information to determine that the alleged conduct by Complainant occurred, and notes that the Hearing Panel Decision speaks for itself.

711.     Denies the allegations in Paragraph 711 of the Complaint, except admits that the Hearing Panel stated that "We also agree with the Investigative Team's assessment that due to the lack of witnesses to corroborate these allegations, and since Party A does not recall this occurring, the [sexual harassment] claim [against Complainant] cannot be substantiated," and notes that the Hearing Panel Decision speaks for itself.

712.     Admits that Ernest Sotomayor ("Sotomayor") sent Mr. Feibleman a letter dated June 28, 2017, regarding a sanction decision in his case (the "Sanction Letter").

713.     Admits the allegations in Paragraph 713 of the Complaint, and notes that the Sanction Letter speaks for itself.

714.     Denies the allegations in Paragraph 714 of the Complaint, except admits that Mr. Feibleman did not receive his Master's Degree from CJS.

715.     Admits the allegations in Paragraph 715 of the Complaint.

716.     Denies the allegations in Paragraph 716 of the Complaint, except admits that the Sanction Letter did not mention the allegations in Paragraph 716 of the Complaint, and notes that the Sanction Letter speaks for itself.

717.     Denies the allegations in Paragraph 717 of the Complaint, except admits that the Sanction Letter did not mention the allegations in Paragraph 717 of the Complaint, and notes that the Sanction Letter speaks for itself.

718.     Denies the allegations in Paragraph 718 of the Complaint, except admits that the Sanction Letter did not mention the allegations in Paragraph 718 of the Complaint, and notes that the Sanction Letter speaks for itself.

719.     Denies the allegations in Paragraph 719 of the Complaint, except admits that the Sanction Letter did not mention the allegations in Paragraph 719 of the Complaint, and notes that the Sanction Letter speaks for itself.

720.     Denies the allegations in Paragraph 720 of the Complaint, except admits that the Sanction Letter did not mention the allegations in Paragraph 720 of the Complaint, and notes that the Sanction Letter speaks for itself.

721.     Denies the allegations in Paragraph 721 of the Complaint, except admits that the Sanction Letter did not mention the allegations in Paragraph 721 of the Complaint, and notes that the Sanction Letter speaks for itself.

722.     Denies the allegations in Paragraph 722 of the Complaint, and notes that the Sanction Letter speaks for itself.

723. Denies the allegations in Paragraph 723 of the Complaint, except admits that the Sanction Letter informed Mr. Feibleman that "There are three grounds upon which a review of the decision may be made: (1) a procedural error occurred that would substantially affect the fairness of the process; (2) there was new information that was not available or not provided to the Investigative Team in a timely manner that would substantially alter the decision; and/or (3) the sanction is excessive or insufficient," notes that the Sanction Letter speaks for itself, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

724. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 724 of the Complaint.

725. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 725 of the Complaint.

726. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 726 of the Complaint and the photograph and accompanying caption in Paragraph 726 of the Complaint.

727. Admits that on July 12, 2017, Mr. Feibleman submitted a written appeal ("Appeal") of the Hearing Panel's findings and the sanction, and notes that the Appeal speaks for itself.

728. Denies the allegations in Paragraph 728 of the Complaint, and notes that the Appeal speaks for itself.

729. Denies the allegations in Paragraph 729 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 729 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

730.     Denies the allegations in Paragraph 730 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 730 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

731.     Denies the allegations in Paragraph 731 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 731 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

732.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 732 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 732 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

733.     Denies the allegations in Paragraph 733 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 733 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

734.     Denies the allegations in Paragraph 734 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 734 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

735.     Denies the allegations in Paragraph 735 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 735 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

736.     Denies the allegations in Paragraph 736 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 736 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

737.     Denies the allegations in Paragraph 737 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 737 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

738.     Denies the allegations in Paragraph 738 of the Complaint, except admits that Mr. Feibleman was expelled from CJS and no longer has access to CJS alumni privileges.

739.     Denies the allegations in Paragraph 739 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 739 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

740.     Denies the allegations in Paragraph 740 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 740 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

741.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 741 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 741 of the Complaint in his Appeal, and notes that the Appeal and the GBM Investigative Report and accompanying exhibits speak for themselves.

742.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 742 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 742 of the Complaint in his Appeal, and notes that the Appeal and the GBM Investigative Report and accompanying exhibits speak for themselves.

743.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 743 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 743 of the Complaint in his Appeal, and notes that the Appeal and the GBM Investigative Report and accompanying exhibits speak for themselves.

744.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 744 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 744 of the Complaint in his Appeal, and notes that the Appeal and the GBM Investigative Report and accompanying exhibits speak for themselves.

745.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 745 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 745 of the Complaint in his Appeal, and notes that the Appeal and the GBM Investigative Report and accompanying exhibits speak for themselves.

746.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 746 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 746 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

747.     Denies the allegations in Paragraph 747 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 747 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

748.     Denies the allegations in Paragraph 748 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 748 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

749.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 749 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 749 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

750.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 750 of the Complaint, except admits that the Investigators denied Mr. Feibleman's request to ask questions regarding an incident that occurred on December 10, 2016 and that Mr. Feibleman made the arguments alleged in Paragraph 750 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

751.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 751 of the Complaint, except admits that the Investigators denied Mr. Feibleman's request to ask questions regarding an incident that occurred on May 11, 2017 and that Mr. Feibleman made the arguments alleged in Paragraph 751 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

752.    Admits the allegations in Paragraph 752 of the Complaint.

753.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 753 of the Complaint, except admits that Mr. Feibleman made the arguments alleged in Paragraph 753 of the Complaint in his Appeal, and notes that the Appeal speaks for itself.

754.    Admits that Mr. Feibleman submitted exhibits with his written Appeal, including the Medical Report.

755.    Denies the allegations in Paragraph 755 of the Complaint.

756.    Admits the allegations in Paragraph 756 of the Complaint.

757.    Denies the allegations in Paragraph 757 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 757 of the Complaint concerning Mr. Feibleman's knowledge at that time, and admits that Coll had been Complainant's professor.

758.     Admits the allegations in Paragraph 758 of the Complaint.

759.     Denies the allegations in Paragraph 759 of the Complaint, except admits that on July 31, 2017, Mr. Feibleman was emailed a letter from the Appellate Panel denying his Appeal (the "Appellate Panel Decision").

760.     Denies the allegations in Paragraph 760 of the Complaint, and notes that the Appellate Panel Decision speaks for itself.

761.     Denies the allegations in Paragraph 761 of the Complaint, and notes that the Appellate Panel Decision speaks for itself.

762.     Denies the allegations in Paragraph 762 of the Complaint, except admits that the Appellate Panel Decision stated that the sanction was not excessive and relied upon the Hearing Panel's decision that Complainant was incapacitated, and notes that the Appellate Panel Decision speaks for itself.

763.     Denies the allegations in Paragraph 763 of the Complaint, except admits that the Appellate Panel Decision states, "As a Panel, we found that you recognized a situation in which your partner was incapacitated. We acknowledge that although Party A's memory is limited during this period of 'blackout,' and she invited you to a tempting proposition. Instead of removing yourself, you recorded her in her incapacitated state," and notes that the Appellate Panel Decision speaks for itself.

764.     Denies the allegations in Paragraph 764 of the Complaint, and notes that the Appellate Panel Decision speaks for itself.

765.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 765 of the Complaint, except admits that the Appellate Panel

Decision states, "Instead of removing yourself, you recorded her in her incapacitated state," and notes that the Appellate Panel Decision speaks for itself.

766.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 766 of the Complaint, and notes that the Appellate Panel Decision speaks for itself.

767.     Admits the allegations in Paragraph 767 of the Complaint.

768.     Denies the allegations in Paragraph 768 of the Complaint.

769.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 769 of the Complaint, except admits that the Appellate Panel Decision uses the phrase "some might say the finest journalism school in the country," and notes that the Appellate Panel Decision speaks for itself.

770.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 770 of the Complaint, except admits that Coll was employed as a staff writer at The New Yorker, and respectfully refers the Court to the article referenced in Paragraph 770 for a true and accurate statement of its contents.

771.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 771 of the Complaint.

772.     Denies the allegations in Paragraph 772 of the Complaint.

773.     Admits the allegations in Paragraph 773 of the Complaint.

774.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 774 of the Complaint.

775.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 775 of the Complaint.

776.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 776 of the Complaint.

777.     Denies the allegations in Paragraph 777 of the Complaint, except admits that Complainant was the recipient of the Campbell Award.

778.     Denies the allegations in Paragraph 778 of the Complaint, except admits that the Campbell Award is presented by the Columbia Alumni Association to a graduating student at each school who shows exceptional leadership and Columbia spirit.

779.     Denies the allegations in Paragraph 779 of the Complaint.

780.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 780 of the Complaint.

781.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 781 of the Complaint.

782.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 782 of the Complaint, except admits that Coll knew that he would be a member of the Appellate Panel because of his role as Dean of CJS.

783.     Denies the allegations in Paragraph 783 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

784.     Denies the allegations in Paragraph 784 of the Complaint.

785.     Denies the allegations in Paragraph 785 of the Complaint.

786.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 786 of the Complaint.

787.     Denies the allegations in Paragraph 787 of the Complaint.

788.     Admits the allegations in Paragraph 788 of the Complaint.

789.    Admits the allegations in Paragraph 789 of the Complaint.

790.    Denies the allegations in Paragraph 790 of the Complaint.

791.    Denies the allegations in Paragraph 791 of the Complaint.

792.    Denies the allegations in Paragraph 792 of the Complaint.

793.    Denies the allegations in Paragraph 793 of the Complaint.

794.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 794 of the Complaint.

795.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 795 of the Complaint.

796.    Admits the allegations in Paragraph 796 of the Complaint.

797.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 797 of the Complaint.

798.    Denies the allegations in Paragraph 798 of the Complaint.

799.    Denies the allegations in Paragraph 799 of the Complaint.

800.    Denies the allegations in Paragraph 800 of the Complaint.

801.    Denies the allegations in Paragraph 801 of the Complaint.

802.    Denies the allegations in Paragraph 802 of the Complaint.

803.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 803 of the Complaint.

804.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 804 of the Complaint.

805.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 805 of the Complaint.

806.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 806 of the Complaint.

807.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 807 of the Complaint.

808.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 808 of the Complaint.

809.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 809 of the Complaint.

810.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 810 of the Complaint.

811.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 811 of the Complaint.

812.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 812 of the Complaint.

813.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 813 of the Complaint.

814.     Denies the allegations in Paragraph 814 of the Complaint.

815.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 815 of the Complaint.

816.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 816 of the Complaint.

817.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 817 of the Complaint.

818. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 818 of the Complaint.

819. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 819 of the Complaint.

820. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 820 of the Complaint.

821. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 821 of the Complaint.

822. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 822 of the Complaint.

823. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 823 of the Complaint, and notes that pursuant to the parties' stipulation so ordered by the Court on September 30, 2019 (ECF 76), Plaintiff "shall not seek or recover in this action damages from Defendant with respect to any purported physical, emotional, and/or psychological injury, and/or any purported costs or expenses for medical, psychiatric, and/or psychological treatment or therapy."

824. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 824 of the Complaint, and notes that pursuant to the parties' stipulation so ordered by the Court on September 30, 2019 (ECF 76), Plaintiff "shall not seek or recover in this action damages from Defendant with respect to any purported physical, emotional, and/or psychological injury, and/or any purported costs or expenses for medical, psychiatric, and/or psychological treatment or therapy."

825.     With respect to the allegations in Paragraph 825 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 825 of the Complaint above as if fully set forth herein.

826.     Denies the allegations in Paragraph 826 of the Complaint and respectfully refers the Court to Title IX of the Education Amendments of 1972 for a true and accurate statement of its content.

827.     Neither admits nor denies the allegations in Paragraph 827 of the Complaint which purport to state conclusions of law to which no response is required.

828.     Admits the allegations in Paragraph 828 of the Complaint.

829.     Neither admits nor denies the allegations in Paragraph 829 of the Complaint which purport to state conclusions of law to which no response is required.

830.     Neither admits nor denies the allegations in Paragraph 830 of the Complaint which purport to state conclusions of law to which no response is required.

831.     Neither admits nor denies the allegations in Paragraph 831 of the Complaint which purport to state conclusions of law to which no response is required.

832.     Neither admits nor denies the allegations in Paragraph 832 of the Complaint which purport to state conclusions of law to which no response is required.

833.     Denies the allegations in Paragraph 833 of the Complaint, except neither admits nor denies the allegations in Paragraph 833 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

834.     Neither admits nor denies the allegations in Paragraph 834 of the Complaint which purport to state conclusions of law to which no response is required.

835.	Neither admits nor denies the allegations in Paragraph 835 of the Complaint which purport to state conclusions of law to which no response is required.

836.	Denies the allegations in Paragraph 836 of the Complaint, except neither admits nor denies the allegations in Paragraph 836 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

837.	Neither admits nor denies the allegations in Paragraph 837 of the Complaint which purport to state conclusions of law to which no response is required.

838.	Denies the allegations in Paragraph 838 of the Complaint.

839.	Denies the allegations in Paragraph 839 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

840.	Denies the allegations in Paragraph 840 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

841.	Denies the allegations in Paragraph 841 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

842.	Denies the allegations in Paragraph 842 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

843.	Denies the allegations in Paragraph 843 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

844.	Denies the allegations in Paragraph 844 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

845.	Denies the allegations in Paragraph 845 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

846.     Denies the allegations in Paragraph 846 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

847.     Denies the allegations in Paragraph 847 of the Complaint, and notes that the Hearing Panel Decision speaks for itself.

848.     Denies the allegations in Paragraph 848 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

849.     Denies the allegations in Paragraph 849 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

850.     Denies the allegations in Paragraph 850 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

851.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 851 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

852.     Denies the allegations in Paragraph 852 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

853.     Denies the allegations in Paragraph 853 of the Complaint, except admits that Columbia found Mr. Feibleman responsible for violating the GBM Policy, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

854.     Denies the allegations in Paragraph 854 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

855.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 855 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

856. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 856 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

857. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 857 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

858. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 858 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

859. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 859 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

860. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 860 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

861. Denies the allegations in Paragraph 861 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

862. Admits the allegations in Paragraph 862 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

863. Admits that on the audio recording he provided to Columbia, Mr. Feibleman says "no" and asks to leave, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

864. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 864 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

865. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 865 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

866. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 866 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

867. Denies the allegations in Paragraph 867 of the Complaint, notes that the GBM Investigative Report and its accompanying exhibits speak for themselves, and respectfully refers the Court to the audio recording for a true and accurate representation of its content.

868. Denies the allegations in Paragraph 868 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

869. Denies the allegations in Paragraph 869 of the Complaint.

870. Denies the allegations in Paragraph 870 of the Complaint.

871. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 871 of the Complaint.

872. Denies the allegations in Paragraph 872 of the Complaint.

873.     Admits that the Hearing Panel did not ask Mr. Feibleman directly about his allegations against Complainant, except notes that Mr. Feibleman discussed his allegations against Complainant multiple times during the Hearing.

874.     Admits the allegations in Paragraph 874 of the Complaint.

875.     Denies the allegations in Paragraph 875 of the Complaint.

876.     Admits the allegations in Paragraph 876 of the Complaint.

877.     Denies the allegations in Paragraph 877 of the Complaint.

878.     Denies the allegations in Paragraph 878 of the Complaint.

879.     Denies the allegations in Paragraph 879 of the Complaint.

880.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 880 of the Complaint, except admits that some Columbia administrators hold Juris Doctor degrees.

881.     Denies the allegations in Paragraph 881 of the Complaint.

882.     Denies the allegations in Paragraph 882 of the Complaint.

883.     Denies the allegations in Paragraph 883 of the Complaint.

884.     Denies the allegations in Paragraph 884 of the Complaint.

885.     Denies the allegations in Paragraph 885 of the Complaint.

886.     Denies the allegations in Paragraph 886 of the Complaint.

887.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 887 of the Complaint, and respectfully refers the Court to Henry's LinkedIn profile for a true and accurate statement of its contents.

888.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 888 of the Complaint, and respectfully refers the Court to Henry's LinkedIn profile for a true and accurate statement of its contents.

889.     Denies the allegations in Paragraph 889 of the Complaint.

890.     Denies the allegations in Paragraph 890 of the Complaint, except neither admits nor denies the allegations in Paragraph 890 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

891.     Denies the allegations in Paragraph 891 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

892.     Denies the allegations in Paragraph 892 of the Complaint, except neither admits nor denies the allegations in Paragraph 892 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

893.     With respect to the allegations in Paragraph 893 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 893 of the Complaint above as if fully set forth herein.

894.     Denies the allegations in Paragraph 894 of the Complaint, except neither admits nor denies the allegations in Paragraph 894 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

895.     Admits the allegations in Paragraph 895 of the Complaint.

896.     Denies the allegations in Paragraph 896 of the Complaint, except admits that Columbia conducted a Title IX Investigation of Complainant's complaint against Mr. Feibleman and Mr. Feibleman's complaint against Complainant.

897.     Denies the allegations in Paragraph 897 of the Complaint.

898.     Denies the allegations in Paragraph 898 of the Complaint.

899.     Denies the allegations in Paragraph 899 of the Complaint.

900.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 900 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

901.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 901 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

902.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 902 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

903.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 903 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

904.     Denies the allegations in Paragraph 904 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

905.     Denies the allegations in Paragraph 905 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

906.     Denies the allegations in Paragraph 906 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

907.     Denies the allegations in Paragraph 907 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

908.     Denies the allegations in Paragraph 908 of the Complaint, except admits that Columbia placed a hold on Mr. Feibleman's account at the time of graduation while the GBM investigation of Complainant's complaint against him was ongoing.

909.     Denies the allegations in Paragraph 909 of the Complaint, except admits that Complainant's diploma was granted while the GBM investigation of Mr. Feibleman's complaint against her was ongoing.

910.     Denies the allegations in Paragraph 910 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

911.     Denies the allegations in Paragraph 911 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

912.     Denies the allegations Paragraph 912 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

913.     Denies the allegations in Paragraph 913 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

914.     Denies the allegations in Paragraph 914 of the Complaint.

915.     Denies the allegations in Paragraph 915 of the Complaint.

916.     Denies the allegations in Paragraph 916 of the Complaint.

917.     Denies the allegations in Paragraph 917 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

918.     Denies the allegations in Paragraph 918 of the Complaint, and notes that the GBM Investigative Report and its accompanying exhibits speak for themselves.

919.     Denies the allegations in Paragraph 919 of the Complaint.

920.     Denies the allegations in Paragraph 920 of the Complaint, except neither admits nor denies the allegations in Paragraph 920 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required, and notes that pursuant to the parties' stipulation so ordered by the Court on September 30, 2019 (ECF 76), Plaintiff "shall not seek or recover in this action damages from Defendant with respect to any purported physical, emotional, and/or psychological injury, and/or any purported costs or expenses for medical, psychiatric, and/or psychological treatment or therapy."

921.     Denies the allegations in Paragraph 921 of the Complaint, except neither admits nor denies the allegations in Paragraph 921 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

922.     With respect to the allegations in Paragraph 922 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 922 of the Complaint above as if fully set forth herein.

923.     Denies the allegations in Paragraph 923 of the Complaint, except neither admits nor denies the allegations in Paragraph 923 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

924.     Denies the allegations in Paragraph 924 of the Complaint, and respectfully refers the Court to the GBM Policy for a true and accurate statement of its contents.

925.     Denies the allegations in Paragraph 925 of the Complaint, except neither admits nor denies the allegations in Paragraph 925 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

926.     Denies the allegations in Paragraph 926 of the Complaint, except neither admits nor denies the allegations in Paragraph 926 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

927.     Denies the allegations in Paragraph 927 of the Complaint, except neither admits nor denies the allegations in Paragraph 927 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required, and notes that pursuant to the parties' stipulation so ordered by the Court on September 30, 2019 (ECF 76), Plaintiff "shall not seek or recover in this action damages from Defendant with respect to any purported physical, emotional, and/or psychological injury, and/or any purported costs or expenses for medical, psychiatric, and/or psychological treatment or therapy."

928.     Denies the allegations in Paragraph 928 of the Complaint, except neither admits nor denies the allegations in Paragraph 928 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

929.     With respect to the allegations in Paragraph 929 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 929 of the Complaint above as if fully set forth herein.

930.     Denies the allegations in Paragraph 930 of the Complaint, except neither admits nor denies the allegations in Paragraph 930 of the Complaint which purport to state conclusions of law to which no response is required.

931.     Neither admits nor denies the allegations in Paragraph 931 of the Complaint which purport to state conclusions of law to which no response is required.

932.     Admits the allegations in Paragraph 932 of the Complaint.

933.     Admits the allegations in Paragraph 933 of the Complaint.

934.     Denies the allegations in Paragraph 934 of the Complaint.

935.     Denies the allegations in Paragraph 935 of the Complaint.

936.     Denies the allegations in Paragraph 936 of the Complaint, except neither admits nor denies the allegations in Paragraph 936 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required, and notes that pursuant to the parties' stipulation so ordered by the Court on September 30, 2019 (ECF 76), Plaintiff "shall not seek or recover in this action damages from Defendant with respect to any purported physical, emotional, and/or psychological injury, and/or any purported costs or expenses for medical, psychiatric, and/or psychological treatment or therapy."

937.     Denies the allegations in Paragraph 937 of the Complaint, except neither admits nor denies the allegations in Paragraph 937 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

938.     No response is required to the allegations in Paragraph 938 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

939.     No response is required to the allegations in Paragraph 939 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

940.     No response is required to the allegations in Paragraph 940 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

941.     No response is required to the allegations in Paragraph 941 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

942.     No response is required to the allegations in Paragraph 942 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

943.     No response is required to the allegations in Paragraph 943 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

944.     No response is required to the allegations in Paragraph 944 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

945.     No response is required to the allegations in Paragraph 945 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

946.     No response is required to the allegations in Paragraph 946 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

947.     No response is required to the allegations in Paragraph 947 of the Complaint because in its Decision and Order entered February 24, 2020 (ECF 94), the Court dismissed the fifth cause of action for state law promissory estoppel.

948.     With respect to the allegations in Paragraph 948 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 948 of the Complaint above as if fully set forth herein.

949.     Denies the allegations in Paragraph 949 of the Complaint, except neither admits nor denies the allegations in Paragraph 949 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

950.     Denies the allegations in Paragraph 950 of the Complaint, except neither admits nor denies the allegations in Paragraph 950 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

951.     Admits the allegations in Paragraph 951 of the Complaint.

952.     Admits the allegations in Paragraph 952 of the Complaint.

953.     Denies the allegations in Paragraph 953 of the Complaint, except admits that Mr. Feibleman completed the necessary academic requirements for his master's degree and paid full tuition for his enrollment at CJS.

954.     Denies the allegations in Paragraph 954 of the Complaint, except neither admits nor denies the allegations in Paragraph 954 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

955.     Denies the allegations in Paragraph 955 of the Complaint, except neither admits nor denies the allegations in Paragraph 955 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

956.     Denies the allegations in Paragraph 956 of the Complaint, except neither admits nor denies the allegations in Paragraph 956 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required, and notes that pursuant to

the parties' stipulation so ordered by the Court on September 30, 2019 (ECF 76), Plaintiff "shall not seek or recover in this action damages from Defendant with respect to any purported physical, emotional, and/or psychological injury, and/or any purported costs or expenses for medical, psychiatric, and/or psychological treatment or therapy."

957.     Denies the allegations in Paragraph 957 of the Complaint, except neither admits nor denies the allegations in Paragraph 957 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

958.     With respect to the allegations in Paragraph 958 of the Complaint, repeats and realleges its responses to Paragraphs 1 through 958 of the Complaint above as if fully set forth herein.

959.     Denies the allegations in Paragraph 959 of the Complaint, except neither admits nor denies the allegations in Paragraph 959 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

960.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 960 of the Complaint.

961.     Denies the allegations in Paragraph 961 of the Complaint, except neither admits nor denies the allegations in Paragraph 961 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

962.     Denies the allegations in Paragraph 962 of the Complaint, except neither admits nor denies the allegations in Paragraph 962 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required, and notes that pursuant to the parties' stipulation so ordered by the Court on September 30, 2019 (ECF 76), Plaintiff "shall not seek or recover in this action damages from Defendant with respect to any purported

physical, emotional, and/or psychological injury, and/or any purported costs or expenses for medical, psychiatric, and/or psychological treatment or therapy."

963.     Denies the allegations in Paragraph 963 of the Complaint, except admits that Mr. Feibleman was not granted his master's degree from CJS.

964.     Denies the allegations in Paragraph 964 of the Complaint, except neither admits nor denies the allegations in Paragraph 964 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

965.     Denies the allegations in Paragraph 965 of the Complaint, except neither admits nor denies the allegations in Paragraph 965 of the Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant raises the following affirmative and additional defenses, without assuming the burden of proof for any issues to which applicable law places the burden on Mr. Feibleman. Nothing stated herein is intended to be construed as an acknowledgement that any particular issues or subject matter is relevant to Mr. Feibleman's allegations. All defenses are pleaded in the alternative, and none constitutes an admission of liability or that Mr. Feibleman is entitled to relief on his claims.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant's actions were justified by legitimate, non-discriminatory reasons.

## THIRD AFFIRMATIVE DEFENSE

Defendant has proper policies and procedures in place to prevent and remedy claims of discrimination and actively enforces such policies and procedures.

## FOURTH AFFIRMATIVE DEFENSE

Defendant at all times acted in in accordance with its proper policies and procedures in place to prevent and remedy claims of discrimination.

## FIFTH AFFIRMATIVE DEFENSE

Defendant had reasonable grounds to believe its actions with respect to Mr. Feibleman were not in violation of any law, rule, regulation, or guidelines.

## SIXTH AFFIRMATIVE DEFENSE

Defendant acted in good faith at all times in its dealings with Mr. Feibleman and did not engage in willful, wanton, malicious, or reckless conduct so as to justify an award of punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

The sole proximate cause of any injury Mr. Feibleman may have experienced is due to his own conduct. Contemporaneous evidence in the form of Mr. Feibleman's own text messages

demonstrates that Mr. Feibleman was fully aware that Complainant was too intoxicated to consent to sexual activity on the night of October 4-5, 2016. In a message sent mere hours after he, by his own admission, engaged in sexual activity with Complainant, Mr. Feibleman admitted that Complainant was "too drunk for me to fuck her tonight." At all times during the Investigation, Mr. Feibleman knew that this dispositive contemporaneous evidence existed, but did not provide it—or an honest account of his own behavior—to investigators. Accordingly, all reputational or economic damages purportedly incurred by Plaintiff were the result of his own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The damages, if any, alleged were the result of causes other than the acts or omissions of Defendant, including the intervening or superseding acts of third parties beyond the control of Defendant.

## NINTH AFFIRMATIVE DEFENSE

If Mr. Feibleman suffered damages from the Defendant's alleged conduct, then said damages were caused by Mr. Feibleman's failure to take reasonable efforts to mitigate or avoid his damages and, therefore, Mr. Feibleman is not entitled to recovery from the Defendants.

## TENTH AFFIRMATIVE DEFENSE

Mr. Feibleman is not entitled to recover attorneys' fees or other costs or disbursements.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to amend and/or supplement this Answer and Affirmative and Other Defenses. Defendant asserts all defenses (affirmative or otherwise) that may be revealed during the course of discovery or other investigation.

Dated: August 27, 2020

Respectfully submitted,

By: _____

Roberta A. Kaplan
Gabrielle E. Tenzer
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com

Michele S. Hirshman
Darren W. Johnson
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1258 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
mhirshman@paulweiss.com
djohnson@paulweiss.com

*Attorneys for Defendant The Trustees of
Columbia University in the City of New York*